No. 23-50224

# In the United States Court of Appeals for the Fifth Circuit

LEILA GREEN LITTLE, JEANNE PURYEAR, KATHY KENNEDY, REBECCA JONES, RICHARD DAY, CYNTHIA WARING, AND DIANE MOSTER,

*Plaintiffs-Appellees,*

v.

LLANO COUNTY, RON CUNNINGHAM, IN HIS OFFICIAL CAPACITY AS LLANO COUNTY JUDGE, JERRY DON MOSS, IN HIS OFFICIAL CAPACITY AS LLANO COUNTY COMMISSIONER, PETER JONES, IN HIS OFFICIAL CAPACITY AS LLANO COUNTY COMMISSIONER, MIKE SANDOVAL, IN HIS OFFICIAL CAPACITY AS LLANO COUNTY COMMISSIONER, LINDA RASCHKE, IN HER OFFICIAL CAPACITY AS LLANO COUNTY COMMISSIONER, AMBER MILUM, IN HER OFFICIAL CAPACITY AS LLANO COUNTY LIBRARY SYSTEM DIRECTOR, BONNIE WALLACE, IN HER OFFICIAL CAPACITY AS LLANO COUNTY LIBRARY BOARD MEMBER, ROCHELLE WELLS, IN HER OFFICIAL CAPACITY AS LLANO COUNTY LIBRARY BOARD MEMBER, RHONDA SCHNEIDER, IN HER OFFICIAL CAPACITY AS LLANO COUNTY LIBRARY BOARD MEMBER, AND GAY BASKIN, IN HER OFFICIAL CAPACITY AS LLANO COUNTY LIBRARY BOARD MEMBER,

*Defendants-Appellants.*

Appeal from the United States District Court
for the Western District of Texas, Austin Division
1:22-cv-00424-RP

**APPELLEES' RESPONSE IN OPPOSITION TO APPELLANTS' MOTION TO EXPEDITE CONSIDERATION OF MOTION TO EXPEDITE APPEAL**

(Counsel Listed Inside Cover)

Katherine P. Chiarello
(TX Bar No. 24006994)
Ryan A. Botkin
(TX Bar No. 00793366)
María Amelia Calaf
(TX Bar No. 24081915)
Wittliff | Cutter PLLC
1209 Nueces Street
Austin, Texas 78701
Tel: 512-960-4730
Fax: 512-960-4869
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com

*Attorneys for Plaintiffs-Appellees*

Jonathan F. Mitchell
Texas Bar No. 24075463
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

Dwain K. Rogers
Texas Bar No. 00788311
County Attorney

Matthew L. Rienstra
Texas Bar No. 16908020
First Assistant County Attorney

Llano County Attorney's Office
Llano County Courthouse
801 Ford Street
Llano, Texas 78643
(325) 247-7733
dwain.rogers@co.llano.tx.us
matt.rienstra@co.llano.tx.us

*Attorneys for Defendants-Appellants*

Appellants ask this Court to expedite consideration of their motion to expedite their appeal but fail to provide the "good cause" required by this Court's Rules. Lacking any basis, this motion must be denied.

Because a party seeking expedited consideration of an appeal must provide a basis for that relief, that party must also provide a basis for expedited consideration of a motion for such expedited consideration. Fifth Circuit Rule 27.5 requires that: "Only the court may expedite an appeal and only for good cause." *See U.S. v. Cluck*, 190 F.3d 538, 538, 1999 WL 642875, at *1, Nos. 98-50440, 98-50682 (5th Cir. July 27, 1999) (per curiam) (denying motion to expedite appeal for lack of good cause shown); *U.S. v. Porter*, 68 F.3d 468, 468, 1995 WL 581640, at *6, No. 95-60163 (5th Cir. Aug. 30, 1995) (per curiam) (same; incarcerated person's desire to avoid potential overdetention did not satisfy good cause requirement). Fifth Circuit Rule 27.4 further requires that, "[w]here . . . the party has a serious need for the court to act within a specified time, the motion must state the time requirement and describe both the nature of the need and the facts that support it."

Appellants say nothing about the nature of their need to advance consideration of their underlying appeal with such speed—let alone consideration of the motion to expedite the motion to expedite the appeal. They state only that "they are requesting a briefing schedule that will allow oral argument to be heard in July of 2023." Appellants' Motion to Expedite Consideration of Motion to Expedite, Doc. 18, at 2. They do not explain what exigent circumstances would require them to be heard by that date or provide any facts that would compel such a compressed schedule. Appellants' motion indicates Appellants would prefer an oral argument in July 2023. But a mere desire to be heard on a specific date alone is not sufficient cause to force the parties through expedited briefing. If that were so, any party would have grounds to expedite its appeal to obtain a preferred hearing date.

There are no circumstances here that warrant expediting consideration of Appellants' motion to expedite their appeal. As Appellees' response to Appellants' motion to expedite their appeal will set forth more fully, Appellants cannot identify any harm to them from adhering to the District Court's preliminary injunction, which requires only that Appellants re-list for checkout in a county public library catalog the 17 books that they unjustifiably removed. Nor is there any other reason to move through this appeal with such speed. While Appellants' underlying motion to expedite consideration of their appeal alludes to potential mootness, Appellants' concern that they may ultimately be subject to a permanent (rather than preliminary) injunction was not raised on this motion nor is it sufficient good cause to expedite an appeal—particularly since a permanent injunction would also be subject to an appeal.

In any event, Appellees cannot respond to Appellants' motion to expedite, filed today, by this Friday, April 28. Appellees' counsel face significant time constraints from this case and other case commitments this week. In this case, certain Appellees' counsel must (1) prepare a response to Appellants' motion to stay the preliminary injunction in the District Court to be filed later today, Tuesday, April 25; and (2) prepare and appear for argument on six motions before the District Court to compel discovery from Appellants, which will take much of the day on Thursday, April 27. Appellees' additional counsel are also unavailable as they are preparing for and attending depositions in multiple matters for the remainder of the week. Preparing a fulsome response to Appellants' motion in three days with no available time to do so is not feasible.

Because Appellants fail to show good cause for their motion, and because no such good cause exists, Appellants' motion to expedite consideration of their motion to expedite their appeal should be denied.

Dated: April 25, 2023					Respectfully submitted,

/s/ *Katherine P. Chiarello*
Katherine P. Chiarello
(TX Bar No. 24006994)
María Amelia Calaf
(TX Bar No. 24081915)
Ryan A. Botkin
(TX Bar No. 00793366)
WITTLIFF | CUTTER PLLC
1209 Nueces Street
Austin, Texas 78701
Tel: 512-960-4730
Fax: 512-960-4869
katherine@wittliffcutter.com
mac@wittliffcutter.com
ryan@wittliffcutter.com

*Attorneys for Plaintiffs-Appellees*

# CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 657 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

*/s/ Katherine P. Chiarello*
Katherine P. Chiarello

## CERTIFICATE OF SERVICE

    I hereby certify that on this 25th day of April, 2023, I electronically submitted the foregoing to the Clerk of the Court of the United States Court of Appeals for the Fifth Circuit using the Court's ECF system, which sent a Notice of Electronic Filing to the attorneys of record.

                                              */s/ Katherine P. Chiarello*
                                              Katherine P. Chiarello