No. 23-50224

# In the United States Court of Appeals for the Fifth Circuit

---

Leila Green Little; Jeanne Puryear; Kathy Kennedy; Rebecca Jones; Richard Day; Cynthia Waring; Diane Moster,

*Plaintiffs-Appellees*,

v.

Llano County; Ron Cunningham, in his official capacity as Llano County Judge; Jerry Don Moss, in his official capacity as Llano County Commissioner; Peter Jones, in his official capacity as Llano County Commissioner; Mike Sandoval, in his official capacity as Llano County Commissioner; Linda Raschke, in her official capacity as Llano County Commissioner; Amber Milum, in her official capacity as Llano County Library System Director; Bonnie Wallace, in her official capacity as Llano County Library Board Member; Rochelle Wells, in her official capacity as Llano County Library Board Member; Rhoda Schneider, in her official capacty as Llano County Library Board Member; Gay Baskin, in her official capacity as Llano County Library Board Member,

*Defendants-Appellants.*

---

On Appeal from the United States District Court
for the Western District of Texas
Case No. 1:22-cv-424-RP

---

### Reply Brief In Support Of Motion To Expedite Consideration Of Motion To Expedite Appeal

---

Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

*Counsel for Defendants-Appellants*

The appellants have explained both their reasons for requesting an expedited appeal and their reasons for seeking expedited consideration of that request. The district court waited until March 30, 2023, to grant the preliminary injunction—five months after the two-day hearing on the motion for preliminary injunction, and only six and a half months before the scheduled trial date of October 16, 2023. The timing of the district court's ruling makes it difficult, if not impossible, for this Court to resolve the appeal before the district court enters final judgment unless the appeal is expedited. And it will waste this Court's resources (as well as the parties' time) to conduct briefing and oral argument on a schedule that enables the district court to moot the appeal before this Court can rule. *See* Mot. to Expedite Appeal, ECF No. 14-1, at 18.

The appellants also seek a ruling from this Court before the October trial date because the district court is insisting that the First Amendment prohibits content- or viewpoint-based weeding decisions[1]—an untenable stance that contradicts the precedent of this Court[2] as well as library weeding manuals, which instruct librarians to weed books with misleading, superseded, or trivial content, or that contain

---

1. *See* Order, ECF No. 133, at 17 (App. 511) ("[T]he First Amendment prohibits the removal of books from libraries based on either viewpoint or content discrimination.");
2. *See Chiras v. Miller*, 432 F.3d 606, 614 (5th Cir. 2005) ("'Public library staffs necessarily consider content in making collection decisions and enjoy broad discretion in making them.'" (emphasis added) (quoting United States v. American Library Ass'n Inc., 539 U.S. 194, 205 (2003) (plurality opinion of Rehnquist, C.J.))).

biased, racist, or sexist views.[3] If this Court does not expedite the appeal, the case will proceed to trial over whether the defendants are guilty of "content discrimination" or "viewpoint discrimination," even though content and viewpoint discrimination are both permissible and inevitable when libraries weed books to create room for new and better materials. *See* Mot. to Expedite Appeal, ECF No. 14-1, at 10–12. It will waste both judicial resources and the parties' resources to have the case tried on this demonstrably false premise.

The appellants also explained their reasons for requesting expedited briefing on their motion to expedite the appeal: Providing a 10-day window for the appellees to respond to the motion to expedite the appeal will aggravate the time crunch by needlessly delaying resolution of the motion and the issuance of a briefing schedule. *See* Mot. to Expedite Consideration of Motion to Expedite Appeal, ECF No. 18, at 1. That some of this explanation was provided in the underlying motion to expedite the appeal, rather than in the motion to expedite consideration of that motion, does not mean that the appellants failed to "provide a basis for expedited consideration" of their motion to expedite the appeal. *See* Appellees' Response, ECF No. 26, at 2 (falsely asserting that the appellants "say nothing about the nature of their need to advance consideration of their underlying appeal with such speed—let alone consideration of the motion to expedite the motion to expedite the appeal.").

