No. 23-50224

# In the United States Court of Appeals for the Fifth Circuit

---

Leila Green Little; Jeanne Puryear; Kathy Kennedy; Rebecca Jones; Richard Day; Cynthia Waring; Diane Moster,

*Plaintiffs-Appellees*,

v.

Llano County; Ron Cunningham, in his official capacity as Llano County Judge; Jerry Don Moss, in his official capacity as Llano County Commissioner; Peter Jones, in his official capacity as Llano County Commissioner; Mike Sandoval, in his official capacity as Llano County Commissioner; Linda Raschke, in her official capacity as Llano County Commissioner; Amber Milum, in her official capacity as Llano County Library System Director; Bonnie Wallace, in her official capacity as Llano County Library Board Member; Rochelle Wells, in her official capacity as Llano County Library Board Member; Rhoda Schneider, in her official capacty as Llano County Library Board Member; Gay Baskin, in her official capacity as Llano County Library Board Member,

*Defendants-Appellants*.

---

On Appeal from the United States District Court
for the Western District of Texas
Case No. 1:22-cv-424-RP

---

**Reply Brief In Support Of Motion For Stay Pending Appeal And Motion To Expedite Appeal**

---

Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

*Counsel for Defendants-Appellants*

# Table Of Contents

Table of contents ................................................................................................. i

Table of authorities ............................................................................................ ii

    I. The defendants will likely succeed on appeal ..................................... 1

        A. The defendants were not violating the plaintiffs' First Amendment rights because the disputed books remained available to them at Llano Library ..................................................................................... 1

        B. Content and viewpoint discrimination are permissible and inevitable when weeding books ............................................................. 2

        C. The plaintiffs failed to make a "clear showing" that Amber Milum weeded the 17 books because she disapproved of their content or viewpoints ................................................................................................ 4

        D. The district court's injunction is overbroad .............................................. 7

    II. The defendants will suffer irreparable harm absent a stay ............................. 8

    III. The balance of equities and public interest favor a stay ................................. 8

    IV. The motion for stay pending appeal is procedurally proper .......................... 9

    V. The Court should expedite appeal .................................................................. 9

Conclusion .......................................................................................................... 10

Certificate of service .......................................................................................... 11

Certificate of compliance .................................................................................. 12

Certificate of electronic compliance ................................................................. 13

## Table of Authorities

**Cases**

*Barber v. Bryant*, 860 F.3d 345 (5th Cir. 2017) .......................................................... 4

*Board of Education v. Pico*, 457 U.S. 853 (1982) ..................................................... 3, 4

*Califano* v. *Yamasaki*, 442 U. S. 682 (1979) ............................................................... 7

*Campbell v. St. Tammany Parish School Board*,
   64 F.3d 184 (5th Cir. 1995) ................................................................................... 3

*Chiras v. Miller*, 432 F.3d 606 (5th Cir. 2005) ........................................................... 2

*United States v. American Library Ass'n Inc.*, 539 U.S. 194 (2003) ......................... 2, 3

**Rules**

Fed. R. App. P. 8(a)(2)(A)(ii) .......................................................................................... 9

Nothing in the plaintiffs' response undermines the propriety of a stay or expedited appeal.

## I. The Defendants Will Likely Succeed On Appeal

The preliminary-injunction order is unlikely to survive appeal for four reasons. The plaintiffs have not refuted any of them.

### A. The Defendants Were Not Violating The Plaintiffs' First Amendment Rights Because The Disputed Books Remained Available To Them At Llano Library

The plaintiffs have no answer to the fact that the 17 disputed books remained available for them through Llano Library's in-house checkout system—and they do not explain how the defendants can violate their First Amendment rights by offering those books through an in-house checkout system of which each of the plaintiffs is aware.[1]

The plaintiffs complain that the absence of these books from the catalog leaves them with "no reliable way of knowing" their availability, which forces them to "repeatedly visit the library" to check on their status. *See* Response at 26. That is false; the plaintiffs can call the library to ask about the availability of an in-house book, and they can reserve a book over the phone to ensure that no one checks it out before they arrive. *See* Supplemental Milum Decl., ¶ 11 (attached as Ex. 3). A burden of that sort does not violate the plaintiffs' "right to access and receive information." In all events, the plaintiffs presented *no* evidence to the district court of

---

1. *See* Stipulation, ECF No. 126, at ¶¶ 3–7 (App. 491–493).