---

3.  CREW Manual, ECF No. 117-2 (App. 381–488).

The appellees question the need to expedite the appeal,[4] but that is irrelevant to whether this Court should expedite consideration of the motion to expedite appeal. The only argument that the appellees present against expediting the motion is their claim that they "cannot respond to Appellants' motion to expedite . . . by this Friday, April 28." Appellees' Response, ECF No. 26, at 3. That is not credible. The appellants' motion to expedite the appeal is barely one page long,[5] and its argument is simple and straightforward. A "fulsome response"[6] is not required, and any competent lawyer could write and file a response to this motion in less than an hour. In addition, the plaintiffs have no fewer than ten attorneys from two different law firms (BraunHagey and Witliff Cutter) who have entered appearances in the district court, and an attorney from BraunHagey was just admitted *pro hac vice* two days ago. The appellees do not claim that all ten attorneys will be participating in the hearing on Thursday, April 27, 2023, nor do they claim that every member of their 10-person trial team is so preoccupied with other responsibilities between now and Friday that they cannot spare time to respond to a one-page motion. The proposed deadline of Friday, April 28 is generous, as it gives the appellees four working days to respond to a one-page motion (the motion to expedite the appeal was filed short-

---

4. *See* Appellees' Response, ECF No. 26, at 4 ("Appellants' concern that they may ultimately be subject to a permanent (rather than preliminary) injunction was not raised on this motion nor is it sufficient good cause to expedite an appeal").
5. *See* Mot. to Expedite Appeal, ECF No. 14-1, at 18.
6. Appellees' Response, ECF No. 26, at 3.

ly after midnight on Tuesday, April 25), and it enables this Court to rule quickly if it decides to expedite the appeal.

## Conclusion

The motion to expedite consideration of the appellants' motion to expedite the appeal should be granted, and the Court should instruct the appellees to respond to the motion to expedite the appeal by close of business on Friday, April 28, 2023.

Respectfully submitted.

 /s/ Jonathan F. Mitchell 
Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

Dated: April 26, 2023  *Counsel for Defendants-Appellants*

4

**CERTIFICATE OF SERVICE**

I certify that on April 26, 2023, this document was electronically filed with the clerk of the court for the U.S. Court of Appeals for the Fifth Circuit and served through CM/ECF upon:

ELLEN V. LEONIDA
MATTHEW BORDEN
J. NOAH HAGEY
MAX BERNSTEIN
ELLIS E. HERINGTON
BraunHagey & Borden LLP
351 California Street, 10th Floor
San Francisco, CA 94104
(415) 599-0210
leonida@braunhagey.com
borden@braunhagey.com
hagey@braunhagey.com
bernstein@braunhagey.com
herington@braunhagey.com

RYAN A. BOTKIN
KATHERINE P. CHIARELLO
MARÍA AMELIA CALAF
Wittliff | Cutter PLLC
1209 Nueces Street
Austin, Texas 78701
(512) 960-4730 (phone)
(512) 960-4869 (fax)
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com

*Counsel for Plaintiffs-Appellees*

                                                /s/ Jonathan F. Mitchell
                                                JONATHAN F. MITCHELL
                                                *Counsel for Defendants-Appellants*

## Certificate of Compliance

with type-volume limitation, typeface requirements,
and type-style requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 890 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E), 32(a)(5), and Fed. R. App. P. 32(a)(6) because it uses Equity Text B 14-point type face throughout, and Equity Text B is a proportionally spaced typeface that includes serifs.

Dated: April 26, 2023

/s/ Jonathan F. Mitchell
Jonathan F. Mitchell
*Counsel for Defendants-Appellants*

## Certificate of Electronic Compliance

Counsel also certifies that on April 26, 2023, this brief was transmitted to Mr. Lyle W. Cayce, Clerk of the United States Court of Appeals for the Fifth Circuit, through http://www.pacer.gov.

Counsel further certifies that: (1) required privacy redactions have been made, 5th Cir. R. 25.2.13; (2) the electronic submission is an exact copy of the paper document, 5th Cir. R. 25.2.1; and (3) the document has been scanned with the most recent version of VirusTotal and is free of viruses.

 /s/ Jonathan F. Mitchell
Jonathan F. Mitchell
*Counsel for Defendants-Appellants*