*any* burden from the in-house checkout system, and they cannot salvage the district court's ruling by attempting to concoct a burden for the first time on appeal.

Equally false is the plaintiffs' claim that the district court "found" that the in-house library system was "intended to obstruct Plaintiffs' exercise of their fundamental right to access information." Response at 26. There is nothing in the district court's opinion that says that, and the district court did not explain how the *plaintiffs'* First Amendment rights were being violated when each of the disputed books remained available to them at Llano Library.

### B. Content And Viewpoint Discrimination Are Permissible And Inevitable When Weeding Books

The plaintiffs and the district court claim that the First Amendment prohibits content and viewpoint discrimination in public-library weeding decisions.[2] This stance is unlikely to survive appeal, as it contradicts the precedent of this Court and imposes intolerable burdens on librarians, who *must* occasionally weed books for content or viewpoint reasons.

This Court has held that "'[p]ublic library staffs *necessarily consider content* in making collection decisions and *enjoy broad discretion* in making them.'" *Chiras v. Miller*, 432 F.3d 606, 614 (5th Cir. 2005) (emphasis added) (quoting *United States v. American Library Ass'n Inc.*, 539 U.S. 194, 205 (2003) (plurality op.)). It has also recognized that "forum analysis and heightened judicial scrutiny are . . . incompati-

---

2. At times, the plaintiffs and the district court have hedged their stance by recognizing an allowance for content-based weeding decisions that can survive "strict scrutiny." Either way, their position is untenable and unlikely to survive appellate review.

ble with the discretion that public libraries must have to fulfill their traditional missions.'" *Id.* (quoting *American Library*, 539 U.S. at 205 (plurality op.)). The district court's stance is incompatible with these principles. The plaintiffs defend the district court by citing cases that disapprove of content and viewpoint discrimination when the government restricts or regulates speech,[3] but weeding a library book does not restrict or regulate speech; it merely determines the optimal allocation of a library's limited shelf space.

The plaintiffs tout *Board of Education v. Pico*, 457 U.S. 853 (1982), and *Campbell v. St. Tammany Parish School Board*, 64 F.3d 184 (5th Cir. 1995), but each of those cases recognizes the propriety of content-based weeding,[4] and the plurality opinion in *Pico* is not binding in any event.[5] They try to get around *Chiras* by claiming that it applies only to *acquisition* (not removal) decisions at *school* libraries, but nothing in the quoted passages from *Chiras* support these distinctions. It is also nonsensical to give public libraries "broad discretion" when acquiring new books while forbidding them to consider content or viewpoints when weeding. Library shelf space is limited, and older books *must* be weeded so that new materials can be added. A library must determine whether the content of the new material is superior to the content being replaced.

---

3.   *See* Response at 22.
4.   *See* Mot. for Stay, ECF No. 14-1, at 10–11.
5.   The plaintiffs repeatedly misrepresent Justice Brennan's plurality opinion in *Pico* by citing it as if it were a majority opinion. *See* Response at 23–25.

Finally, the plaintiffs do not (and cannot) deny that library-weeding manuals *compel* librarians to engage in content and viewpoint discrimination when weeding books. *See, e.g.*, Mot. for Stay, ECF No. 14-1, at 12; CREW Manual, ECF No. 117-2 (App. 381–488); *id.* at at 19 (App. 400) (listing "poor *content*" as grounds for weeding, including "[m]aterial that contains biased, racist, or sexist terminology *or views*" (emphasis added)). Libraries may establish standards for the material on their shelves, and there is nothing problematic (or unconstitutional) with weeding books that deny the Holocaust, declare that the earth is flat, or peddle crackpot or discredited conspiracy theories. Nor is there anything wrong with the content-based weeding of "pervasively vulgar" books, or material that lacks "educational suitability." *Pico*, 457 U.S. at 871 (1982) (plurality op.).

### C. The Plaintiffs Failed To Make A "Clear Showing" That Amber Milum Weeded The 17 Books Because She Disapproved Of Their Content Or Viewpoints

Even if one were to imagine that the First Amendment prohibits librarians from weeding books over content or viewpoints, the plaintiffs needed to make a "clear showing"[6] that Amber Milum engaged in content or viewpoint discrimination. The plaintiffs' evidence comes nowhere close to satisfying this demanding standard.

Milum insists that she alone made the decisions to weed the 17 disputed books,[7] and that her decisions to weed those books had nothing to do with their content or

---

6. *See Barber v. Bryant*, 860 F.3d 345, 352 (5th Cir. 2017) ("[A] preliminary injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to such relief" (emphasis added) (citation and internal quotation marks omitted)).
7. *See* Mot. for Stay, ECF No. 14-1, at 4 & n.5; *see also* Hr'g Tr. Vol. 1 at 130:19–131:3 ("Q. Were any of your ultimate decisions to weed any book from the li-

4

viewpoints.[8] The plaintiffs have no evidence that Milum is lying in her testimony or declarations. Their claim that "Moss and Cunningham directed Milum to permanently remove"[9] the butt and fart books is false and misrepresents the testimony. Judge Cunningham asked Amber to *temporarily* pull the butt and fart books (and all books containing nudity) for the purpose of *reviewing* whether they should remain in the library's collection. *See* Supp. Cunningham Decl., at ¶¶ 4–6 (attached as Ex. 1). Cunningham never directed Milum to "permanently remove," *i.e.*, "weed," *any* book in the county's library system; those decisions were left entirely to Milum in her capacity as library director. *See id.* at ¶¶ 4–8. Commissioner Moss also denied asking Milum to move or remove any book from the library, either on a temporary or permanent basis. *See* Moss Decl., at ¶¶ 4–7 (attached as Ex. 2).

The plaintiffs are deliberately conflating the decision to temporarily pull the books for review with the decision to permanently "weed" the books from the shelves and catalog. The plaintiffs' court filings (and courtroom questioning) use the verb "remove" without indicating whether it refers to the *temporary* "removal" of the hundreds of books that were placed on a cart for Milum to review—the vast

---

brary shelves influenced in any way by any of the defendants in this case? A. No. Q. Were any of your ultimate decisions to weed any book from the library shelves influenced in any way by anyone on the commissioners' court? A. No. Q. Were they influenced by anyone on the library advisory board? A. No.");

8. *See* Mot. for Stay, ECF No. 14-1, at 13. Milum didn't even read the books before weeding them. *See* Third Milum Decl., ECF No. 100-5, at ¶ 38 ("I did not read any of those books before weeding them, and I am not even aware of the 'viewpoints' or 'positions' (if any) that might be expressed in any of those books.").
9. *See* Response at 11.

5

majority of which were returned to the library shelves, and all of which remained available for checkout while Ms. Milum conducted her review[10]—or the *permanent* "removal" that occurred when Ms. Milum decided to weed the 17 books at issue in this lawsuit. Yet there is nothing unconstitutional about taking a library book off a shelf to *review* whether it should be weeded, especially when the book remains available for checkout during the review process.[11] So the motivations behind the requests that Ms. Milum *examine* the books that were temporarily pulled are irrelevant.

The plaintiffs' claim that defendants "Wallace, Wells, Baskin, and Schneider advocated for the book removal"[12] proves nothing because Milum alone made the decision to weed the 17 disputed books. Their insinuation that Cunningham and Moss "directed" Milum to weed (i.e., *permanently* remove) the books is patently false. *See supra* at 5–6. And their claim that Milum "pulled" books "that Wallace, Wells, or the Commissioners identified as 'inappropriate'"[13] is misleading. Milum's decision to pull those books for review (*i.e.*, to *temporarily* remove the book) was because Judge Cunningham asked her to review books containing nudity, but her decision to weed the books (*i.e.*, to *permanently* remove them) was *solely* because Milum determined they met the criteria for weeding. *See* Supp. Milum Decl., ¶ 10 (attached as Ex. 3).

---

10. *See* Hr'g Tr. Vol. 1 at 30 ("[W]hile they were on the cart in Amber's office, were they available to be checked out? A. Yes. We just had to ask for them.").
11. *See* note 10, *supra*.
12. Response at 10.
13. Response at 20.

6

### D.     The District Court's Injunction Is Overbroad

An injunction may not extend beyond the relief necessary to redress the plaintiffs' injuries. *See Califano* v. *Yamasaki*, 442 U. S. 682, 702 (1979) ("[I]njunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs"). The injunction is overbroad because it: (1) Orders the defendants to return *every* book that has *ever* been removed for content or viewpoint reasons, in addition to the 17 disputed books;[14] and (2) Bans the removal of *any* book from the catalog for *any* reason. *See* Order, ECF No. 133, at 25–26 (App. 519–520).

The plaintiffs deny that the injunction requires the return of anything other than the 17 books that they sued over. *See* Response at 16, 30. That is false; the order clearly and unmistakably requires the return of *every* book that has *ever* been removed for viewpoint or content, in addition to the 17 disputed books:

> Within twenty-four hours of the issuance of this Order, Defendants shall return *all print books that were removed because of their viewpoint or content, including* the [17 books that the plaintiffs sued over], to the Llano County Libraries

Order, ECF No. 133, at 25 (App. 519) (emphasis added). The plaintiffs do not try to square their interpretation with the language of the injunction, and they do not defend the scope of the injunction as written.

---

14. The plaintiffs falsely accuse us of "argu[ing] that the Injunction requires them to return every library book weeded since the libraries opened." Response at 16. The injunction requires *only* the return of previously weeded books that were removed "because of their viewpoint or content." Order, ECF No. 133, at 25 (App. 519).

The plaintiffs also make no effort to defend paragraph 3 of the injunction, which enjoins the defendants "from removing *any* books from the Llano County Library Service's catalog for *any* reason." Order, ECF No. 133, at 26 (App. 520) The plaintiffs have no standing to seek an injunction of that scope, and they did not request this relief. That alone shows that the order is unlikely to survive appeal.

## II. The Defendants Will Suffer Irreparable Harm Absent A Stay

A public library cannot function if its librarians can be sued whenever they weed a book because of content or viewpoint. Nor is it possible to comply with an injunction that requires the return *every* book that has *ever* been weeded for content or viewpoint reasons, as there is no way to determine the reasons behind every previous weeding decision and previously weeded books are no longer in the defendants' possession. Categorically banning the county's libraries from removing *any* books from the catalog for *any* reason also inflicts irreparable harm, as the library cannot weed damaged books or other books that are patently appropriate for weeding, and the county cannot recover damages for these harms after trial.

## III. The Balance Of Equities And Public Interest Favor A Stay

The plaintiffs' analysis assumes that the defendants are violating their First Amendment rights,[15] and if true that would counsel against a stay. But the defendants are not violating the plaintiffs' First Amendment rights by allowing them to ac-

---

15. *See* Response at 28–29.

cess the disputed books through the in-house system, so there is no harm to the plaintiffs or the public interest from a stay pending appeal.

## IV. The Motion For Stay Pending Appeal Is Procedurally Proper

It is common for district courts to quickly deny requests for stays pending appeal to allow appellants to seek relief from the court of appeals. Yet the defendants filed their motion with the district court on April 11 and are still awaiting decision despite their request to expedite consideration. Rule 8, however, does not require this Court to wait for the district court's ruling; it can weigh in if the district court "denied the motion *or failed to afford the relief requested*," Fed. R. App. P. 8(a)(2)(A)(ii), and the district court has "failed to afford the relief requested" by refusing to act in response to the defendants' request for an expedited ruling.

The plaintiffs' claim that we failed to present our arguments and evidence to the district court is false. We have attached our district-court motion to stay as Exhibit 4, and it incorporates the arguments that we are presenting to this Court.

## V. The Court Should Expedite Appeal

The case is scheduled for trial on October 16, 2023, and it will be tried on a demonstrably false premise: That the First Amendment prohibits public librarians from engaging in "content discrimination" or "viewpoint discrimination" when weeding books. Taxpayer money will be spent litigating Amber Milum's subjective motivations for weeding the 17 disputed books—money that the county is unable to recover even if it succeeds in the litigation. *See* Supplemental Cunningham Decl., ¶ 10–11. Yet the district court's delay in ruling on the preliminary injunction makes

it difficult for this Court to resolve the appeal on a normal schedule without running the risk of mootness if the district court enters final judgment. The Court should grant expedited consideration to ensure that it can rule before the appeal becomes moot, which is more than enough to satisfy the "good cause" standard of Fifth Circuit Rule 27.5.

## Conclusion

The motion for stay pending appeal should be granted. The Court should expedite the appeal and hold oral argument at the earliest possible opportunity.

Respectfully submitted.

/s/ Jonathan F. Mitchell
Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

Dated: May 2, 2023                    *Counsel for Defendants-Appellants*

## Certificate Of Service

I certify that on May 2, 2023, this document was electronically filed with the clerk of the court for the U.S. Court of Appeals for the Fifth Circuit and served through CM/ECF upon:

Ellen V. Leonida
Matthew Borden
J. Noah Hagey
Max Bernstein
Ellis E. Herington
BraunHagey & Borden LLP
351 California Street, 10th Floor
San Francisco, CA 94104
(415) 599-0210
leonida@braunhagey.com
borden@braunhagey.com
hagey@braunhagey.com
bernstein@braunhagey.com
herington@braunhagey.com

Ryan A. Botkin
Katherine P. Chiarello
María Amelia Calaf
Wittliff | Cutter PLLC
1209 Nueces Street
Austin, Texas 78701
(512) 960-4730 (phone)
(512) 960-4869 (fax)
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com

*Counsel for Plaintiffs-Appellees*

  /s/ Jonathan F. Mitchell
Jonathan F. Mitchell
*Counsel for Defendants-Appellants*

## Certificate of Compliance

with type-volume limitation, typeface requirements,
and type-style requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 2,582 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E), 32(a)(5), and Fed. R. App. P. 32(a)(6) because it uses Equity Text B 14-point type face throughout, and Equity Text B is a proportionally spaced typeface that includes serifs.

Dated: May 2, 2023

/s/ Jonathan F. Mitchell
Jonathan F. Mitchell
*Counsel for Defendants-Appellants*

## Certificate of Electronic Compliance

Counsel also certifies that on May 2, 2023, this brief was transmitted to Mr. Lyle W. Cayce, Clerk of the United States Court of Appeals for the Fifth Circuit, through http://www.pacer.gov.

Counsel further certifies that: (1) required privacy redactions have been made, 5th Cir. R. 25.2.13; (2) the electronic submission is an exact copy of the paper document, 5th Cir. R. 25.2.1; and (3) the document has been scanned with the most recent version of VirusTotal and is free of viruses.

 /s/ Jonathan F. Mitchell
Jonathan F. Mitchell
*Counsel for Defendants-Appellants*
