# Exhibit 1

**(Order of Motions Panel Granting Motion to Expedite Appeal)**

# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

May 05, 2023

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

      No. 23-50224   Little v. Llano County
                 USDC No. 1:22-CV-424

Enclosed is an order entered in this case.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Mary Frances Yeager, Deputy Clerk
504-310-7686

Ms. Marissa Benavides
Mr. Max Bernstein
Mr. Ryan A. Botkin
Ms. Maria Amelia Calaf
Ms. Katherine Patrice Chiarello
Mr. Philip Devlin
Ms. Ellen Valentik Leonida
Mr. Jonathan F. Mitchell

P.S.  A new expedited briefing schedule will issue under separate
cover.

# United States Court of Appeals for the Fifth Circuit

No. 23-50224

Leila Green Little; Jeanne Puryear; Kathy Kennedy; Rebecca Jones; Richard Day; Cynthia Waring; Diane Moster,

*Plaintiffs—Appellees*,

*versus*

Llano County; Ron Cunningham, *in his official capacity as Llano County Judge*; Jerry Don Moss, *in his official capacity as Llano County Commissioner*; Peter Jones, *in his official capacity as Llano County Commissioner*; Mike Sandoval, *in his official capacity as Llano County Commissioner*; Linda Raschke, *in her official capacity as Llano County Commissioner*; Amber Milum, *in her official capacity as Llano County Library System Director*; Bonnie Wallace, *in her official capacity as Llano County Library Board Member*; Rochelle Wells, *in her official capacity as Llano County Library Board Member*; Rhoda Schneider, *in her official capacity as Llano County Library Board Member*; Gay Baskin, *in her official capacity as Llano County Library Board Member*,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:22-CV-424

<u>UNPUBLISHED ORDER</u>

Before HAYNES, ENGELHARDT, and OLDHAM, *Circuit Judges*.

PER CURIAM:

IT IS ORDERED that Appellants' Opposed Motion to expedite appeal is GRANTED. The appeal is EXPEDITED to the next available Oral Argument Calendar.

IT IS FURTHER ORDERED that Appellants' Opposed Motion to stay the preliminary injunction pending appeal is CARRIED WITH THE CASE.

# Exhibit 2
## (Declaration of Ron Cunningham)

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | |
|---|---|
| **Leila Green Little**, et al.,<br><br>               Plaintiffs-Appellees,<br><br>v.<br><br>**Llano County**, et al.,<br><br>               Defendants-Appellants. | Case No. 23-50224 |

### DECLARATION OF RON CUNNINGHAM

1. My name is Ron Cunningham. I am over the age of 18 and fully competent in all respects to make this declaration.

2. I have personal knowledge of the facts stated in this declaration, and all of these facts are true and correct.

3. I am a named defendant and appellant in this litigation, and I submit this declaration in support of the defendants-appellants' motion to stay the district-court proceedings pending appeal.

4. Llano County has already spent more than $150,000 in attorneys' fees and expenses defending this action, and this is before the close of discovery.

5. If the Fifth Circuit does not stay the district-court proceedings pending appeal, the county will incur even greater costs. Our attorneys will have to depose each of the plaintiffs' two experts, litigate the admissibility of expert testimony, litigate the motions for summary judgment, and prepare for trial which is currently set for October 16, 2023.

6. The plaintiffs and their attorneys have done everything possible to run up the county's legal bills and maximize the costs of defending this litigation, apparently in the hope that we will capitulate and return the 17 disputed books to the shelves rather

continue paying for litigation. The County will not back down because we are confident in our legal position and we know that our library director acted lawfully and appropriately in her weeding decisions.

This concludes my sworn statement. I declare under penalty of perjury that the foregoing is true and correct.

Dated: 5/9/2023

DocuSigned by:

*Ron Cunningham*

19A091CC191246F...

RON CUNNINGHAM

# Exhibit 3

**(Declaration of Jonathan F. Mitchell)**

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

|  |  |
|---|---|
| **Leila Green Little**, et al., | |
| Plaintiffs-Appellees, | |
| v. | Case No. 23-50224 |
| **Llano County**, et al., | |
| Defendants-Appellants. | |

## DECLARATION OF JONATHAN F. MITCHELL

1.  My name is Jonathan F. Mitchell. I am over the age of 18 and fully competent in all respects to make this declaration.

2.  I have personal knowledge of the facts stated in this declaration, and all of these facts are true and correct.

3.  I represent the defendants-appellants in this litigation, and I submit this declaration in support of the defendants-appellants' motion to stay the district-court proceedings pending appeal.

4.  The plaintiffs have imposed extensive discovery demands on the defendants from the outset of this litigation. They have demanded that we produce e-mails from every conceivable e-mail account, including the personal e-mail accounts of former librarians that the defendants do not have passwords for, and insisted that every e-mail be produced in its native format rather as a PDF. The plaintiffs' demands for native-format e-mails overwhelmed the resources of Llano County, which does not have a full-time IT person on staff, and my clients are still struggling to respond to the plaintiffs' e-mail demands.

5.  After filing their complaint, the plaintiffs demanded expedited discovery and deposed defendants Amber Milum, Jerry Don Moss, Bonnie Wallace, and Rochelle

Wells. Authentic copies of those notices of deposition are attached as Exhibit 7 to this complaint.

6. On March 1, 2023, shortly before the close of fact discovery on March 31, 2023, the plaintiffs scheduled 19 depositions during the last two weeks of discovery. Authentic copies of the notices and subpoenas are attached as Exhibit 8 to this motion.

7. On April 27, 2023, Judge Pitman entered a text order extending the fact discovery deadline from March 31, 2023, to May 19, 2023. An authentic copy of that text order is attached as Exhibit 4 to this motion.

8. Although my law office is in Austin, Texas, I reside on the west coast. To minimize travel burdens and costs to my clients, I asked plaintiffs' counsel to make their expert witnesses available for depositions on consecutive days so that I could fly directly from Cleveland to Austin and conduct both depositions in a single trip. The plaintiffs refused to accommodate this request. Authentic copies of my e-mail exchanges with plaintiffs' counsel concerning this issue are attached as Exhibit 5 to this motion.

9. I also asked plaintiffs' counsel to reschedule the deposition of our expert Peter Wood, which was initially scheduled for May 8, 2023, in New York, to May 17 or May 18. We made this request because we were planning to seek a stay of discovery and were hoping to obtain a ruling on that request before Dr. Wood's deposition, which could obviate the need for the deposition as well as a cross-country round-trip flights. The plaintiffs flatly refused to reschedule the deposition of Dr. Wood, even though we offered to pay any non-refundable costs that the plaintiffs might have incurred when preparing for Dr. Wood's deposition. Authentic copies of my e-mail exchanges with plaintiffs' counsel concerning this issue are attached as Exhibit 6 to this motion.

10.   I work as a solo practitioner and am handling all brief-writing and oral-argument responsibilities in this Court, as well as all of the motions practice and expert discovery in the district-court proceedings.

11.   It currently appears that I will be deposing plaintiffs' expert Belinda Boon on May 19, 2023, in Ohio, and I will depose plaintiffs' expert David Lankes during the week of May 22, 2023, although I have not yet subpoenaed either of those witnesses for their depositions. If the Court rules on our motion to stay the district-court proceedings by May 17, 2023, then I will know whether I can cancel those expert depositions and avoid imposing additional costs on my clients.

12.   Although the clerk's office has not yet issued a briefing order for the expedited appeal, it would be helpful to know by May 17, 2023, whether this Court intends to stay the district-court proceedings so that I can plan my schedule and allocate the needed time to prepare our brief in the expedited appeal.

This concludes my sworn statement. I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 9, 2023

_Jonathan F. Mitchell_

JONATHAN F. MITCHELL

# Exhibit 4

**(Text Order From Judge Pitman
Extending Deadline for Fact Discovery)**

**From:** TXW_USDC_Notice@txwd.uscourts.gov
**Subject:** Activity in Case 1:22-cv-00424-RP Little et al v. Llano County et al Order on Motion to Extend Scheduling Order Deadlines
**Date:** April 27, 2023 at 1:20 PM
**To:** cmecf_notices@txwd.uscourts.gov



<span style="color:red">**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**</span>

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court [LIVE]**

**Western District of Texas**

**Notice of Electronic Filing**

The following transaction was entered on 4/27/2023 at 3:18 PM CDT and filed on 4/27/2023

| | |
|---|---|
| **Case Name:** | Little et al v. Llano County et al |
| **Case Number:** | 1:22-cv-00424-RP |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**Text Order GRANTING [136] Motion to Extend Scheduling Order Deadlines entered by Judge Robert Pitman. Having reviewed Plaintiffs' motion, (Dkt. 136), and the parties' briefing, the Court finds that Plaintiffs have demonstrated good cause to modify the discovery deadline in this case. Accordingly, IT IS ORDERED that the discovery deadline in this case is extended to May 19, 2023. The parties shall complete all fact discovery on or before May 19, 2023. (This is a text-only entry generated by the court. There is no document associated with this entry.) (lolc)**

**1:22-cv-00424-RP Notice has been electronically mailed to:**

Dwain K. Rogers , Jr      drogers@co.llano.tx.us, cao5@co.llano.tx.us

Ellen V. Leonida      leonida@braunhagey.com, morrissey@braunhagey.com, OkaiKoi@braunhagey.com, rivera@braunhagey.com

Ellis E. Herington      herington@braunhagey.com

J. Noah Hagey      hagey@braunhagey.com, kushnir@braunhagey.com, morrissey@braunhagey.com, noah-hagey-9147@ecf.pacerpro.com, ridge@braunhagey.com, shaw@braunhagey.com

Jonathan F. Mitchell      jonathan@mitchell.law

Katherine Patrice Chiarello      katherine@wittliffcutter.com, joy@wittliffcutter.com, tracy@wittliffcutter.com

Kayna Stavast Levy      kayna@wittliffcutter.com

Maria Amelia Calaf      mac@wittliffcutter.com, joy@wittliffcutter.com, tracy@wittliffcutter.com

Marissa R. Benavides      benavides@braunhagey.com

Matthew Borden      borden@braunhagey.com, morrissey@braunhagey.com, rivera@braunhagey.com

Matthew L. Rienstra      matt.rienstra@co.llano.tx.us, cao5@co.llano.tx.us, drogers@co.llano.tx.us

Max Benjamin Bernstein      bernstein@braunhagey.com, morrissey@braunhagey.com, rivera@braunhagey.com

Ryan A. Botkin      ryan@wittliffcutter.com, joy@wittliffcutter.com, tracy@wittliffcutter.com

**1:22-cv-00424-RP Notice has been delivered by other means to:**

# Exhibit 5

**(E-mails Between Plaintiffs' Counsel and Defendants' Counsel Over Scheduling Depositions Of Plaintiffs' Experts)**

**From:** Ellis Leonida Leonida@braunhagey.com
**Subject:** RE: expert depositions
**Date:** May 8, 2023 at 12:36 PM
**To:** Jonathan Mitchell jonathan@mitchell.law
**Cc:** Ellis Herington herington@braunhagey.com, Dwain K. Rogers drogers@co.llano.tx.us, Matt Rienstra matt.rienstra@co.llano.tx.us, Andrew Levine levine@braunhagey.com, Max Bernstein bernstein@braunhagey.com, Marissa Benavides Benavides@braunhagey.com, Shannon Morrissey Morrissey@braunhagey.com, Katherine@bccaustin.com katherine@bccaustin.com, Mac@bccaustin.com mac@bccaustin.com, ryan@bccaustin.com, Kayna Levy kayna@bccaustin.com

Counsel,

We oppose both approaches -- particularly as there is ample time to complete expert discovery and we already afforded you the professional courtesy of taking your expert's deposition in New York per your request.

Per our April 25, 2023 email, Dr. Boone is available on May 15, 16, 17, 18, or 19; all five dates are within the discovery period. You may depose her on any of those dates; please indicate when you intend to take her deposition.

With respect to Dr. Lankes, as we have already noted, he is out of the country the week of May 15. Based on your emails, apparently none of the three lawyers representing Llano County are available on May 11, the date we offered for Dr. Lankes from the outset. As a courtesy to you, we are willing to agree that you can depose Dr. Lankes out of time and will make him available for deposition the week of May 22.

Finally, the rules do not entitle you to take the depositions on consecutive dates. We have met our obligation to offer you dates within the discovery period. If you are concerned about costs, you may, of course, notice zoom depositions for either or both experts, but the reasons you have provided thus far do not justify a wholesale extension of the expert discovery deadline. Your request is neither warranted nor reasonable; as such, we oppose it.

Ellen Leonida
BRAUN**HAGEY** & BORDEN LLP
Direct: (415) 684-7285
braunhagey.com/impact

---

**From:** Jonathan Mitchell <jonathan@mitchell.law>
**Sent:** Sunday, May 7, 2023 9:31 PM
**To:** Ellen Leonida <Leonida@braunhagey.com>
**Cc:** Ellis Herington <herington@braunhagey.com>; Dwain K. Rogers <drogers@co.llano.tx.us>; Matt Rienstra <matt.rienstra@co.llano.tx.us>; Andrew Levine <levine@braunhagey.com>; Max Bernstein <bernstein@braunhagey.com>; Marissa Benavides <Benavides@braunhagey.com>; Shannon Morrissey <Morrissey@braunhagey.com>; Katherine@bccaustin.com; Mac@bccaustin.com; ryan@bccaustin.com; Kayna Levy <kayna@bccaustin.com>
**Subject:** Re: expert depositions

**\*\*\* EXTERNAL MESSAGE \*\*\***

Counsel:

We need to arrange dates for the Boon and Lankes depositions. So far the only date that you have offered for Dr. Lankes's deposition is May 11, and I've told you that I can't do it on May 11. We intend to depose Boon before Lankes, and I would like to depose them on consecutive days to save on travel and costs.

Please let me know whether this is possible or whether you will agree to extend the expert discovery deadline to accommodate the depositions.

—Jonathan

On May 5, 2023, at 9:05 PM, Jonathan Mitchell <jonathan@mitchell.law> wrote:

Counsel:

I want to depose Dr. Boon and Dr. Lankes on consecutive days to minimize travel burdens and costs to my client, and I want to depose Dr. Boon before Dr. Lankes. I am also not available to depose Dr. Lankes on May 11, which is the only date that you have offered for his deposition.

It appears that Dr. Boon and Dr. Lankes are not available on consecutive days between now and May 19. If that is true, please confirm that over e-mail. If that is not the case, please let me know what those consecutive dates are.

I propose one of the following two options:

(1) We ask the Court to extend the expert discovery deadline so that I can depose Dr. Boon and Dr. Lankes on consecutive dates and in one trip; or

(2) We ask the Court to stay discovery in light of the Fifth Circuit's order expediting the appeal from the preliminary injunction. The Fifth Circuit will soon rule on whether and to what extent the First Amendment allows a public library to weed books from its shelves, and its ruling will likely affect the scope of appropriate discovery.

Please let me know if you are agreeable to either of these approaches. If you are opposed to both, I will file a motion with the district court and note that you are opposed.

Thanks for considering this.

—Jonathan

On May 4, 2023, at 12:14 PM, Ellen Leonida <Leonida@braunhagey.com> wrote:

Counsel,

As we informed you at 7:18 p.m. yesterday, Dr. Lankes is out of the country between May 15 and May 19.

Ellen Leonida
B R A U N **H A G E Y** & B O R D E N LLP
Direct:  (415) 684-7285
braunhagey.com/impact

---

**From:** Jonathan Mitchell <jonathan@mitchell.law>
**Sent:** Wednesday, May 3, 2023 5:59 PM
**To:** Ellen Leonida <Leonida@braunhagey.com>
**Cc:** Ellis Herington <herington@braunhagey.com>; Dwain K. Rogers <drogers@co.llano.tx.us>; Matt Rienstra <matt.rienstra@co.llano.tx.us>; Andrew Levine <levine@braunhagey.com>; Max Bernstein <bernstein@braunhagey.com>; Marissa Benavides <Benavides@braunhagey.com>; Shannon Morrissey <Morrissey@braunhagey.com>; Katherine@bccaustin.com <katherine@bccaustin.com>; Mac@bccaustin.com <mac@bccaustin.com>; ryan@bccaustin.com <ryan@bccaustin.com>; Kayna Levy <kayna@bccaustin.com>
**Subject:** Re: expert depositions

**\*\*\* EXTERNAL MESSAGE \*\*\***

Ellen:

It is a travel burden, and I'm not available to depose Dr. Lankes on May 11 in any event. Please provide a date during the week of May 15–19 on which Dr. Lankes is available.

—Jonathan

On May 3, 2023, at 12:01 PM, Ellen Leonida <Leonida@braunhagey.com> wrote:

Counsel,

Dr. Lankes is in Austin, which presents no travel burden as it is where both the District Court and your office are located. Dr. Boon is unavailable to sit for a deposition before May 15.

Best,
Ellen Leonida
BRAUN**HAGEY** & BORDEN LLP
Direct: (415) 684-7285
braunhagey.com/impact

---

**From:** Jonathan Mitchell <jonathan@mitchell.law>
**Sent:** Wednesday, May 3, 2023 11:17 AM
**To:** Ellen Leonida <Leonida@braunhagey.com>
**Cc:** Ellis Herington <herington@braunhagey.com>; Dwain K. Rogers <drogers@co.llano.tx.us>; Matt Rienstra <matt.rienstra@co.llano.tx.us>; Andrew Levine <levine@braunhagey.com>; Max Bernstein <bernstein@braunhagey.com>; Marissa Benavides <Benavides@braunhagey.com>; Shannon Morrissey <Morrissey@braunhagey.com>; Katherine@bccaustin.com; Mac@bccaustin.com; ryan@bccaustin.com; Kayna Levy <kayna@bccaustin.com>
**Subject:** Re: expert depositions

**\*\*\* EXTERNAL MESSAGE \*\*\***

Counsel:

Given the travel burdens associated with deposing the experts, I would prefer to have the expert depositions scheduled on consecutive dates if possible. Is there any possibility Dr. Boon could be deposed on May 10, or Dr. Lankes deposed during the week of May 15–19?


—Jonathan



On May 3, 2023, at 10:39 AM, Ellen Leonida <Leonida@braunhagey.com> wrote:

Counsel, Dr. Lankes is available for a deposition on May 11, in Austin.

Ellen Leonida
BRAUN**HAGEY** & BORDEN LLP
Direct: (415) 684-7285
braunhagey.com/impact

---

**From:** Jonathan Mitchell <jonathan@mitchell.law>
**Sent:** Monday, May 1, 2023 11:19 PM
**To:** Ellen Leonida <Leonida@braunhagey.com>
**Cc:** Ellis Herington <herington@braunhagey.com>; Dwain K. Rogers <drogers@co.llano.tx.us>; Matt Rienstra <matt.rienstra@co.llano.tx.us>; Andrew Levine <levine@braunhagey.com>; Max Bernstein <bernstein@braunhagey.com>; Marissa Benavides <Benavides@braunhagey.com>; Shannon Morrissey <Morrissey@braunhagey.com>; Katherine Chiarello <katherine@wittliffcutter.com>; Ryan Botkin

Kayna Levy <[kayna@wittliffcutter.com](mailto:kayna@wittliffcutter.com)>
**Subject:** Re: expert depositions

**\*\*\* EXTERNAL MESSAGE \*\*\***

Counsel:

When is Dr. Lankes available to be deposed? Also, is there any chance that Dr. Boon could be available for a deposition on May 9?


—Jonathan


On Apr 25, 2023, at 8:20 AM, Ellen Leonida
<[Leonida@braunhagey.com](mailto:Leonida@braunhagey.com)> wrote:

Counsel,

We will take Dr. Wood's deposition on May 8, 2023. Dr. Boon is available for a deposition in Kent, Ohio between May 15 – 19. Please let us know which date you prefer. We will give you dates for Dr. Lankes shortly.

Best,
Ellen Leonida
B R A U N **H A G E Y** & B O R D E N LLP
Direct:  (415) 684-7285
[braunhagey.com/impact](https://braunhagey.com/impact)

---

**From:** Jonathan Mitchell <[jonathan@mitchell.law](mailto:jonathan@mitchell.law)>
**Sent:** Tuesday, April 25, 2023 12:33 AM
**To:** Ellis Herington <[herington@braunhagey.com](mailto:herington@braunhagey.com)>
**Cc:** Dwain K. Rogers <[drogers@co.llano.tx.us](mailto:drogers@co.llano.tx.us)>; Matt Rienstra <[matt.rienstra@co.llano.tx.us](mailto:matt.rienstra@co.llano.tx.us)>; Ellen Leonida <[Leonida@braunhagey.com](mailto:Leonida@braunhagey.com)>; Andrew Levine <[levine@braunhagey.com](mailto:levine@braunhagey.com)>; Max Bernstein <[bernstein@braunhagey.com](mailto:bernstein@braunhagey.com)>; Marissa Benavides <[Benavides@braunhagey.com](mailto:Benavides@braunhagey.com)>; Shannon Morrissey <[Morrissey@braunhagey.com](mailto:Morrissey@braunhagey.com)>; Katherine Chiarello <[katherine@wittliffcutter.com](mailto:katherine@wittliffcutter.com)>; Ryan Botkin <[ryan@wittliffcutter.com](mailto:ryan@wittliffcutter.com)>; Maria Calaf <[mac@wittliffcutter.com](mailto:mac@wittliffcutter.com)>; Kayna Levy <[kayna@wittliffcutter.com](mailto:kayna@wittliffcutter.com)>
**Subject:** expert depositions

**\*\*\* EXTERNAL MESSAGE \*\*\***

Counsel:

Following up on this. Dr. Wood's calendar is filling up quickly. Also please let know when each of your two experts is available to be deposed.


—Jonathan


On Apr 20, 2023, at 7:49 PM, Jonathan Mitchell <[jonathan@mitchell.law](mailto:jonathan@mitchell.law)> wrote:

Counsel:

Dr. Wood is available for a deposition in
New York on the following dates:

Tuesday, April 25
Thursday, April 27
Friday, April 28
Monday, May 8
Thursday, May 18

We need to set a time quickly because his
calendar is filling up. Please let us know as
soon as you can which dates you prefer
and we'll see if Dwain or Matt or I can be
available to defend on that day.

Also, please let us know when each of your
two experts is available to be deposed so
we can get that on our calendars.


—Jonathan


------------------------------
Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law
papers.ssrn.com/sol3/cf_dev/AbsByAuth.cf
m?per_id=791842


**CONFIDENTIALITY NOTICE**:
This e-mail and any attachments are confidential and
legally privileged. This information is intended only for
the use of the individual or entity to whom it was sent
as indicated above. If you are not the intended
recipient, any disclosure, copying, distribution, or
action taken in reliance on the contents of
the information contained in this electronic mail
message is strictly prohibited. If you have received
this message in error, please delete it immediately, and
call (512) 686-3940 to let me know that you received
it. Thank you.

**PRIVILEGED AND CONFIDENTIAL — ATTORNEY–
CLIENT COMMUNICATION / ATTORNEY WORK
PRODUCT**


------------------------------
Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

papers.ssrn.com/sol3/cf_dev/AbsByAuth.cfm?
per_id=791842

**CONFIDENTIALITY NOTICE**:
This e-mail and any attachments are confidential and
legally privileged. This information is intended only for the use of
the individual or entity to whom it was sent as indicated above. If you
are not the intended recipient, any disclosure, copying, distribution, or
action taken in reliance on the contents of the information contained
in this electronic mail message is strictly prohibited. If you have
received this message in error, please delete it immediately, and call
(512) 686-3940 to let me know that you received it. Thank you.

**PRIVILEGED AND CONFIDENTIAL — ATTORNEY–
CLIENT COMMUNICATION / ATTORNEY WORK PRODUCT**

------------------------------
Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law
papers.ssrn.com/sol3/cf_dev/AbsByAuth.cfm?per_id=791842

**CONFIDENTIALITY NOTICE**:
This e-mail and any attachments are confidential and legally privileged. This
information is intended only for the use of the individual or entity to whom it was sent
as indicated above. If you are not the intended recipient, any disclosure, copying,
distribution, or action taken in reliance on the contents of the information contained in
this electronic mail message is strictly prohibited. If you have received this message
in error, please delete it immediately, and call (512) 686-3940 to let me know that you
received it. Thank you.

**PRIVILEGED AND CONFIDENTIAL — ATTORNEY–CLIENT COMMUNICATION /
ATTORNEY WORK PRODUCT**

------------------------------
Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law
papers.ssrn.com/sol3/cf_dev/AbsByAuth.cfm?per_id=791842

**CONFIDENTIALITY NOTICE**:
This e-mail and any attachments are confidential and legally privileged. This information is intended
only for the use of the individual or entity to whom it was sent as indicated above. If you are not the
intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents
of the information contained in this electronic mail message is strictly prohibited. If you have
received this message in error, please delete it immediately, and call (512) 686-3940 to let me know
that you received it. Thank you.

**PRIVILEGED AND CONFIDENTIAL — ATTORNEY–CLIENT COMMUNICATION /
ATTORNEY WORK PRODUCT**

----------------------------
Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701

(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law
papers.ssrn.com/sol3/cf_dev/AbsByAuth.cfm?per_id=791842

**CONFIDENTIALITY NOTICE**:
This e-mail and any attachments are confidential and legally privileged. This information is intended only for the use of the individual or entity to whom it was sent as indicated above. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this electronic mail message is strictly prohibited. If you have received this message in error, please delete it immediately, and call (512) 686-3940 to let me know that you received it. Thank you.

**PRIVILEGED AND CONFIDENTIAL — ATTORNEY–CLIENT COMMUNICATION / ATTORNEY WORK PRODUCT**

------------------------------
Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law
papers.ssrn.com/sol3/cf_dev/AbsByAuth.cfm?per_id=791842

**CONFIDENTIALITY NOTICE**:
This e-mail and any attachments are confidential and legally privileged. This information is intended only for the use of the individual or entity to whom it was sent as indicated above. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this electronic mail message is strictly prohibited. If you have received this message in error, please delete it immediately, and call (512) 686-3940 to let me know that you received it. Thank you.

**PRIVILEGED AND CONFIDENTIAL — ATTORNEY–CLIENT COMMUNICATION / ATTORNEY WORK PRODUCT**

------------------------------
Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law
papers.ssrn.com/sol3/cf_dev/AbsByAuth.cfm?per_id=791842

**CONFIDENTIALITY NOTICE**:
This e-mail and any attachments are confidential and legally privileged. This information is intended only for the use of the individual or entity to whom it was sent as indicated above. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this electronic mail message is strictly prohibited. If you have received this message in error, please delete it immediately, and call (512) 686-3940 to let me know that you received it. Thank you.

**PRIVILEGED AND CONFIDENTIAL — ATTORNEY–CLIENT COMMUNICATION / ATTORNEY WORK PRODUCT**

# Exhibit 6

**(E-mails Between Plaintiffs' Counsel and Defendants' Counsel Over Rescheduling Deposition Of Expert Peter Wood)**

**From:** Ellen Leonida Leonida@braunhagey.com
**Subject:** Re: Peter Wood deposition
**Date:** May 6, 2023 at 5:00 PM
**To:** Jonathan Mitchell jonathan@mitchell.law
**Cc:** Ellis Herington herington@braunhagey.com, Dwain K. Rogers drogers@co.llano.tx.us, Matt Rienstra matt.rienstra@co.llano.tx.us, Andrew Levine levine@braunhagey.com, Max Bernstein bernstein@braunhagey.com, Marissa Benavides Benavides@braunhagey.com, Shannon Morrissey Morrissey@braunhagey.com, Katherine@bccaustin.com katherine@bccaustin.com, Mac@bccaustin.com mac@bccaustin.com, ryan@bccaustin.com, Kayna Levy kayna@bccaustin.com

We are not willing to reschedule Dr. Wood's deposition.

Ellen Leonida

**BRAUNHAGEY & BORDEN** LLP

Direct: (415) 684-7285

**San Francisco (Main Office)**

351 California Street, 10th Floor
San Francisco, CA 94104

Tel. & Fax: (415) 599-0210

**New York**
**118 W 22nd Street, 12th Floor**
**New York, NY 10011**
**Tel. (646) 829-9403**

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges. If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system. Thank you.

**From:** Jonathan Mitchell <jonathan@mitchell.law>
**Sent:** Saturday, May 6, 2023 4:23:57 PM
**To:** Ellen Leonida <Leonida@braunhagey.com>
**Cc:** Ellis Herington <herington@braunhagey.com>; Dwain K. Rogers <drogers@co.llano.tx.us>; Matt Rienstra <matt.rienstra@co.llano.tx.us>; Andrew Levine <levine@braunhagey.com>; Max Bernstein <bernstein@braunhagey.com>; Marissa Benavides <Benavides@braunhagey.com>; Shannon Morrissey <Morrissey@braunhagey.com>; Katherine@bccaustin.com <katherine@bccaustin.com>; Mac@bccaustin.com <mac@bccaustin.com>; ryan@bccaustin.com <ryan@bccaustin.com>; Kayna Levy <kayna@bccaustin.com>
**Subject:** Re: Peter Wood deposition

**\*\*\* EXTERNAL MESSAGE \*\*\***

Counsel:

Please let us know by midnight tonight whether you are willing to schedule Dr. Wood's deposition to May 17 or May 18. My flight to New York leaves early tomorrow morning.

—Jonathan

On May 5, 2023, at 9:02 PM, Jonathan Mitchell <jonathan@mitchell.law> wrote:

Counsel:

We would like to reschedule Dr. Wood's deposition because we intend to move for a stay of discovery and a stay of district-court proceedings, given that the Fifth Circuit has expedited our appeal from the preliminary injunction. If the district court denies our motion for stay of proceedings, then we intend to seek that relief from the Fifth Circuit.

We do not believe that it is a prudent use of resources to continue discovery and district-court litigation when the Fifth Circuit will soon rule on whether and to what extent the First Amendment allows a public library to weed books from its shelves, and on whether the plaintiffs can continue suing our clients for violating their First Amendment rights when each of the 17 disputed books remains available to them at Llano Library through the in-house checkout system.

We would therefore prefer to move Dr. Wood's deposition to later in the month, which will give the district court and the Fifth Circuit time to rule on our requests to stay the district-court proceedings pending the Fifth Circuit's resolution of our appeal. This will allow each of our sides to avoid incurring unnecessary discovery costs in the event that the district court or the Fifth Circuit agrees with our request for a stay of proceedings.

For similar reasons, we would like to propose a mutually agreed extension of the discovery deadline (both for fact discovery and expert discovery) so that the district court and the Fifth Circuit can consider our request to stay the district-court proceedings before we are forced to conduct additional discovery.

Llano County has already incurred substantial costs during the discovery phase of this litigation. You have taken 12 depositions, with at least three more to come, and you are attempting to force a second deposition of your opposing counsel. The County also incurred costs in responding to your extensive demands for document production, as well as your repeated attempts to force disclosure of privileged attorney-client communications. The County has already paid more than $150,000 to defend this lawsuit, and we haven't finished discovery yet.

We do not dispute your right to seek discovery allowed by the rules, but I have an obligation to my clients to avoid unnecessary costs and ensure that this litigation is conducted in the most efficient and cost-effective manner. I also have an obligation to my family to schedule discovery in a manner that reduces the likelihood of a two-day business trip, especially when the trip would be obviated by a favorable ruling on our motion to stay the district-court proceedings.

I understand that you must also act in the best interests of your clients, but I don't believe that you will be prejudiced by agreeing to postpone Dr. Wood's deposition, which will have no bearing on whether our motion for stay of proceedings is granted or denied.

If you have already paid non-refundable deposits to the videographer or court reporter, let us know and we can reimburse you if you have paid expenses that cannot be recovered this close to the scheduled deposition date. We would be more than willing to cover those costs in exchange for a rescheduling of Dr. Wood's deposition.

Thanks for considering this.


—Jonathan



On May 5, 2023, at 7:31 PM, Ellen Leonida <Leonida@braunhagey.com> wrote:

Counsel,

Dr. Wood's deposition is scheduled for Monday (a date you offered for his deposition) in New York (the place you insisted on the deposition taking place). You are making this request to move it without even one business day's notice and with no explanation. We have hired a videographer and court reporter. We will not agree to reschedule the deposition at this late hour, without any notice or any reason for your request.

Best,
Ellen Leonida

**BRAUNHAGEY & BORDEN LLP**

Direct:  (415) 684-7285

**San Francisco (Main Office)**

351 California Street, 10th Floor

San Francisco, CA 94104

Tel. & Fax: (415) 599-0210

**New York**

**118 W 22nd Street, 12th Floor**

**New York, NY 10011**

**Tel. (646) 829-9403**

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges.  If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system.  Thank you.

---

**From:** Jonathan Mitchell <jonathan@mitchell.law>
**Sent:** Friday, May 5, 2023 7:12:12 PM
**To:** Ellen Leonida <Leonida@braunhagey.com>
**Cc:** Ellis Herington <herington@braunhagey.com>; Dwain K. Rogers <drogers@co.llano.tx.us>; Matt Rienstra <matt.rienstra@co.llano.tx.us>; Andrew Levine <levine@braunhagey.com>; Max Bernstein <bernstein@braunhagey.com>; Marissa Benavides <Benavides@braunhagey.com>; Shannon Morrissey <Morrissey@braunhagey.com>; Katherine@bccaustin.com <katherine@bccaustin.com>; Mac@bccaustin.com <mac@bccaustin.com>; ryan@bccaustin.com <ryan@bccaustin.com>; Kayna Levy <kayna@bccaustin.com>
**Subject:** Peter Wood deposition

**\*\*\* EXTERNAL MESSAGE \*\*\***

Counsel:

We would like to reschedule Dr. Wood's deposition for either May 17 or 18. He is available in New York on either date. If either of those dates works for you, then please re-notice the deposition for the date that you prefer.

—Jonathan

-----------------------------
Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law
papers.ssrn.com/sol3/cf_dev/AbsByAuth.cfm?per_id=791842

**CONFIDENTIALITY NOTICE**:
This e-mail and any attachments are confidential and legally privileged. This information is intended only for the use of the individual or entity to whom it was sent as indicated above. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this electronic mail message is strictly prohibited. If you have received this message in error, please delete it immediately, and call (512) 686-3940 to let me know that you received it. Thank you.

**PRIVILEGED AND CONFIDENTIAL — ATTORNEY–CLIENT COMMUNICATION / ATTORNEY WORK PRODUCT**

-----------------------------
Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law
papers.ssrn.com/sol3/cf_dev/AbsByAuth.cfm?per_id=791842

**CONFIDENTIALITY NOTICE**:
This e-mail and any attachments are confidential and legally privileged. This information is intended only for the use of the individual or entity to whom it was sent as indicated above. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this electronic mail message is strictly prohibited. If you have received this message in error, please delete it immediately, and call (512) 686-3940 to let me know that you received it. Thank you.

**PRIVILEGED AND CONFIDENTIAL — ATTORNEY–CLIENT COMMUNICATION / ATTORNEY WORK PRODUCT**

-----------------------------
Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law
papers.ssrn.com/sol3/cf_dev/AbsByAuth.cfm?per_id=791842

**CONFIDENTIALITY NOTICE**:
This e-mail and any attachments are confidential and legally privileged. This information is intended only for the use of the individual or entity to whom it was sent as indicated above. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this electronic mail message is strictly prohibited. If you have received this message in error, please delete it immediately, and call (512) 686-3940 to let me know that you received it. Thank you.

**PRIVILEGED AND CONFIDENTIAL — ATTORNEY–CLIENT COMMUNICATION / ATTORNEY WORK PRODUCT**

# Exhibit 7

**(Plaintiffs' Notices of Depositions)**

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| Leila Green Little, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 1:22-cv-00424-RP |
| Llano County, *et al.*, | § § | |
| Defendants. | § § § | |

## PLAINTIFFS' NOTICE OF DEPOSITION OF AMBER MILUM

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiffs will take the deposition upon oral examination of Defendant Amber Milum. The deposition will take place via Zoom videoconference on June 28, 2022 at 9 am CT.

The deposition will be limited to four (4) hours of on record time and shall be taken before an officer, notary public, or other person duly authorized to administer oaths. Pursuant to Federal Rule of Civil Procedure 30(b)(3), the testimony will be recorded by stenographic means and videotape. All or part of the deposition may be used at hearing or trial as permitted under Rule 32 of the Federal Rules of Civil Procedure.

Dated: June 23, 2022                    Respectfully submitted,

/s/ *Ellen Leonida*
Ellen V. Leonida (CA Bar No. 184194)
Matthew Borden (CA Bar No. 214323)
J. Noah Hagey (CA Bar No. 262331)
Sarah Salomon (CA Bar No. 308770)
Pratik Ghosh (NY Bar No. 5754940)
Amy Senia (CA Bar No. 329134)
**BraunHagey & Borden LLP**
351 California Street, 10th Floor
San Francisco, CA 94104
Tel & Fax:  415-599-0210

1

leonida@braunhagey.com
borden@braunhagey.com
hagey@braunhagey.com
salomon@braunhagey.com
ghosh@braunhagey.com
senia@braunhagey.com

Ryan A. Botkin (TX Bar No. 00793366)
Katherine P. Chiarello (TX Bar No. 24006994)
María Amelia Calaf (TX Bar No. 24081915)
Kayna Stavast Levy (TX Bar No. 24079388)
**Wittliff | Cutter PLLC**
1209 Nueces Street
Austin, Texas 78701
Tel: 512-960-4730
Fax: 512-960-4869
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com
kayna@wittliffcutter.com

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 23, 2022, a true and correct copy of the foregoing document

was served on the following via electronic mail:

Jonathan F. Mitchell
Texas Bar No. 24075463
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

*Counsel for Defendants*

*/s/ Sarah Salomon*
Sarah Salomon

3

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| Leila Green Little, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 1:22-cv-00424-RP |
| Llano County, *et al.*, | § § § | |
| Defendants. | § § § | |

## PLAINTIFFS' NOTICE OF DEPOSITION OF BONNIE WALLACE

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiffs will take the deposition upon oral examination of Defendant Bonnie Wallace. The deposition will take place via Zoom videoconference on June 29, 2022 at 11 am CT.

The deposition will be limited to four (4) hours of on the record time and shall be taken before an officer, notary public, or other person duly authorized to administer oaths. Pursuant to Federal Rule of Civil Procedure 30(b)(3), the testimony will be recorded by stenographic means and videotape. All or part of the deposition may be used at hearing or trial as permitted under Rule 32 of the Federal Rules of Civil Procedure.

Dated: June 23, 2022

Respectfully submitted,

/s/ *Ellen Leonida*
Ellen V. Leonida (CA Bar No. 184194)
Matthew Borden (CA Bar No. 214323)
J. Noah Hagey (CA Bar No. 262331)
Sarah Salomon (CA Bar No. 308770)
Pratik Ghosh (NY Bar No. 5754940)
Amy Senia (CA Bar No. 329134)
**BraunHagey & Borden LLP**
351 California Street, 10th Floor

1

San Francisco, CA 94104
Tel & Fax: 415-599-0210
leonida@braunhagey.com
borden@braunhagey.com
hagey@braunhagey.com
salomon@braunhagey.com
ghosh@braunhagey.com
senia@braunhagey.com

Ryan A. Botkin (TX Bar No. 00793366)
Katherine P. Chiarello (TX Bar No. 24006994)
María Amelia Calaf (TX Bar No. 24081915)
Kayna Stavast Levy (TX Bar No. 24079388)
**Wittliff | Cutter PLLC**
1209 Nueces Street
Austin, Texas 78701
Tel: 512-960-4730
Fax: 512-960-4869
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com
kayna@wittliffcutter.com

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 23, 2022, a true and correct copy of the foregoing document

was served on the following via electronic mail:

Jonathan F. Mitchell
Texas Bar No. 24075463
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

*Counsel for Defendants*

*/s/ Sarah Salomon*
Sarah Salomon

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| Leila Green Little, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 1:22-cv-00424-RP |
| Llano County, *et al.*, | § § § | |
| Defendants. | § § § | |

## PLAINTIFFS' NOTICE OF DEPOSITION OF JERRY DON MOSS

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiffs will take the deposition upon oral examination of Defendant Jerry Don Moss. The deposition will take place via Zoom videoconference on June 28, 2022 at 1 pm CT.

The deposition will be limited to four (4) hours of on record time and shall be taken before an officer, notary public, or other person duly authorized to administer oaths. Pursuant to Federal Rule of Civil Procedure 30(b)(3), the testimony will be recorded by stenographic means and videotape. All or part of the deposition may be used at hearing or trial as permitted under Rule 32 of the Federal Rules of Civil Procedure.

Dated: June 23, 2022

Respectfully submitted,

/s/ *Ellen Leonida*
Ellen V. Leonida (CA Bar No. 184194)
Matthew Borden (CA Bar No. 214323)
J. Noah Hagey (CA Bar No. 262331)
Sarah Salomon (CA Bar No. 308770)
Pratik Ghosh (NY Bar No. 5754940)
Amy Senia (CA Bar No. 329134)
**BraunHagey & Borden LLP**
351 California Street, 10th Floor
San Francisco, CA 94104
Tel & Fax: 415-599-0210

1

leonida@braunhagey.com
borden@braunhagey.com
hagey@braunhagey.com
salomon@braunhagey.com
ghosh@braunhagey.com
senia@braunhagey.com

Ryan A. Botkin (TX Bar No. 00793366)
Katherine P. Chiarello (TX Bar No. 24006994)
María Amelia Calaf (TX Bar No. 24081915)
Kayna Stavast Levy (TX Bar No. 24079388)
**Wittliff | Cutter PLLC**
1209 Nueces Street
Austin, Texas 78701
Tel: 512-960-4730
Fax: 512-960-4869
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com
kayna@wittliffcutter.com

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 23, 2022, a true and correct copy of the foregoing document

was served on the following via electronic mail:

Jonathan F. Mitchell
Texas Bar No. 24075463
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

*Counsel for Defendants*

*/s/ Sarah Salomon*
Sarah Salomon

**IN THE UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF TEXAS**

**AUSTIN DIVISION**

| | | |
|---|---|---|
| Leila Green Little, *et al.*, | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 1:22-cv-00424-RP |
| | § | |
| Llano County, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## PLAINTIFFS' NOTICE OF DEPOSITION OF ROCHELLE WELLS

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiffs will take the deposition upon oral examination of Defendant Rochelle Wells. The deposition will take place via Zoom videoconference on October 17, 2022, or at a time and place mutually agreeable to the parties.

The deposition will continue from day to day and shall be taken before an officer, notary public, or other person duly authorized to administer oaths. Pursuant to Federal Rule of Civil Procedure 30(b)(3), the testimony will be recorded by stenographic means and videotape. All or part of the deposition may be used at a hearing or trial as permitted under Rule 32 of the Federal Rules of Civil Procedure.

Dated: September 12, 2022                    BRAUNHAGEY & BORDEN LLP


                                            By:     */s/ Ellen Leonida*
                                                    Ellen Leonida

                                            *Attorneys for Plaintiffs*

# Exhibit 8
## (Plaintiffs' Notices of Depositions And Subpoenas)

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

|  |  |  |
|---|---|---|
| Leila Green Little, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 1:22-cv-00424-RP |
| Llano County, *et al.*, | § § | |
| Defendants. | § § § | |

## PLAINTIFFS' NOTICE OF SUBPOENAS

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 45, Plaintiffs, by and through their attorneys of record, will issue and serve the subpoenas attached as **Exhibits A-I** on the following Non-Party Llano County Library Advisory Board Members:

- Susie Sitton
- Cheryll Mabray
- Cindy Travers
- Ravelle Kundinger
- Nancy Miller
- Sharon Maki
- Louann Raley
- Anita Hilton
- Robyn Tibbs

The return date for the production of documents is March 10, 2023. The depositions are scheduled for 9:00 a.m. March 20-24 and March 27-30, 2023.

Dated: February 24, 2023

/s/ *Ellen Leonida*
Ellen V. Leonida (CA Bar No. 184194)
Matthew Borden (CA Bar No. 214323
J. Noah Hagey (CA Bar No. 262331)
Max Bernstein (NY Bar No. 5609037)
**BraunHagey & Borden LLP**
351 California Street, 10th Floor

1

San Francisco, CA 94104
Tel: 415-599-0210
Fax: 415-276-1808
leonida@braunhagey.com
borden@braunhagey.com
hagey@braunhagey.com
bernstein@braunhagey.com

Ryan A. Botkin (TX Bar No. 00793366)
Katherine P. Chiarello (TX Bar No. 24006994)
María Amelia Calaf (TX Bar No. 24081915)
Kayna Stavast Levy (TX Bar No. 24079388)
**Wittliff | Cutter PLLC**
1209 Nueces Street
Austin, Texas 78701
Tel: 512-960-4730
Fax: 512-960-4869
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com
kayna@wittliffcutter.com

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 24, 2023, a true and correct copy of the foregoing document was served via email on all counsel of record who have appeared in this case using the Court's CM/ECF system as a Filing User.

Shannon Morrissey

# EXHIBIT A

# UNITED STATES DISTRICT COURT

### for the

### Western District of Texas

| | |
|---|---|
| Leila Green Little, et al., | ) |
| *Plaintiff* | ) |
| v. | ) |
| Llano County, et al., | ) |
| *Defendant* | ) |

Civil Action No.  1:22-cv-00424-RP

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                    Susie Sitton

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Wittliff Cutter, PLLC 1209 Nueces St, Austin, TX 78701 | Date and Time: 03/20/2023 9:00 am |
|---|---|

The deposition will be recorded by this method:   Video and stenographer

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Schedule A. Please produce documents by March 10, 2023 via mail to the offices of Wittliff Cutter, PLLC at 1209 Nueces St, Austin, TX 78701, or via email to leonida@braunhagey.com, or as otherwise mutually agreed.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      02/24/2023

               *CLERK OF COURT*

                                                              OR

_____              /s/ Ellen Leonida
   *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Plaintiffs
_____ , who issues or requests this subpoena, are:

Ellen Leonida; 351 California St., 10th Fl., San Francisco, CA 94104; leonida@braunhagey.com; (415) 684-7285

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:22-cv-00424-RP

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | | Reset |

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
         **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### Definitions

1.      The term "PLAINTIFFS" refers, collectively and individually, to Leila Green Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, and Diane Moster.

2.      The terms "YOU," "YOUR," and "SUSIE SITTON" refer, collectively and individually, to Susie Sitton and her officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under her control or on her behalf.

3.      The term "DEFENDANTS" refers, collectively and individually, to Llano County, Ron Cunningham, Jerry Don Moss, Peter Jones, Mike Sandoval, Linda Raschke, Amber Milum, Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

4.      The term "LAWSUIT" refers to *Little et al. v. Llano County et al.*, Case No. 1:22-cv-00424-RP (W.D. Tex. 2022).

5.      The term "LIBRARY BOARD" refers, collectively and individually to, DEFENDANT Gay Baskin, DEFENDANT Rochelle Wells, DEFENDANT Rhonda Schneider, DEFENDANT Bonnie Wallace, Susie Sitton, Cindy Travers, Cheryll Mabray, Ravelle Kundinger, Nancy Miller, Sharon Maki, Louann Raley, Anita Hilton, and Robyn Tibbs, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

6.      The term "LIBRARY SYSTEM" refers, collectively and individually, to the Llano Library, the Kingsland Library, and the Lakeshore Library, and their collective and individual collections of physical, audio, and electronic books and materials.

7.     The term "POLICIES" refers to any memorialization of any of the rules, regulations, or guidelines governing the LIBRARY SYSTEM, the LIBRARY BOARD, or any other aspect of library-related business.

8.     The term "OVERDRIVE" refers to the OverDrive online platform the LIBRARY SYSTEM previously used to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

9.     The term "BIBLIOTHECA" refers to the Bibliotheca online platform the LIBRARY SYSTEM currently uses to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

10.     The term "KRAUSE LIST" refers to the list of purportedly inappropriate books compiled and published by Texas State Representative Matt Krause on October 25, 2021.

11.     The term "IN-HOUSE CHECKOUT" refers to the process by which LIBRARY SYSTEM patrons can ask to borrow certain books that have been removed from the LIBRARY SYSTEM and not reentered into any catalog, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

12.     The term "MATERIALS" refers to physical books, including but not limited to printed books in prose, picture books, graphic novels, and memoirs, as well as digital books, including but not limited to ebooks and audiobooks.

13.     The term "INAPPROPRIATE CONTENT" refers to material that DEFENDANTS allege is indecent, pornographic, obscene, or otherwise inappropriate due to profanity or discussion of race, critical race theory ("CRT"), gender, gender identity, sex, nudity, sexuality, teen pregnancy, violence, or lesbian, gay, bisexual, transgender, or queer issues.

14.     The terms "COMMUNICATION" and "COMMUNICATIONS" refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) whether orally, in writing, or otherwise, and whether in the form of emails, messages, text messages, chat logs, letters, envelopes, telegrams, social media posts or direct messages, or otherwise.

2

15.     The terms "DOCUMENT" and "DOCUMENTS" are used in the broadest possible sense, and mean, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced COMMUNICATION or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any notes, records, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, questionnaires, and surveys, charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations from which information can be obtained, any preliminary versions, drafts, or revisions of any kind of the foregoing, and other writings or documents of whatever description or kind, whether produced or authored by YOU or by anyone else, including non-identical copies of any of the foregoing, now in YOUR possession, custody, or control.

16.     The term "PERSON" refers to natural persons, corporations, firms, proprietorships, partnerships, trust, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

17.     The term "IDENTIFY" means to set forth in detail a description of those facts, actions, or tangible items, including the dates, location, and any persons or entities necessary to provide detailed information concerning the relevant facts, actions, or tangible items, as well as the name of the person or entity; the person or entity's current business address, including the name of any entity at which a person works; and if no business address is known, state the residential address for any person identified.

18.　　The term "RELATED TO" means making a statement about, mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

19.　　The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any topic; the words "any" and "all" mean "any and all"; the words "each" and "every" mean "each and every"; and the word "including" means "including without limitation."

20.　　Unless otherwise noted, these Requests seek responsive documents in the time period of June 2021 to present.

**Instructions**

1.      The following inspection demands seek production for inspection and copying of all responsive DOCUMENTS in YOUR possession, custody, or control, wherever located, and specifically includes all DOCUMENTS in the possession, custody, or control of YOUR officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, accountants, investigators, and representatives.

2.      Any non-identical copy of a DOCUMENT, including copies with notes, highlighting, comments, or marginalia of any nature, and drafts, must be identified and produced as a separate DOCUMENT.

3.      If there are no DOCUMENTS responsive to a category in this inspection demand, please state so in writing.

4.      For each DOCUMENT that YOU decline to make available for inspection and copying on the grounds of privilege or the attorney work product rule, provide the following information:

        a.      State the date on which the DOCUMENT was created;

        b.      State the title of the DOCUMENT;

        c.      Briefly describe the nature and contents of the DOCUMENT;

        d.      IDENTIFY each person or entity that received a copy of the DOCUMENT or to whom the DOCUMENT or its contents were disclosed;

        e.      IDENTIFY the privilege or rule that YOU contend protects the DOCUMENT from disclosure; and

        f.      IDENTIFY each fact on which YOU base YOUR contention that the privilege or rule identified in YOUR response applies.

5.      If any material is redacted from a DOCUMENT, indicate that in the response to the inspection demand and state the basis for each redaction.

6.      Please produce the original of each DOCUMENT and all its copies, if any copy is other than identical to the original, in the order called for in the categories listed below.

7.      If, for any reason, any of the DOCUMENTS, objects, or tangible things to be produced pursuant to these inspection demands has been destroyed, lost, or otherwise disposed of, state for each category the following information:

      a.      A description of the DOCUMENT, object, or tangible thing to be produced.  If the destroyed, lost or otherwise disposed of item is a DOCUMENT, IDENTIFY the DOCUMENT by date, drafter, recipient, and subject matter.

      b.      The date the DOCUMENT, object or tangible thing was lost, destroyed, or disposed of.

      c.      All PERSONS who have knowledge of the loss, destruction, or disposal.

      d.      If the loss, destruction, or disposal related to an object or tangible thing, IDENTIFY all DOCUMENTS that relate or refer to the loss, destruction, or disposal.

8.      Produce DOCUMENTS in their native format where applicable.

9.      If a DOCUMENT is responsive to a request for production and is in YOUR control, but not in YOUR possession or custody, IDENTIFY all PERSONS with possession or custody.

## Requests for Production

1.    All DOCUMENTS and COMMUNICATIONS RELATED TO any MATERIALS currently or previously in the LIBRARY SYSTEM that allegedly contain INAPPROPRIATE CONTENT.

2.    All DOCUMENTS and COMMUNICATIONS RELATED TO closing LIBRARY BOARD meetings to the public.

3.    All DOCUMENTS and COMMUNICATIONS RELATED TO the suspension and/or termination of OVERDRIVE and YOUR consideration of other digital ebook and audiobook platforms or collections.

4.    All DOCUMENTS sufficient to IDENTIFY and COMMUNICATIONS RELATED TO all MATERIALS that have been restricted or removed from the LIBRARY SYSTEM's public locations on the basis of INAPPROPRIATE CONTENT, including all DOCUMENTS and COMMUNICATIONS RELATED TO the KRAUSE LIST.

5.    All COMMUNICATIONS identifying and DOCUMENTS sufficient to IDENTIFY all MATERIALS that the LIBRARY BOARD intends or plans to restrict or remove from the LIBRARY SYSTEM in the future on the basis of INAPPROPRIATE CONTENT.

6.    All DOCUMENTS and COMMUNICATIONS RELATED TO the criteria, policies, and/or procedures applied by the LIBRARY BOARD and the Collection Review Committee in determining which MATERIALS to restrict or remove from the LIBRARY SYSTEM.

7.    ALL COMMUNICATIONS regarding alterations or changes to library POLICIES, including, but not limited to the revised POLICIES.

7

8.     ALL COMMUNICATIONS RELATED TO BIBLIOTHECA, including, but not limited to, the decision to purchase access to BIBLIOTHECA and ALL COMMUNICATIONS regarding selection of MATERIALS for BIBLIOTHECA.

9.     ALL DOCUMENTS and COMMUNICATIONS RELATED TO discussions occurring during LIBRARY BOARD meetings, including notes, memos, and recordings.

10.     ALL COMMUNICATIONS RELATED TO PLAINTIFFS.

11.     ALL COMMUNICATIONS RELATED TO this LAWSUIT.

12.     ALL COMMUNICATIONS RELATED TO library non-profits, including the Friends of the Llano Branch, the Friends of the Lakeshore Branch, the Friends of the Kingsland Branch, and the Llano County Library System Foundation.

13.     ALL COMMUNICATIONS with any third party regarding strategy, advice, or plans RELATED TO removing or restricting access to materials in the LIBRARY SYSTEM.

14.     ALL DOCUMENTS and COMMUNICATIONS RELATED TO the IN-HOUSE CHECKOUT.

# EXHIBIT B

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

| | |
|---|---|
| Leila Green Little, et al., | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   1:22-cv-00424-RP |
| Llano County, et al., | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                 Cheryll Mabray

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place:  Wittliff Cutter, PLLC  1209 Nueces St, Austin, TX 78701 | Date and Time:  03/21/2023 9:00 am |
|---|---|

The deposition will be recorded by this method: ___Video and stenographer___

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Schedule A. Please produce documents by March 10, 2023 via mail to the offices of Wittliff Cutter, PLLC at 1209 Nueces St, Austin, TX 78701, or via email to leonida@braunhagey.com, or as otherwise mutually agreed.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  ___02/24/2023___

CLERK OF COURT

OR

_____          /s/ Ellen Leonida

*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  ___Plaintiffs___
_____ , who issues or requests this subpoena, are:

Ellen Leonida; 351 California St., 10th Fl., San Francisco, CA 94104; leonida@braunhagey.com; (415) 684-7285

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:22-cv-00424-RP

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

  **(A) When Required.** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B) When Permitted.** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### Definitions

1.      The term "PLAINTIFFS" refers, collectively and individually, to Leila Green Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, and Diane Moster.

2.      The terms "YOU," "YOUR," and "CHERYLL MABRAY" refer, collectively and individually, to Cheryll Mabray and her officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under her control or on her behalf.

3.      The term "DEFENDANTS" refers, collectively and individually, to Llano County, Ron Cunningham, Jerry Don Moss, Peter Jones, Mike Sandoval, Linda Raschke, Amber Milum, Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

4.      The term "LAWSUIT" refers to *Little et al. v. Llano County et al.*, Case No. 1:22-cv-00424-RP (W.D. Tex. 2022).

5.      The term "LIBRARY BOARD" refers, collectively and individually to, DEFENDANT Gay Baskin, DEFENDANT Rochelle Wells, DEFENDANT Rhonda Schneider, DEFENDANT Bonnie Wallace, Susie Sitton, Cindy Travers, Cheryll Mabray, Ravelle Kundinger, Nancy Miller, Sharon Maki, Louann Raley, Anita Hilton, and Robyn Tibbs, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

6.      The term "LIBRARY SYSTEM" refers, collectively and individually, to the Llano Library, the Kingsland Library, and the Lakeshore Library, and their collective and individual collections of physical, audio, and electronic books and materials.

7.     The term "POLICIES" refers to any memorialization of any of the rules, regulations, or guidelines governing the LIBRARY SYSTEM, the LIBRARY BOARD, or any other aspect of library-related business.

8.     The term "OVERDRIVE" refers to the OverDrive online platform the LIBRARY SYSTEM previously used to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

9.     The term "BIBLIOTHECA" refers to the Bibliotheca online platform the LIBRARY SYSTEM currently uses to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

10.    The term "KRAUSE LIST" refers to the list of purportedly inappropriate books compiled and published by Texas State Representative Matt Krause on October 25, 2021.

11.    The term "IN-HOUSE CHECKOUT" refers to the process by which LIBRARY SYSTEM patrons can ask to borrow certain books that have been removed from the LIBRARY SYSTEM and not reentered into any catalog, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

12.    The term "MATERIALS" refers to physical books, including but not limited to printed books in prose, picture books, graphic novels, and memoirs, as well as digital books, including but not limited to ebooks and audiobooks.

13.    The term "INAPPROPRIATE CONTENT" refers to material that DEFENDANTS allege is indecent, pornographic, obscene, or otherwise inappropriate due to profanity or discussion of race, critical race theory ("CRT"), gender, gender identity, sex, nudity, sexuality, teen pregnancy, violence, or lesbian, gay, bisexual, transgender, or queer issues.

14.    The terms "COMMUNICATION" and "COMMUNICATIONS" refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) whether orally, in writing, or otherwise, and whether in the form of emails, messages, text messages, chat logs, letters, envelopes, telegrams, social media posts or direct messages, or otherwise.

15.     The terms "DOCUMENT" and "DOCUMENTS" are used in the broadest possible sense, and mean, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced COMMUNICATION or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any notes, records, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, questionnaires, and surveys, charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations from which information can be obtained, any preliminary versions, drafts, or revisions of any kind of the foregoing, and other writings or documents of whatever description or kind, whether produced or authored by YOU or by anyone else, including non-identical copies of any of the foregoing, now in YOUR possession, custody, or control.

16.     The term "PERSON" refers to natural persons, corporations, firms, proprietorships, partnerships, trust, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

17.     The term "IDENTIFY" means to set forth in detail a description of those facts, actions, or tangible items, including the dates, location, and any persons or entities necessary to provide detailed information concerning the relevant facts, actions, or tangible items, as well as the name of the person or entity; the person or entity's current business address, including the name of any entity at which a person works; and if no business address is known, state the residential address for any person identified.

3

18.     The term "RELATED TO" means making a statement about, mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

19.     The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any topic; the words "any" and "all" mean "any and all"; the words "each" and "every" mean "each and every"; and the word "including" means "including without limitation."

20.     Unless otherwise noted, these Requests seek responsive documents in the time period of June 2021 to present.

4

**Instructions**

1.      The following inspection demands seek production for inspection and copying of all responsive DOCUMENTS in YOUR possession, custody, or control, wherever located, and specifically includes all DOCUMENTS in the possession, custody, or control of YOUR officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, accountants, investigators, and representatives.

2.      Any non-identical copy of a DOCUMENT, including copies with notes, highlighting, comments, or marginalia of any nature, and drafts, must be identified and produced as a separate DOCUMENT.

3.      If there are no DOCUMENTS responsive to a category in this inspection demand, please state so in writing.

4.      For each DOCUMENT that YOU decline to make available for inspection and copying on the grounds of privilege or the attorney work product rule, provide the following information:

        a.      State the date on which the DOCUMENT was created;

        b.      State the title of the DOCUMENT;

        c.      Briefly describe the nature and contents of the DOCUMENT;

        d.      IDENTIFY each person or entity that received a copy of the DOCUMENT or to whom the DOCUMENT or its contents were disclosed;

        e.      IDENTIFY the privilege or rule that YOU contend protects the DOCUMENT from disclosure; and

        f.      IDENTIFY each fact on which YOU base YOUR contention that the privilege or rule identified in YOUR response applies.

5.      If any material is redacted from a DOCUMENT, indicate that in the response to the inspection demand and state the basis for each redaction.

6.      Please produce the original of each DOCUMENT and all its copies, if any copy is other than identical to the original, in the order called for in the categories listed below.

7.     If, for any reason, any of the DOCUMENTS, objects, or tangible things to be produced pursuant to these inspection demands has been destroyed, lost, or otherwise disposed of, state for each category the following information:

        a.     A description of the DOCUMENT, object, or tangible thing to be produced.  If the destroyed, lost or otherwise disposed of item is a DOCUMENT, IDENTIFY the DOCUMENT by date, drafter, recipient, and subject matter.

        b.     The date the DOCUMENT, object or tangible thing was lost, destroyed, or disposed of.

        c.     All PERSONS who have knowledge of the loss, destruction, or disposal.

        d.     If the loss, destruction, or disposal related to an object or tangible thing, IDENTIFY all DOCUMENTS that relate or refer to the loss, destruction, or disposal.

8.     Produce DOCUMENTS in their native format where applicable.

9.     If a DOCUMENT is responsive to a request for production and is in YOUR control, but not in YOUR possession or custody, IDENTIFY all PERSONS with possession or custody.

## Requests for Production

1.     All DOCUMENTS and COMMUNICATIONS RELATED TO any MATERIALS currently or previously in the LIBRARY SYSTEM that allegedly contain INAPPROPRIATE CONTENT.

2.     All DOCUMENTS and COMMUNICATIONS RELATED TO closing LIBRARY BOARD meetings to the public.

3.     All DOCUMENTS and COMMUNICATIONS RELATED TO the suspension and/or termination of OVERDRIVE and YOUR consideration of other digital ebook and audiobook platforms or collections.

4.     All DOCUMENTS sufficient to IDENTIFY and COMMUNICATIONS RELATED TO all MATERIALS that have been restricted or removed from the LIBRARY SYSTEM's public locations on the basis of INAPPROPRIATE CONTENT, including all DOCUMENTS and COMMUNICATIONS RELATED TO the KRAUSE LIST.

5.     All COMMUNICATIONS identifying and DOCUMENTS sufficient to IDENTIFY all MATERIALS that the LIBRARY BOARD intends or plans to restrict or remove from the LIBRARY SYSTEM in the future on the basis of INAPPROPRIATE CONTENT.

6.     All DOCUMENTS and COMMUNICATIONS RELATED TO the criteria, policies, and/or procedures applied by the LIBRARY BOARD and the Collection Review Committee in determining which MATERIALS to restrict or remove from the LIBRARY SYSTEM.

7.     ALL COMMUNICATIONS regarding alterations or changes to library POLICIES, including, but not limited to the revised POLICIES.

7

8. ALL COMMUNICATIONS RELATED TO BIBLIOTHECA, including, but not limited to, the decision to purchase access to BIBLIOTHECA and ALL COMMUNICATIONS regarding selection of MATERIALS for BIBLIOTHECA.

9. ALL DOCUMENTS and COMMUNICATIONS RELATED TO discussions occurring during LIBRARY BOARD meetings, including notes, memos, and recordings.

10. ALL COMMUNICATIONS RELATED TO PLAINTIFFS.

11. ALL COMMUNICATIONS RELATED TO this LAWSUIT.

12. ALL COMMUNICATIONS RELATED TO library non-profits, including the Friends of the Llano Branch, the Friends of the Lakeshore Branch, the Friends of the Kingsland Branch, and the Llano County Library System Foundation.

13. ALL COMMUNICATIONS with any third party regarding strategy, advice, or plans RELATED TO removing or restricting access to materials in the LIBRARY SYSTEM.

14. ALL DOCUMENTS and COMMUNICATIONS RELATED TO the IN-HOUSE CHECKOUT.

# EXHIBIT C

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

| | |
|---|---|
| Leila Green Little, et al., | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   1:22-cv-00424-RP |
| Llano County, et al., | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                Cindy Travers

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place:   Wittliff Cutter, PLLC    1209 Nueces St, Austin, TX 78701 | Date and Time:    03/22/2023 9:00 am |
|---|---|

The deposition will be recorded by this method:    Video and stenographer

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Schedule A. Please produce documents by March 10, 2023 via mail to the offices of Wittliff Cutter, PLLC at 1209 Nueces St, Austin, TX 78701, or via email to leonida@braunhagey.com, or as otherwise mutually agreed.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    02/24/2023

           *CLERK OF COURT*

                                     OR

| | /s/ Ellen Leonida |
|---|---|
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiffs
, who issues or requests this subpoena, are:

Ellen Leonida; 351 California St., 10th Fl., San Francisco, CA 94104; leonida@braunhagey.com; (415) 684-7285

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:22-cv-00424-RP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ __0.00__ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### Definitions

1.    The term "PLAINTIFFS" refers, collectively and individually, to Leila Green Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, and Diane Moster.

2.    The terms "YOU," "YOUR," and "CINDY TRAVERS" refer, collectively and individually, to Cindy Travers and her officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under her control or on her behalf.

3.    The term "DEFENDANTS" refers, collectively and individually, to Llano County, Ron Cunningham, Jerry Don Moss, Peter Jones, Mike Sandoval, Linda Raschke, Amber Milum, Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

4.    The term "LAWSUIT" refers to *Little et al. v. Llano County et al.*, Case No. 1:22-cv-00424-RP (W.D. Tex. 2022).

5.    The term "LIBRARY BOARD" refers, collectively and individually to, DEFENDANT Gay Baskin, DEFENDANT Rochelle Wells, DEFENDANT Rhonda Schneider, DEFENDANT Bonnie Wallace, Susie Sitton, Cindy Travers, Cheryll Mabray, Ravelle Kundinger, Nancy Miller, Sharon Maki, Louann Raley, Anita Hilton, and Robyn Tibbs, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

6.    The term "LIBRARY SYSTEM" refers, collectively and individually, to the Llano Library, the Kingsland Library, and the Lakeshore Library, and their collective and individual collections of physical, audio, and electronic books and materials.

7.     The term "POLICIES" refers to any memorialization of any of the rules, regulations, or guidelines governing the LIBRARY SYSTEM, the LIBRARY BOARD, or any other aspect of library-related business.

8.     The term "OVERDRIVE" refers to the OverDrive online platform the LIBRARY SYSTEM previously used to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

9.     The term "BIBLIOTHECA" refers to the Bibliotheca online platform the LIBRARY SYSTEM currently uses to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

10.     The term "KRAUSE LIST" refers to the list of purportedly inappropriate books compiled and published by Texas State Representative Matt Krause on October 25, 2021.

11.     The term "IN-HOUSE CHECKOUT" refers to the process by which LIBRARY SYSTEM patrons can ask to borrow certain books that have been removed from the LIBRARY SYSTEM and not reentered into any catalog, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

12.     The term "MATERIALS" refers to physical books, including but not limited to printed books in prose, picture books, graphic novels, and memoirs, as well as digital books, including but not limited to ebooks and audiobooks.

13.     The term "INAPPROPRIATE CONTENT" refers to material that DEFENDANTS allege is indecent, pornographic, obscene, or otherwise inappropriate due to profanity or discussion of race, critical race theory ("CRT"), gender, gender identity, sex, nudity, sexuality, teen pregnancy, violence, or lesbian, gay, bisexual, transgender, or queer issues.

14.     The terms "COMMUNICATION" and "COMMUNICATIONS" refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) whether orally, in writing, or otherwise, and whether in the form of emails, messages, text messages, chat logs, letters, envelopes, telegrams, social media posts or direct messages, or otherwise.

15.     The terms "DOCUMENT" and "DOCUMENTS" are used in the broadest possible sense, and mean, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced COMMUNICATION or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any notes, records, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, questionnaires, and surveys, charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations from which information can be obtained, any preliminary versions, drafts, or revisions of any kind of the foregoing, and other writings or documents of whatever description or kind, whether produced or authored by YOU or by anyone else, including non-identical copies of any of the foregoing, now in YOUR possession, custody, or control.

16.     The term "PERSON" refers to natural persons, corporations, firms, proprietorships, partnerships, trust, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

17.     The term "IDENTIFY" means to set forth in detail a description of those facts, actions, or tangible items, including the dates, location, and any persons or entities necessary to provide detailed information concerning the relevant facts, actions, or tangible items, as well as the name of the person or entity; the person or entity's current business address, including the name of any entity at which a person works; and if no business address is known, state the residential address for any person identified.

3

18.     The term "RELATED TO" means making a statement about, mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

19.     The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any topic; the words "any" and "all" mean "any and all"; the words "each" and "every" mean "each and every"; and the word "including" means "including without limitation."

20.     Unless otherwise noted, these Requests seek responsive documents in the time period of June 2021 to present.

4

**Instructions**

1.      The following inspection demands seek production for inspection and copying of all responsive DOCUMENTS in YOUR possession, custody, or control, wherever located, and specifically includes all DOCUMENTS in the possession, custody, or control of YOUR officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, accountants, investigators, and representatives.

2.      Any non-identical copy of a DOCUMENT, including copies with notes, highlighting, comments, or marginalia of any nature, and drafts, must be identified and produced as a separate DOCUMENT.

3.      If there are no DOCUMENTS responsive to a category in this inspection demand, please state so in writing.

4.      For each DOCUMENT that YOU decline to make available for inspection and copying on the grounds of privilege or the attorney work product rule, provide the following information:

        a.      State the date on which the DOCUMENT was created;

        b.      State the title of the DOCUMENT;

        c.      Briefly describe the nature and contents of the DOCUMENT;

        d.      IDENTIFY each person or entity that received a copy of the DOCUMENT or to whom the DOCUMENT or its contents were disclosed;

        e.      IDENTIFY the privilege or rule that YOU contend protects the DOCUMENT from disclosure; and

        f.      IDENTIFY each fact on which YOU base YOUR contention that the privilege or rule identified in YOUR response applies.

5.      If any material is redacted from a DOCUMENT, indicate that in the response to the inspection demand and state the basis for each redaction.

6.      Please produce the original of each DOCUMENT and all its copies, if any copy is other than identical to the original, in the order called for in the categories listed below.

7.      If, for any reason, any of the DOCUMENTS, objects, or tangible things to be produced pursuant to these inspection demands has been destroyed, lost, or otherwise disposed of, state for each category the following information:

        a.      A description of the DOCUMENT, object, or tangible thing to be produced.  If the destroyed, lost or otherwise disposed of item is a DOCUMENT, IDENTIFY the DOCUMENT by date, drafter, recipient, and subject matter.

        b.      The date the DOCUMENT, object or tangible thing was lost, destroyed, or disposed of.

        c.      All PERSONS who have knowledge of the loss, destruction, or disposal.

        d.      If the loss, destruction, or disposal related to an object or tangible thing, IDENTIFY all DOCUMENTS that relate or refer to the loss, destruction, or disposal.

8.      Produce DOCUMENTS in their native format where applicable.

9.      If a DOCUMENT is responsive to a request for production and is in YOUR control, but not in YOUR possession or custody, IDENTIFY all PERSONS with possession or custody.

## Requests for Production

1.      All DOCUMENTS and COMMUNICATIONS RELATED TO any MATERIALS currently or previously in the LIBRARY SYSTEM that allegedly contain INAPPROPRIATE CONTENT.

2.      All DOCUMENTS and COMMUNICATIONS RELATED TO closing LIBRARY BOARD meetings to the public.

3.      All DOCUMENTS and COMMUNICATIONS RELATED TO the suspension and/or termination of OVERDRIVE and YOUR consideration of other digital ebook and audiobook platforms or collections.

4.      All DOCUMENTS sufficient to IDENTIFY and COMMUNICATIONS RELATED TO all MATERIALS that have been restricted or removed from the LIBRARY SYSTEM's public locations on the basis of INAPPROPRIATE CONTENT, including all DOCUMENTS and COMMUNICATIONS RELATED TO the KRAUSE LIST.

5.      All COMMUNICATIONS identifying and DOCUMENTS sufficient to IDENTIFY all MATERIALS that the LIBRARY BOARD intends or plans to restrict or remove from the LIBRARY SYSTEM in the future on the basis of INAPPROPRIATE CONTENT.

6.      All DOCUMENTS and COMMUNICATIONS RELATED TO the criteria, policies, and/or procedures applied by the LIBRARY BOARD and the Collection Review Committee in determining which MATERIALS to restrict or remove from the LIBRARY SYSTEM.

7.      ALL COMMUNICATIONS regarding alterations or changes to library POLICIES, including, but not limited to the revised POLICIES.

7

8.     ALL COMMUNICATIONS RELATED TO BIBLIOTHECA, including, but not limited to, the decision to purchase access to BIBLIOTHECA and ALL COMMUNICATIONS regarding selection of MATERIALS for BIBLIOTHECA.

9.     ALL DOCUMENTS and COMMUNICATIONS RELATED TO discussions occurring during LIBRARY BOARD meetings, including notes, memos, and recordings.

10.     ALL COMMUNICATIONS RELATED TO PLAINTIFFS.

11.     ALL COMMUNICATIONS RELATED TO this LAWSUIT.

12.     ALL COMMUNICATIONS RELATED TO library non-profits, including the Friends of the Llano Branch, the Friends of the Lakeshore Branch, the Friends of the Kingsland Branch, and the Llano County Library System Foundation.

13.     ALL COMMUNICATIONS with any third party regarding strategy, advice, or plans RELATED TO removing or restricting access to materials in the LIBRARY SYSTEM.

14.     ALL DOCUMENTS and COMMUNICATIONS RELATED TO the IN-HOUSE CHECKOUT.

# EXHIBIT D

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

| | |
|---|---|
| Leila Green Little, et al., | ) |
| *Plaintiff* | ) |
| v. | ) |
| Llano County, et al., | ) |
| *Defendant* | ) |

Civil Action No. 1:22-cv-00424-RP

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Ravelle Kundinger

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Wittliff Cutter, PLLC<br>1209 Nueces St, Austin, TX 78701 | Date and Time:<br>03/23/2023 9:00 am |
|---|---|

The deposition will be recorded by this method: Video and stenographer

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Schedule A. Please produce documents by March 10, 2023 via mail to the offices of Wittliff Cutter, PLLC at 1209 Nueces St, Austin, TX 78701, or via email to leonida@braunhagey.com, or as otherwise mutually agreed.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/24/2023

*CLERK OF COURT*

OR

_____          /s/ Ellen Leonida
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs
_____ , who issues or requests this subpoena, are:

Ellen Leonida; 351 California St., 10th Fl., San Francisco, CA 94104; leonida@braunhagey.com; (415) 684-7285

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case: 23-50224    Document: 65    Page: 81    Date Filed: 05/10/2023

Civil Action No. 1:22-cv-00424-RP

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____      _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### Definitions

1.      The term "PLAINTIFFS" refers, collectively and individually, to Leila Green Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, and Diane Moster.

2.      The terms "YOU," "YOUR," and "RAVELLE KUNDINGER" refer, collectively and individually, to Ravelle Kundinger and her officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under her control or on her behalf.

3.      The term "DEFENDANTS**"** refers, collectively and individually, to Llano County, Ron Cunningham, Jerry Don Moss, Peter Jones, Mike Sandoval, Linda Raschke, Amber Milum, Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

4.      The term "LAWSUIT" refers to *Little et al. v. Llano County et al.*, Case No. 1:22-cv-00424-RP (W.D. Tex. 2022).

5.      The term "LIBRARY BOARD" refers, collectively and individually to, DEFENDANT Gay Baskin, DEFENDANT Rochelle Wells, DEFENDANT Rhonda Schneider, DEFENDANT Bonnie Wallace, Susie Sitton, Cindy Travers, Cheryll Mabray, Ravelle Kundinger, Nancy Miller, Sharon Maki, Louann Raley, Anita Hilton, and Robyn Tibbs, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

6.      The term "LIBRARY SYSTEM" refers, collectively and individually, to the Llano Library, the Kingsland Library, and the Lakeshore Library, and their collective and individual collections of physical, audio, and electronic books and materials.

7.  The term "POLICIES" refers to any memorialization of any of the rules, regulations, or guidelines governing the LIBRARY SYSTEM, the LIBRARY BOARD, or any other aspect of library-related business.

8.  The term "OVERDRIVE" refers to the OverDrive online platform the LIBRARY SYSTEM previously used to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

9.  The term "BIBLIOTHECA" refers to the Bibliotheca online platform the LIBRARY SYSTEM currently uses to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

10.  The term "KRAUSE LIST" refers to the list of purportedly inappropriate books compiled and published by Texas State Representative Matt Krause on October 25, 2021.

11.  The term "IN-HOUSE CHECKOUT" refers to the process by which LIBRARY SYSTEM patrons can ask to borrow certain books that have been removed from the LIBRARY SYSTEM and not reentered into any catalog, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

12.  The term "MATERIALS" refers to physical books, including but not limited to printed books in prose, picture books, graphic novels, and memoirs, as well as digital books, including but not limited to ebooks and audiobooks.

13.  The term "INAPPROPRIATE CONTENT" refers to material that DEFENDANTS allege is indecent, pornographic, obscene, or otherwise inappropriate due to profanity or discussion of race, critical race theory ("CRT"), gender, gender identity, sex, nudity, sexuality, teen pregnancy, violence, or lesbian, gay, bisexual, transgender, or queer issues.

14.  The terms "COMMUNICATION" and "COMMUNICATIONS" refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) whether orally, in writing, or otherwise, and whether in the form of emails, messages, text messages, chat logs, letters, envelopes, telegrams, social media posts or direct messages, or otherwise.

15.    The terms "DOCUMENT" and "DOCUMENTS" are used in the broadest possible sense, and mean, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced COMMUNICATION or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any notes, records, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, questionnaires, and surveys, charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations from which information can be obtained, any preliminary versions, drafts, or revisions of any kind of the foregoing, and other writings or documents of whatever description or kind, whether produced or authored by YOU or by anyone else, including non-identical copies of any of the foregoing, now in YOUR possession, custody, or control.

16.    The term "PERSON" refers to natural persons, corporations, firms, proprietorships, partnerships, trust, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

17.    The term "IDENTIFY" means to set forth in detail a description of those facts, actions, or tangible items, including the dates, location, and any persons or entities necessary to provide detailed information concerning the relevant facts, actions, or tangible items, as well as the name of the person or entity; the person or entity's current business address, including the name of any entity at which a person works; and if no business address is known, state the residential address for any person identified.

3

18.     The term "RELATED TO" means making a statement about, mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

19.     The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any topic; the words "any" and "all" mean "any and all"; the words "each" and "every" mean "each and every"; and the word "including" means "including without limitation."

20.     Unless otherwise noted, these Requests seek responsive documents in the time period of June 2021 to present.

## Instructions

1.      The following inspection demands seek production for inspection and copying of all responsive DOCUMENTS in YOUR possession, custody, or control, wherever located, and specifically includes all DOCUMENTS in the possession, custody, or control of YOUR officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, accountants, investigators, and representatives.

2.      Any non-identical copy of a DOCUMENT, including copies with notes, highlighting, comments, or marginalia of any nature, and drafts, must be identified and produced as a separate DOCUMENT.

3.      If there are no DOCUMENTS responsive to a category in this inspection demand, please state so in writing.

4.      For each DOCUMENT that YOU decline to make available for inspection and copying on the grounds of privilege or the attorney work product rule, provide the following information:

        a.      State the date on which the DOCUMENT was created;

        b.      State the title of the DOCUMENT;

        c.      Briefly describe the nature and contents of the DOCUMENT;

        d.      IDENTIFY each person or entity that received a copy of the DOCUMENT or to whom the DOCUMENT or its contents were disclosed;

        e.      IDENTIFY the privilege or rule that YOU contend protects the DOCUMENT from disclosure; and

        f.      IDENTIFY each fact on which YOU base YOUR contention that the privilege or rule identified in YOUR response applies.

5.      If any material is redacted from a DOCUMENT, indicate that in the response to the inspection demand and state the basis for each redaction.

6.      Please produce the original of each DOCUMENT and all its copies, if any copy is other than identical to the original, in the order called for in the categories listed below.

7.     If, for any reason, any of the DOCUMENTS, objects, or tangible things to be produced pursuant to these inspection demands has been destroyed, lost, or otherwise disposed of, state for each category the following information:

        a.     A description of the DOCUMENT, object, or tangible thing to be produced.  If the destroyed, lost or otherwise disposed of item is a DOCUMENT, IDENTIFY the DOCUMENT by date, drafter, recipient, and subject matter.

        b.     The date the DOCUMENT, object or tangible thing was lost, destroyed, or disposed of.

        c.     All PERSONS who have knowledge of the loss, destruction, or disposal.

        d.     If the loss, destruction, or disposal related to an object or tangible thing, IDENTIFY all DOCUMENTS that relate or refer to the loss, destruction, or disposal.

8.     Produce DOCUMENTS in their native format where applicable.

9.     If a DOCUMENT is responsive to a request for production and is in YOUR control, but not in YOUR possession or custody, IDENTIFY all PERSONS with possession or custody.

## Requests for Production

1.      All DOCUMENTS and COMMUNICATIONS RELATED TO any MATERIALS currently or previously in the LIBRARY SYSTEM that allegedly contain INAPPROPRIATE CONTENT.

2.      All DOCUMENTS and COMMUNICATIONS RELATED TO closing LIBRARY BOARD meetings to the public.

3.      All DOCUMENTS and COMMUNICATIONS RELATED TO the suspension and/or termination of OVERDRIVE and YOUR consideration of other digital ebook and audiobook platforms or collections.

4.      All DOCUMENTS sufficient to IDENTIFY and COMMUNICATIONS RELATED TO all MATERIALS that have been restricted or removed from the LIBRARY SYSTEM's public locations on the basis of INAPPROPRIATE CONTENT, including all DOCUMENTS and COMMUNICATIONS RELATED TO the KRAUSE LIST.

5.      All COMMUNICATIONS identifying and DOCUMENTS sufficient to IDENTIFY all MATERIALS that the LIBRARY BOARD intends or plans to restrict or remove from the LIBRARY SYSTEM in the future on the basis of INAPPROPRIATE CONTENT.

6.      All DOCUMENTS and COMMUNICATIONS RELATED TO the criteria, policies, and/or procedures applied by the LIBRARY BOARD and the Collection Review Committee in determining which MATERIALS to restrict or remove from the LIBRARY SYSTEM.

7.      ALL COMMUNICATIONS regarding alterations or changes to library POLICIES, including, but not limited to the revised POLICIES.

7

8.    ALL COMMUNICATIONS RELATED TO BIBLIOTHECA, including, but not limited to, the decision to purchase access to BIBLIOTHECA and ALL COMMUNICATIONS regarding selection of MATERIALS for BIBLIOTHECA.

9.    ALL DOCUMENTS and COMMUNICATIONS RELATED TO discussions occurring during LIBRARY BOARD meetings, including notes, memos, and recordings.

10.    ALL COMMUNICATIONS RELATED TO PLAINTIFFS.

11.    ALL COMMUNICATIONS RELATED TO this LAWSUIT.

12.    ALL COMMUNICATIONS RELATED TO library non-profits, including the Friends of the Llano Branch, the Friends of the Lakeshore Branch, the Friends of the Kingsland Branch, and the Llano County Library System Foundation.

13.    ALL COMMUNICATIONS with any third party regarding strategy, advice, or plans RELATED TO removing or restricting access to materials in the LIBRARY SYSTEM.

14.    ALL DOCUMENTS and COMMUNICATIONS RELATED TO the IN-HOUSE CHECKOUT.

# EXHIBIT E

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

| | |
|---|---|
| Leila Green Little, et al., | ) |
| *Plaintiff* | ) |
| v. | ) |
| Llano County, et al., | ) |
| *Defendant* | ) |

Civil Action No.   1:22-cv-00424-RP

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                  Nancy Miller

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Wittliff Cutter, PLLC 1209 Nueces St, Austin, TX 78701 | Date and Time: 03/24/2023 9:00 am |
|---|---|

The deposition will be recorded by this method:   Video and stenographer

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Schedule A. Please produce documents by March 10, 2023 via mail to the offices of Wittliff Cutter, PLLC at 1209 Nueces St, Austin, TX 78701, or via email to leonida@braunhagey.com, or as otherwise mutually agreed.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     02/24/2023

CLERK OF COURT

OR

_____              /s/ Ellen Leonida
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiffs
_____ , who issues or requests this subpoena, are:

Ellen Leonida; 351 California St., 10th Fl., San Francisco, CA 94104; leonida@braunhagey.com; (415) 684-7285

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:22-cv-00424-RP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### Definitions

1.     The term "PLAINTIFFS" refers, collectively and individually, to Leila Green Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, and Diane Moster.

2.     The terms "YOU," "YOUR," and "NANCY MILLER" refer, collectively and individually, to Nancy Miller and her officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under her control or on her behalf.

3.     The term "DEFENDANTS" refers, collectively and individually, to Llano County, Ron Cunningham, Jerry Don Moss, Peter Jones, Mike Sandoval, Linda Raschke, Amber Milum, Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

4.     The term "LAWSUIT" refers to *Little et al. v. Llano County et al.*, Case No. 1:22-cv-00424-RP (W.D. Tex. 2022).

5.     The term "LIBRARY BOARD" refers, collectively and individually to, DEFENDANT Gay Baskin, DEFENDANT Rochelle Wells, DEFENDANT Rhonda Schneider, DEFENDANT Bonnie Wallace, Susie Sitton, Cindy Travers, Cheryll Mabray, Ravelle Kundinger, Nancy Miller, Sharon Maki, Louann Raley, Anita Hilton, and Robyn Tibbs, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

6.     The term "LIBRARY SYSTEM" refers, collectively and individually, to the Llano Library, the Kingsland Library, and the Lakeshore Library, and their collective and individual collections of physical, audio, and electronic books and materials.

7.     The term "POLICIES" refers to any memorialization of any of the rules, regulations, or guidelines governing the LIBRARY SYSTEM, the LIBRARY BOARD, or any other aspect of library-related business.

8.     The term "OVERDRIVE" refers to the OverDrive online platform the LIBRARY SYSTEM previously used to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

9.     The term "BIBLIOTHECA" refers to the Bibliotheca online platform the LIBRARY SYSTEM currently uses to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

10.     The term "KRAUSE LIST" refers to the list of purportedly inappropriate books compiled and published by Texas State Representative Matt Krause on October 25, 2021.

11.     The term "IN-HOUSE CHECKOUT" refers to the process by which LIBRARY SYSTEM patrons can ask to borrow certain books that have been removed from the LIBRARY SYSTEM and not reentered into any catalog, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

12.     The term "MATERIALS" refers to physical books, including but not limited to printed books in prose, picture books, graphic novels, and memoirs, as well as digital books, including but not limited to ebooks and audiobooks.

13.     The term "INAPPROPRIATE CONTENT" refers to material that DEFENDANTS allege is indecent, pornographic, obscene, or otherwise inappropriate due to profanity or discussion of race, critical race theory ("CRT"), gender, gender identity, sex, nudity, sexuality, teen pregnancy, violence, or lesbian, gay, bisexual, transgender, or queer issues.

14.     The terms "COMMUNICATION" and "COMMUNICATIONS" refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) whether orally, in writing, or otherwise, and whether in the form of emails, messages, text messages, chat logs, letters, envelopes, telegrams, social media posts or direct messages, or otherwise.

15.     The terms "DOCUMENT" and "DOCUMENTS" are used in the broadest possible sense, and mean, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced COMMUNICATION or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any notes, records, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, questionnaires, and surveys, charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations from which information can be obtained, any preliminary versions, drafts, or revisions of any kind of the foregoing, and other writings or documents of whatever description or kind, whether produced or authored by YOU or by anyone else, including non-identical copies of any of the foregoing, now in YOUR possession, custody, or control.

16.     The term "PERSON" refers to natural persons, corporations, firms, proprietorships, partnerships, trust, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

17.     The term "IDENTIFY" means to set forth in detail a description of those facts, actions, or tangible items, including the dates, location, and any persons or entities necessary to provide detailed information concerning the relevant facts, actions, or tangible items, as well as the name of the person or entity; the person or entity's current business address, including the name of any entity at which a person works; and if no business address is known, state the residential address for any person identified.

3

18.     The term "RELATED TO" means making a statement about, mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

19.     The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any topic; the words "any" and "all" mean "any and all"; the words "each" and "every" mean "each and every"; and the word "including" means "including without limitation."

20.     Unless otherwise noted, these Requests seek responsive documents in the time period of June 2021 to present.

**Instructions**

1.      The following inspection demands seek production for inspection and copying of all responsive DOCUMENTS in YOUR possession, custody, or control, wherever located, and specifically includes all DOCUMENTS in the possession, custody, or control of YOUR officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, accountants, investigators, and representatives.

2.      Any non-identical copy of a DOCUMENT, including copies with notes, highlighting, comments, or marginalia of any nature, and drafts, must be identified and produced as a separate DOCUMENT.

3.      If there are no DOCUMENTS responsive to a category in this inspection demand, please state so in writing.

4.      For each DOCUMENT that YOU decline to make available for inspection and copying on the grounds of privilege or the attorney work product rule, provide the following information:

> a.      State the date on which the DOCUMENT was created;
>
> b.      State the title of the DOCUMENT;
>
> c.      Briefly describe the nature and contents of the DOCUMENT;
>
> d.      IDENTIFY each person or entity that received a copy of the DOCUMENT or to whom the DOCUMENT or its contents were disclosed;
>
> e.      IDENTIFY the privilege or rule that YOU contend protects the DOCUMENT from disclosure; and
>
> f.      IDENTIFY each fact on which YOU base YOUR contention that the privilege or rule identified in YOUR response applies.

5.      If any material is redacted from a DOCUMENT, indicate that in the response to the inspection demand and state the basis for each redaction.

6.      Please produce the original of each DOCUMENT and all its copies, if any copy is other than identical to the original, in the order called for in the categories listed below.

7.     If, for any reason, any of the DOCUMENTS, objects, or tangible things to be produced pursuant to these inspection demands has been destroyed, lost, or otherwise disposed of, state for each category the following information:

      a.     A description of the DOCUMENT, object, or tangible thing to be produced.  If the destroyed, lost or otherwise disposed of item is a DOCUMENT, IDENTIFY the DOCUMENT by date, drafter, recipient, and subject matter.

      b.     The date the DOCUMENT, object or tangible thing was lost, destroyed, or disposed of.

      c.     All PERSONS who have knowledge of the loss, destruction, or disposal.

      d.     If the loss, destruction, or disposal related to an object or tangible thing, IDENTIFY all DOCUMENTS that relate or refer to the loss, destruction, or disposal.

8.     Produce DOCUMENTS in their native format where applicable.

9.     If a DOCUMENT is responsive to a request for production and is in YOUR control, but not in YOUR possession or custody, IDENTIFY all PERSONS with possession or custody.

## Requests for Production

1.     All DOCUMENTS and COMMUNICATIONS RELATED TO any MATERIALS currently or previously in the LIBRARY SYSTEM that allegedly contain INAPPROPRIATE CONTENT.

2.     All DOCUMENTS and COMMUNICATIONS RELATED TO closing LIBRARY BOARD meetings to the public.

3.     All DOCUMENTS and COMMUNICATIONS RELATED TO the suspension and/or termination of OVERDRIVE and YOUR consideration of other digital ebook and audiobook platforms or collections.

4.     All DOCUMENTS sufficient to IDENTIFY and COMMUNICATIONS RELATED TO all MATERIALS that have been restricted or removed from the LIBRARY SYSTEM's public locations on the basis of INAPPROPRIATE CONTENT, including all DOCUMENTS and COMMUNICATIONS RELATED TO the KRAUSE LIST.

5.     All COMMUNICATIONS identifying and DOCUMENTS sufficient to IDENTIFY all MATERIALS that the LIBRARY BOARD intends or plans to restrict or remove from the LIBRARY SYSTEM in the future on the basis of INAPPROPRIATE CONTENT.

6.     All DOCUMENTS and COMMUNICATIONS RELATED TO the criteria, policies, and/or procedures applied by the LIBRARY BOARD and the Collection Review Committee in determining which MATERIALS to restrict or remove from the LIBRARY SYSTEM.

7.     ALL COMMUNICATIONS regarding alterations or changes to library POLICIES, including, but not limited to the revised POLICIES.

7

8.      ALL COMMUNICATIONS RELATED TO BIBLIOTHECA, including, but not limited to, the decision to purchase access to BIBLIOTHECA and ALL COMMUNICATIONS regarding selection of MATERIALS for BIBLIOTHECA.

9.      ALL DOCUMENTS and COMMUNICATIONS RELATED TO discussions occurring during LIBRARY BOARD meetings, including notes, memos, and recordings.

10.      ALL COMMUNICATIONS RELATED TO PLAINTIFFS.

11.      ALL COMMUNICATIONS RELATED TO this LAWSUIT.

12.      ALL COMMUNICATIONS RELATED TO library non-profits, including the Friends of the Llano Branch, the Friends of the Lakeshore Branch, the Friends of the Kingsland Branch, and the Llano County Library System Foundation.

13.      ALL COMMUNICATIONS with any third party regarding strategy, advice, or plans RELATED TO removing or restricting access to materials in the LIBRARY SYSTEM.

14.      ALL DOCUMENTS and COMMUNICATIONS RELATED TO the IN-HOUSE CHECKOUT.

# EXHIBIT F

# UNITED STATES DISTRICT COURT

## for the

### Western District of Texas

|  |  |
|---|---|
| Leila Green Little, et al., | ) |
| *Plaintiff* | ) |
| v. | ) |
| Llano County, et al., | ) |
| *Defendant* | ) |

Civil Action No.   1:22-cv-00424-RP

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                             Sharon Maki

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Wittliff Cutter, PLLC<br>1209 Nueces St, Austin, TX 78701 | Date and Time:<br>03/27/2023 9:00 am |
|---|---|

The deposition will be recorded by this method:    Video and stenographer

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Schedule A. Please produce documents by March 10, 2023 via mail to the offices of Wittliff Cutter, PLLC at 1209 Nueces St, Austin, TX 78701, or via email to leonida@braunhagey.com, or as otherwise mutually agreed.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    02/24/2023

                    *CLERK OF COURT*
                                                              OR

_____              /s/ Ellen Leonida
     *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiffs
_____, who issues or requests this subpoena, are:

Ellen Leonida; 351 California St., 10th Fl., San Francisco, CA 94104; leonida@braunhagey.com; (415) 684-7285

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.  1:22-cv-00424-RP

**PROOF OF SERVICE**

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | | Reset |

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### Definitions

1.      The term "PLAINTIFFS" refers, collectively and individually, to Leila Green Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, and Diane Moster.

2.      The terms "YOU," "YOUR," and "SHARON MAKI" refer, collectively and individually, to Sharon Maki and her officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under her control or on her behalf.

3.      The term "DEFENDANTS" refers, collectively and individually, to Llano County, Ron Cunningham, Jerry Don Moss, Peter Jones, Mike Sandoval, Linda Raschke, Amber Milum, Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

4.      The term "LAWSUIT" refers to *Little et al. v. Llano County et al.*, Case No. 1:22-cv-00424-RP (W.D. Tex. 2022).

5.      The term "LIBRARY BOARD" refers, collectively and individually to, DEFENDANT Gay Baskin, DEFENDANT Rochelle Wells, DEFENDANT Rhonda Schneider, DEFENDANT Bonnie Wallace, Susie Sitton, Cindy Travers, Cheryll Mabray, Ravelle Kundinger, Nancy Miller, Sharon Maki, Louann Raley, Anita Hilton, and Robyn Tibbs, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

6.      The term "LIBRARY SYSTEM" refers, collectively and individually, to the Llano Library, the Kingsland Library, and the Lakeshore Library, and their collective and individual collections of physical, audio, and electronic books and materials.

7.     The term "POLICIES" refers to any memorialization of any of the rules, regulations, or guidelines governing the LIBRARY SYSTEM, the LIBRARY BOARD, or any other aspect of library-related business.

8.     The term "OVERDRIVE" refers to the OverDrive online platform the LIBRARY SYSTEM previously used to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

9.     The term "BIBLIOTHECA" refers to the Bibliotheca online platform the LIBRARY SYSTEM currently uses to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

10.     The term "KRAUSE LIST" refers to the list of purportedly inappropriate books compiled and published by Texas State Representative Matt Krause on October 25, 2021.

11.     The term "IN-HOUSE CHECKOUT" refers to the process by which LIBRARY SYSTEM patrons can ask to borrow certain books that have been removed from the LIBRARY SYSTEM and not reentered into any catalog, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

12.     The term "MATERIALS" refers to physical books, including but not limited to printed books in prose, picture books, graphic novels, and memoirs, as well as digital books, including but not limited to ebooks and audiobooks.

13.     The term "INAPPROPRIATE CONTENT" refers to material that DEFENDANTS allege is indecent, pornographic, obscene, or otherwise inappropriate due to profanity or discussion of race, critical race theory ("CRT"), gender, gender identity, sex, nudity, sexuality, teen pregnancy, violence, or lesbian, gay, bisexual, transgender, or queer issues.

14.     The terms "COMMUNICATION" and "COMMUNICATIONS" refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) whether orally, in writing, or otherwise, and whether in the form of emails, messages, text messages, chat logs, letters, envelopes, telegrams, social media posts or direct messages, or otherwise.

2

15.     The terms "DOCUMENT" and "DOCUMENTS" are used in the broadest possible sense, and mean, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced COMMUNICATION or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any notes, records, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, questionnaires, and surveys, charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations from which information can be obtained, any preliminary versions, drafts, or revisions of any kind of the foregoing, and other writings or documents of whatever description or kind, whether produced or authored by YOU or by anyone else, including non-identical copies of any of the foregoing, now in YOUR possession, custody, or control.

16.     The term "PERSON" refers to natural persons, corporations, firms, proprietorships, partnerships, trust, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

17.     The term "IDENTIFY" means to set forth in detail a description of those facts, actions, or tangible items, including the dates, location, and any persons or entities necessary to provide detailed information concerning the relevant facts, actions, or tangible items, as well as the name of the person or entity; the person or entity's current business address, including the name of any entity at which a person works; and if no business address is known, state the residential address for any person identified.

3

18.     The term "RELATED TO" means making a statement about, mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

19.     The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any topic; the words "any" and "all" mean "any and all"; the words "each" and "every" mean "each and every"; and the word "including" means "including without limitation."

20.     Unless otherwise noted, these Requests seek responsive documents in the time period of June 2021 to present.

**Instructions**

1.     The following inspection demands seek production for inspection and copying of all responsive DOCUMENTS in YOUR possession, custody, or control, wherever located, and specifically includes all DOCUMENTS in the possession, custody, or control of YOUR officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, accountants, investigators, and representatives.

2.     Any non-identical copy of a DOCUMENT, including copies with notes, highlighting, comments, or marginalia of any nature, and drafts, must be identified and produced as a separate DOCUMENT.

3.     If there are no DOCUMENTS responsive to a category in this inspection demand, please state so in writing.

4.     For each DOCUMENT that YOU decline to make available for inspection and copying on the grounds of privilege or the attorney work product rule, provide the following information:

        a.     State the date on which the DOCUMENT was created;

        b.     State the title of the DOCUMENT;

        c.     Briefly describe the nature and contents of the DOCUMENT;

        d.     IDENTIFY each person or entity that received a copy of the DOCUMENT or to whom the DOCUMENT or its contents were disclosed;

        e.     IDENTIFY the privilege or rule that YOU contend protects the DOCUMENT from disclosure; and

        f.     IDENTIFY each fact on which YOU base YOUR contention that the privilege or rule identified in YOUR response applies.

5.     If any material is redacted from a DOCUMENT, indicate that in the response to the inspection demand and state the basis for each redaction.

6.     Please produce the original of each DOCUMENT and all its copies, if any copy is other than identical to the original, in the order called for in the categories listed below.

7.    If, for any reason, any of the DOCUMENTS, objects, or tangible things to be produced pursuant to these inspection demands has been destroyed, lost, or otherwise disposed of, state for each category the following information:

   a.    A description of the DOCUMENT, object, or tangible thing to be produced.  If the destroyed, lost or otherwise disposed of item is a DOCUMENT, IDENTIFY the DOCUMENT by date, drafter, recipient, and subject matter.

   b.    The date the DOCUMENT, object or tangible thing was lost, destroyed, or disposed of.

   c.    All PERSONS who have knowledge of the loss, destruction, or disposal.

   d.    If the loss, destruction, or disposal related to an object or tangible thing, IDENTIFY all DOCUMENTS that relate or refer to the loss, destruction, or disposal.

8.    Produce DOCUMENTS in their native format where applicable.

9.    If a DOCUMENT is responsive to a request for production and is in YOUR control, but not in YOUR possession or custody, IDENTIFY all PERSONS with possession or custody.

## Requests for Production

1.      All DOCUMENTS and COMMUNICATIONS RELATED TO any MATERIALS currently or previously in the LIBRARY SYSTEM that allegedly contain INAPPROPRIATE CONTENT.

2.      All DOCUMENTS and COMMUNICATIONS RELATED TO closing LIBRARY BOARD meetings to the public.

3.      All DOCUMENTS and COMMUNICATIONS RELATED TO the suspension and/or termination of OVERDRIVE and YOUR consideration of other digital ebook and audiobook platforms or collections.

4.      All DOCUMENTS sufficient to IDENTIFY and COMMUNICATIONS RELATED TO all MATERIALS that have been restricted or removed from the LIBRARY SYSTEM's public locations on the basis of INAPPROPRIATE CONTENT, including all DOCUMENTS and COMMUNICATIONS RELATED TO the KRAUSE LIST.

5.      All COMMUNICATIONS identifying and DOCUMENTS sufficient to IDENTIFY all MATERIALS that the LIBRARY BOARD intends or plans to restrict or remove from the LIBRARY SYSTEM in the future on the basis of INAPPROPRIATE CONTENT.

6.      All DOCUMENTS and COMMUNICATIONS RELATED TO the criteria, policies, and/or procedures applied by the LIBRARY BOARD and the Collection Review Committee in determining which MATERIALS to restrict or remove from the LIBRARY SYSTEM.

7.      ALL COMMUNICATIONS regarding alterations or changes to library POLICIES, including, but not limited to the revised POLICIES.

7

8.    ALL COMMUNICATIONS RELATED TO BIBLIOTHECA, including, but not limited to, the decision to purchase access to BIBLIOTHECA and ALL COMMUNICATIONS regarding selection of MATERIALS for BIBLIOTHECA.

9.    ALL DOCUMENTS and COMMUNICATIONS RELATED TO discussions occurring during LIBRARY BOARD meetings, including notes, memos, and recordings.

10.    ALL COMMUNICATIONS RELATED TO PLAINTIFFS.

11.    ALL COMMUNICATIONS RELATED TO this LAWSUIT.

12.    ALL COMMUNICATIONS RELATED TO library non-profits, including the Friends of the Llano Branch, the Friends of the Lakeshore Branch, the Friends of the Kingsland Branch, and the Llano County Library System Foundation.

13.    ALL COMMUNICATIONS with any third party regarding strategy, advice, or plans RELATED TO removing or restricting access to materials in the LIBRARY SYSTEM.

14.    ALL DOCUMENTS and COMMUNICATIONS RELATED TO the IN-HOUSE CHECKOUT.

# EXHIBIT G

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

| | |
|---|---|
| Leila Green Little, et al., | ) |
| *Plaintiff* | ) |
| v. | ) |
| Llano County, et al., | ) |
| *Defendant* | ) |

Civil Action No.   1:22-cv-00424-RP

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                      Louann Raley

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
| Wittliff Cutter, PLLC<br>1209 Nueces St, Austin, TX 78701 | 03/28/2023 9:00 am |

The deposition will be recorded by this method:   Video and stenographer

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Schedule A. Please produce documents by March 10, 2023 via mail to the offices of Wittliff Cutter, PLLC at 1209 Nueces St, Austin, TX 78701, or via email to leonida@braunhagey.com, or as otherwise mutually agreed.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      02/24/2023

       *CLERK OF COURT*

                                         OR

_____            /s/ Ellen Leonida
*Signature of Clerk or Deputy Clerk*            _____
                                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiffs
_____ , who issues or requests this subpoena, are:

Ellen Leonida; 351 California St., 10th Fl., San Francisco, CA 94104; leonida@braunhagey.com; (415) 684-7285

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:22-cv-00424-RP

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### Definitions

1.     The term "PLAINTIFFS" refers, collectively and individually, to Leila Green Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, and Diane Moster.

2.     The terms "YOU," "YOUR," and "LOUANN RALEY" refer, collectively and individually, to Louann Raley and her officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under her control or on her behalf.

3.     The term "DEFENDANTS" refers, collectively and individually, to Llano County, Ron Cunningham, Jerry Don Moss, Peter Jones, Mike Sandoval, Linda Raschke, Amber Milum, Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

4.     The term "LAWSUIT" refers to *Little et al. v. Llano County et al.*, Case No. 1:22-cv-00424-RP (W.D. Tex. 2022).

5.     The term "LIBRARY BOARD" refers, collectively and individually to, DEFENDANT Gay Baskin, DEFENDANT Rochelle Wells, DEFENDANT Rhonda Schneider, DEFENDANT Bonnie Wallace, Susie Sitton, Cindy Travers, Cheryll Mabray, Ravelle Kundinger, Nancy Miller, Sharon Maki, Louann Raley, Anita Hilton, and Robyn Tibbs, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

6.     The term "LIBRARY SYSTEM" refers, collectively and individually, to the Llano Library, the Kingsland Library, and the Lakeshore Library, and their collective and individual collections of physical, audio, and electronic books and materials.

7.     The term "POLICIES" refers to any memorialization of any of the rules, regulations, or guidelines governing the LIBRARY SYSTEM, the LIBRARY BOARD, or any other aspect of library-related business.

8.     The term "OVERDRIVE" refers to the OverDrive online platform the LIBRARY SYSTEM previously used to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

9.     The term "BIBLIOTHECA" refers to the Bibliotheca online platform the LIBRARY SYSTEM currently uses to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

10.     The term "KRAUSE LIST" refers to the list of purportedly inappropriate books compiled and published by Texas State Representative Matt Krause on October 25, 2021.

11.     The term "IN-HOUSE CHECKOUT" refers to the process by which LIBRARY SYSTEM patrons can ask to borrow certain books that have been removed from the LIBRARY SYSTEM and not reentered into any catalog, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

12.     The term "MATERIALS" refers to physical books, including but not limited to printed books in prose, picture books, graphic novels, and memoirs, as well as digital books, including but not limited to ebooks and audiobooks.

13.     The term "INAPPROPRIATE CONTENT" refers to material that DEFENDANTS allege is indecent, pornographic, obscene, or otherwise inappropriate due to profanity or discussion of race, critical race theory ("CRT"), gender, gender identity, sex, nudity, sexuality, teen pregnancy, violence, or lesbian, gay, bisexual, transgender, or queer issues.

14.     The terms "COMMUNICATION" and "COMMUNICATIONS" refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) whether orally, in writing, or otherwise, and whether in the form of emails, messages, text messages, chat logs, letters, envelopes, telegrams, social media posts or direct messages, or otherwise.

2

15.    The terms "DOCUMENT" and "DOCUMENTS" are used in the broadest possible sense, and mean, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced COMMUNICATION or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any notes, records, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, questionnaires, and surveys, charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations from which information can be obtained, any preliminary versions, drafts, or revisions of any kind of the foregoing, and other writings or documents of whatever description or kind, whether produced or authored by YOU or by anyone else, including non-identical copies of any of the foregoing, now in YOUR possession, custody, or control.

16.    The term "PERSON" refers to natural persons, corporations, firms, proprietorships, partnerships, trust, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

17.    The term "IDENTIFY" means to set forth in detail a description of those facts, actions, or tangible items, including the dates, location, and any persons or entities necessary to provide detailed information concerning the relevant facts, actions, or tangible items, as well as the name of the person or entity; the person or entity's current business address, including the name of any entity at which a person works; and if no business address is known, state the residential address for any person identified.

18.    The term "RELATED TO" means making a statement about, mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

19.    The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any topic; the words "any" and "all" mean "any and all"; the words "each" and "every" mean "each and every"; and the word "including" means "including without limitation."

20.    Unless otherwise noted, these Requests seek responsive documents in the time period of June 2021 to present.

**Instructions**

1.      The following inspection demands seek production for inspection and copying of all responsive DOCUMENTS in YOUR possession, custody, or control, wherever located, and specifically includes all DOCUMENTS in the possession, custody, or control of YOUR officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, accountants, investigators, and representatives.

2.      Any non-identical copy of a DOCUMENT, including copies with notes, highlighting, comments, or marginalia of any nature, and drafts, must be identified and produced as a separate DOCUMENT.

3.      If there are no DOCUMENTS responsive to a category in this inspection demand, please state so in writing.

4.      For each DOCUMENT that YOU decline to make available for inspection and copying on the grounds of privilege or the attorney work product rule, provide the following information:

        a.      State the date on which the DOCUMENT was created;

        b.      State the title of the DOCUMENT;

        c.      Briefly describe the nature and contents of the DOCUMENT;

        d.      IDENTIFY each person or entity that received a copy of the DOCUMENT or to whom the DOCUMENT or its contents were disclosed;

        e.      IDENTIFY the privilege or rule that YOU contend protects the DOCUMENT from disclosure; and

        f.      IDENTIFY each fact on which YOU base YOUR contention that the privilege or rule identified in YOUR response applies.

5.      If any material is redacted from a DOCUMENT, indicate that in the response to the inspection demand and state the basis for each redaction.

6.      Please produce the original of each DOCUMENT and all its copies, if any copy is other than identical to the original, in the order called for in the categories listed below.

7.      If, for any reason, any of the DOCUMENTS, objects, or tangible things to be produced pursuant to these inspection demands has been destroyed, lost, or otherwise disposed of, state for each category the following information:

      a.      A description of the DOCUMENT, object, or tangible thing to be produced.  If the destroyed, lost or otherwise disposed of item is a DOCUMENT, IDENTIFY the DOCUMENT by date, drafter, recipient, and subject matter.

      b.      The date the DOCUMENT, object or tangible thing was lost, destroyed, or disposed of.

      c.      All PERSONS who have knowledge of the loss, destruction, or disposal.

      d.      If the loss, destruction, or disposal related to an object or tangible thing, IDENTIFY all DOCUMENTS that relate or refer to the loss, destruction, or disposal.

8.      Produce DOCUMENTS in their native format where applicable.

9.      If a DOCUMENT is responsive to a request for production and is in YOUR control, but not in YOUR possession or custody, IDENTIFY all PERSONS with possession or custody.

## Requests for Production

1.      All DOCUMENTS and COMMUNICATIONS RELATED TO any MATERIALS currently or previously in the LIBRARY SYSTEM that allegedly contain INAPPROPRIATE CONTENT.

2.      All DOCUMENTS and COMMUNICATIONS RELATED TO closing LIBRARY BOARD meetings to the public.

3.      All DOCUMENTS and COMMUNICATIONS RELATED TO the suspension and/or termination of OVERDRIVE and YOUR consideration of other digital ebook and audiobook platforms or collections.

4.      All DOCUMENTS sufficient to IDENTIFY and COMMUNICATIONS RELATED TO all MATERIALS that have been restricted or removed from the LIBRARY SYSTEM's public locations on the basis of INAPPROPRIATE CONTENT, including all DOCUMENTS and COMMUNICATIONS RELATED TO the KRAUSE LIST.

5.      All COMMUNICATIONS identifying and DOCUMENTS sufficient to IDENTIFY all MATERIALS that the LIBRARY BOARD intends or plans to restrict or remove from the LIBRARY SYSTEM in the future on the basis of INAPPROPRIATE CONTENT.

6.      All DOCUMENTS and COMMUNICATIONS RELATED TO the criteria, policies, and/or procedures applied by the LIBRARY BOARD and the Collection Review Committee in determining which MATERIALS to restrict or remove from the LIBRARY SYSTEM.

7.      ALL COMMUNICATIONS regarding alterations or changes to library POLICIES, including, but not limited to the revised POLICIES.

7

8.     ALL COMMUNICATIONS RELATED TO BIBLIOTHECA, including, but not limited to, the decision to purchase access to BIBLIOTHECA and ALL COMMUNICATIONS regarding selection of MATERIALS for BIBLIOTHECA.

9.     ALL DOCUMENTS and COMMUNICATIONS RELATED TO discussions occurring during LIBRARY BOARD meetings, including notes, memos, and recordings.

10.     ALL COMMUNICATIONS RELATED TO PLAINTIFFS.

11.     ALL COMMUNICATIONS RELATED TO this LAWSUIT.

12.     ALL COMMUNICATIONS RELATED TO library non-profits, including the Friends of the Llano Branch, the Friends of the Lakeshore Branch, the Friends of the Kingsland Branch, and the Llano County Library System Foundation.

13.     ALL COMMUNICATIONS with any third party regarding strategy, advice, or plans RELATED TO removing or restricting access to materials in the LIBRARY SYSTEM.

14.     ALL DOCUMENTS and COMMUNICATIONS RELATED TO the IN-HOUSE CHECKOUT.

8

# EXHIBIT H

# UNITED STATES DISTRICT COURT

## for the

### Western District of Texas

| | |
|---|---|
| Leila Green Little, et al., | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No.   1:22-cv-00424-RP |
| Llano County, et al., | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                                    Anita Hilton

_____
*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
| Wittliff Cutter, PLLC | |
| 1209 Nueces St, Austin, TX 78701 | 03/29/2023 9:00 am |

The deposition will be recorded by this method:    Video and stenographer

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Schedule A. Please produce documents by March 10, 2023 via mail to the offices of Wittliff Cutter, PLLC at 1209 Nueces St, Austin, TX 78701, or via email to leonida@braunhagey.com, or as otherwise mutually agreed.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      02/24/2023

           CLERK OF COURT

                                                              OR

_____          _____
*Signature of Clerk or Deputy Clerk*                /s/ Ellen Leonida
                                                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Plaintiffs
_____, who issues or requests this subpoena, are:

Ellen Leonida; 351 California St., 10th Fl., San Francisco, CA 94104; leonida@braunhagey.com; (415) 684-7285

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:22-cv-00424-RP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00       .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                            *Server's signature*

                                 _____
                                            *Printed name and title*

                                 _____
                                            *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### Definitions

1.  The term "PLAINTIFFS" refers, collectively and individually, to Leila Green Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, and Diane Moster.

2.  The terms "YOU," "YOUR," and "ANITA HILTON" refer, collectively and individually, to Anita Hilton and her officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under her control or on her behalf.

3.  The term "DEFENDANTS" refers, collectively and individually, to Llano County, Ron Cunningham, Jerry Don Moss, Peter Jones, Mike Sandoval, Linda Raschke, Amber Milum, Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

4.  The term "LAWSUIT" refers to *Little et al. v. Llano County et al.*, Case No. 1:22-cv-00424-RP (W.D. Tex. 2022).

5.  The term "LIBRARY BOARD" refers, collectively and individually to, DEFENDANT Gay Baskin, DEFENDANT Rochelle Wells, DEFENDANT Rhonda Schneider, DEFENDANT Bonnie Wallace, Susie Sitton, Cindy Travers, Cheryll Mabray, Ravelle Kundinger, Nancy Miller, Sharon Maki, Louann Raley, Anita Hilton, and Robyn Tibbs, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

6.  The term "LIBRARY SYSTEM" refers, collectively and individually, to the Llano Library, the Kingsland Library, and the Lakeshore Library, and their collective and individual collections of physical, audio, and electronic books and materials.

7.    The term "POLICIES" refers to any memorialization of any of the rules, regulations, or guidelines governing the LIBRARY SYSTEM, the LIBRARY BOARD, or any other aspect of library-related business.

8.    The term "OVERDRIVE" refers to the OverDrive online platform the LIBRARY SYSTEM previously used to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

9.    The term "BIBLIOTHECA" refers to the Bibliotheca online platform the LIBRARY SYSTEM currently uses to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

10.    The term "KRAUSE LIST" refers to the list of purportedly inappropriate books compiled and published by Texas State Representative Matt Krause on October 25, 2021.

11.    The term "IN-HOUSE CHECKOUT" refers to the process by which LIBRARY SYSTEM patrons can ask to borrow certain books that have been removed from the LIBRARY SYSTEM and not reentered into any catalog, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

12.    The term "MATERIALS" refers to physical books, including but not limited to printed books in prose, picture books, graphic novels, and memoirs, as well as digital books, including but not limited to ebooks and audiobooks.

13.    The term "INAPPROPRIATE CONTENT" refers to material that DEFENDANTS allege is indecent, pornographic, obscene, or otherwise inappropriate due to profanity or discussion of race, critical race theory ("CRT"), gender, gender identity, sex, nudity, sexuality, teen pregnancy, violence, or lesbian, gay, bisexual, transgender, or queer issues.

14.    The terms "COMMUNICATION" and "COMMUNICATIONS" refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) whether orally, in writing, or otherwise, and whether in the form of emails, messages, text messages, chat logs, letters, envelopes, telegrams, social media posts or direct messages, or otherwise.

2

15.     The terms "DOCUMENT" and "DOCUMENTS" are used in the broadest possible sense, and mean, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced COMMUNICATION or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any notes, records, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, questionnaires, and surveys, charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations from which information can be obtained, any preliminary versions, drafts, or revisions of any kind of the foregoing, and other writings or documents of whatever description or kind, whether produced or authored by YOU or by anyone else, including non-identical copies of any of the foregoing, now in YOUR possession, custody, or control.

16.     The term "PERSON" refers to natural persons, corporations, firms, proprietorships, partnerships, trust, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

17.     The term "IDENTIFY" means to set forth in detail a description of those facts, actions, or tangible items, including the dates, location, and any persons or entities necessary to provide detailed information concerning the relevant facts, actions, or tangible items, as well as the name of the person or entity; the person or entity's current business address, including the name of any entity at which a person works; and if no business address is known, state the residential address for any person identified.

3

18.     The term "RELATED TO" means making a statement about, mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

19.     The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any topic; the words "any" and "all" mean "any and all"; the words "each" and "every" mean "each and every"; and the word "including" means "including without limitation."

20.     Unless otherwise noted, these Requests seek responsive documents in the time period of June 2021 to present.

**Instructions**

1.     The following inspection demands seek production for inspection and copying of all responsive DOCUMENTS in YOUR possession, custody, or control, wherever located, and specifically includes all DOCUMENTS in the possession, custody, or control of YOUR officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, accountants, investigators, and representatives.

2.     Any non-identical copy of a DOCUMENT, including copies with notes, highlighting, comments, or marginalia of any nature, and drafts, must be identified and produced as a separate DOCUMENT.

3.     If there are no DOCUMENTS responsive to a category in this inspection demand, please state so in writing.

4.     For each DOCUMENT that YOU decline to make available for inspection and copying on the grounds of privilege or the attorney work product rule, provide the following information:

        a.     State the date on which the DOCUMENT was created;

        b.     State the title of the DOCUMENT;

        c.     Briefly describe the nature and contents of the DOCUMENT;

        d.     IDENTIFY each person or entity that received a copy of the DOCUMENT or to whom the DOCUMENT or its contents were disclosed;

        e.     IDENTIFY the privilege or rule that YOU contend protects the DOCUMENT from disclosure; and

        f.     IDENTIFY each fact on which YOU base YOUR contention that the privilege or rule identified in YOUR response applies.

5.     If any material is redacted from a DOCUMENT, indicate that in the response to the inspection demand and state the basis for each redaction.

6.     Please produce the original of each DOCUMENT and all its copies, if any copy is other than identical to the original, in the order called for in the categories listed below.

7.      If, for any reason, any of the DOCUMENTS, objects, or tangible things to be produced pursuant to these inspection demands has been destroyed, lost, or otherwise disposed of, state for each category the following information:

        a.      A description of the DOCUMENT, object, or tangible thing to be produced.  If the destroyed, lost or otherwise disposed of item is a DOCUMENT, IDENTIFY the DOCUMENT by date, drafter, recipient, and subject matter.

        b.      The date the DOCUMENT, object or tangible thing was lost, destroyed, or disposed of.

        c.      All PERSONS who have knowledge of the loss, destruction, or disposal.

        d.      If the loss, destruction, or disposal related to an object or tangible thing, IDENTIFY all DOCUMENTS that relate or refer to the loss, destruction, or disposal.

8.      Produce DOCUMENTS in their native format where applicable.

9.      If a DOCUMENT is responsive to a request for production and is in YOUR control, but not in YOUR possession or custody, IDENTIFY all PERSONS with possession or custody.

## Requests for Production

1.    All DOCUMENTS and COMMUNICATIONS RELATED TO any MATERIALS currently or previously in the LIBRARY SYSTEM that allegedly contain INAPPROPRIATE CONTENT.

2.    All DOCUMENTS and COMMUNICATIONS RELATED TO closing LIBRARY BOARD meetings to the public.

3.    All DOCUMENTS and COMMUNICATIONS RELATED TO the suspension and/or termination of OVERDRIVE and YOUR consideration of other digital ebook and audiobook platforms or collections.

4.    All DOCUMENTS sufficient to IDENTIFY and COMMUNICATIONS RELATED TO all MATERIALS that have been restricted or removed from the LIBRARY SYSTEM's public locations on the basis of INAPPROPRIATE CONTENT, including all DOCUMENTS and COMMUNICATIONS RELATED TO the KRAUSE LIST.

5.    All COMMUNICATIONS identifying and DOCUMENTS sufficient to IDENTIFY all MATERIALS that the LIBRARY BOARD intends or plans to restrict or remove from the LIBRARY SYSTEM in the future on the basis of INAPPROPRIATE CONTENT.

6.    All DOCUMENTS and COMMUNICATIONS RELATED TO the criteria, policies, and/or procedures applied by the LIBRARY BOARD and the Collection Review Committee in determining which MATERIALS to restrict or remove from the LIBRARY SYSTEM.

7.    ALL COMMUNICATIONS regarding alterations or changes to library POLICIES, including, but not limited to the revised POLICIES.

8.    ALL COMMUNICATIONS RELATED TO BIBLIOTHECA, including, but not limited to, the decision to purchase access to BIBLIOTHECA and ALL COMMUNICATIONS regarding selection of MATERIALS for BIBLIOTHECA.

9.    ALL DOCUMENTS and COMMUNICATIONS RELATED TO discussions occurring during LIBRARY BOARD meetings, including notes, memos, and recordings.

10.    ALL COMMUNICATIONS RELATED TO PLAINTIFFS.

11.    ALL COMMUNICATIONS RELATED TO this LAWSUIT.

12.    ALL COMMUNICATIONS RELATED TO library non-profits, including the Friends of the Llano Branch, the Friends of the Lakeshore Branch, the Friends of the Kingsland Branch, and the Llano County Library System Foundation.

13.    ALL COMMUNICATIONS with any third party regarding strategy, advice, or plans RELATED TO removing or restricting access to materials in the LIBRARY SYSTEM.

14.    ALL DOCUMENTS and COMMUNICATIONS RELATED TO the IN-HOUSE CHECKOUT.

8

# EXHIBIT I

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

| | |
|---|---|
| Leila Green Little, et al., | ) |
| *Plaintiff* | ) |
| v. | ) |
| Llano County, et al., | ) |
| *Defendant* | ) |

Civil Action No.   1:22-cv-00424-RP

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                              Robyn Tibbs

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Wittliff Cutter, PLLC 1209 Nueces St, Austin, TX 78701 | Date and Time: 03/30/2023 9:00 am |
|---|---|

The deposition will be recorded by this method:   Video and stenographer

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Schedule A. Please produce documents by March 10, 2023 via mail to the offices of Wittliff Cutter, PLLC at 1209 Nueces St, Austin, TX 78701, or via email to leonida@braunhagey.com, or as otherwise mutually agreed.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/24/2023

           *CLERK OF COURT*

                                                                OR

| | /s/ Ellen Leonida |
|---|---|
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Plaintiffs
, who issues or requests this subpoena, are:

Ellen Leonida; 351 California St., 10th Fl., San Francisco, CA 94104; leonida@braunhagey.com; (415) 684-7285

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:22-cv-00424-RP

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows:

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print    Save As...    Add Attachment    Reset

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### Definitions

1.      The term "PLAINTIFFS" refers, collectively and individually, to Leila Green Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, and Diane Moster.

2.      The terms "YOU," "YOUR," and "ROBYN TIBBS" refer, collectively and individually, to Robyn Tibbs and her officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under her control or on her behalf.

3.      The term "DEFENDANTS" refers, collectively and individually, to Llano County, Ron Cunningham, Jerry Don Moss, Peter Jones, Mike Sandoval, Linda Raschke, Amber Milum, Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

4.      The term "LAWSUIT" refers to *Little et al. v. Llano County et al.*, Case No. 1:22-cv-00424-RP (W.D. Tex. 2022).

5.      The term "LIBRARY BOARD" refers, collectively and individually to, DEFENDANT Gay Baskin, DEFENDANT Rochelle Wells, DEFENDANT Rhonda Schneider, DEFENDANT Bonnie Wallace, Susie Sitton, Cindy Travers, Cheryll Mabray, Ravelle Kundinger, Nancy Miller, Sharon Maki, Louann Raley, Anita Hilton, and Robyn Tibbs, and their officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, and any other persons acting under their control or on their behalf.

6.      The term "LIBRARY SYSTEM" refers, collectively and individually, to the Llano Library, the Kingsland Library, and the Lakeshore Library, and their collective and individual collections of physical, audio, and electronic books and materials.

7.      The term "POLICIES" refers to any memorialization of any of the rules, regulations, or guidelines governing the LIBRARY SYSTEM, the LIBRARY BOARD, or any other aspect of library-related business.

8.      The term "OVERDRIVE" refers to the OverDrive online platform the LIBRARY SYSTEM previously used to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

9.      The term "BIBLIOTHECA" refers to the Bibliotheca online platform the LIBRARY SYSTEM currently uses to provide access to an electronic collection or catalog of materials, including ebooks, audio books, movies, and research databases.

10.     The term "KRAUSE LIST" refers to the list of purportedly inappropriate books compiled and published by Texas State Representative Matt Krause on October 25, 2021.

11.     The term "IN-HOUSE CHECKOUT" refers to the process by which LIBRARY SYSTEM patrons can ask to borrow certain books that have been removed from the LIBRARY SYSTEM and not reentered into any catalog, as indicated in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

12.     The term "MATERIALS" refers to physical books, including but not limited to printed books in prose, picture books, graphic novels, and memoirs, as well as digital books, including but not limited to ebooks and audiobooks.

13.     The term "INAPPROPRIATE CONTENT" refers to material that DEFENDANTS allege is indecent, pornographic, obscene, or otherwise inappropriate due to profanity or discussion of race, critical race theory ("CRT"), gender, gender identity, sex, nudity, sexuality, teen pregnancy, violence, or lesbian, gay, bisexual, transgender, or queer issues.

14.     The terms "COMMUNICATION" and "COMMUNICATIONS" refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) whether orally, in writing, or otherwise, and whether in the form of emails, messages, text messages, chat logs, letters, envelopes, telegrams, social media posts or direct messages, or otherwise.

15.    The terms "DOCUMENT" and "DOCUMENTS" are used in the broadest possible sense, and mean, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced COMMUNICATION or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any notes, records, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, questionnaires, and surveys, charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts and all other data compilations from which information can be obtained, any preliminary versions, drafts, or revisions of any kind of the foregoing, and other writings or documents of whatever description or kind, whether produced or authored by YOU or by anyone else, including non-identical copies of any of the foregoing, now in YOUR possession, custody, or control.

16.    The term "PERSON" refers to natural persons, corporations, firms, proprietorships, partnerships, trust, joint ventures, groups, associations, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units thereof.

17.    The term "IDENTIFY" means to set forth in detail a description of those facts, actions, or tangible items, including the dates, location, and any persons or entities necessary to provide detailed information concerning the relevant facts, actions, or tangible items, as well as the name of the person or entity; the person or entity's current business address, including the name of any entity at which a person works; and if no business address is known, state the residential address for any person identified.

3

18. The term "RELATED TO" means making a statement about, mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

19. The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any topic; the words "any" and "all" mean "any and all"; the words "each" and "every" mean "each and every"; and the word "including" means "including without limitation."

20. Unless otherwise noted, these Requests seek responsive documents in the time period of June 2021 to present.

## Instructions

1. The following inspection demands seek production for inspection and copying of all responsive DOCUMENTS in YOUR possession, custody, or control, wherever located, and specifically includes all DOCUMENTS in the possession, custody, or control of YOUR officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, accountants, investigators, and representatives.

2. Any non-identical copy of a DOCUMENT, including copies with notes, highlighting, comments, or marginalia of any nature, and drafts, must be identified and produced as a separate DOCUMENT.

3. If there are no DOCUMENTS responsive to a category in this inspection demand, please state so in writing.

4. For each DOCUMENT that YOU decline to make available for inspection and copying on the grounds of privilege or the attorney work product rule, provide the following information:

   a. State the date on which the DOCUMENT was created;

   b. State the title of the DOCUMENT;

   c. Briefly describe the nature and contents of the DOCUMENT;

   d. IDENTIFY each person or entity that received a copy of the DOCUMENT or to whom the DOCUMENT or its contents were disclosed;

   e. IDENTIFY the privilege or rule that YOU contend protects the DOCUMENT from disclosure; and

   f. IDENTIFY each fact on which YOU base YOUR contention that the privilege or rule identified in YOUR response applies.

5. If any material is redacted from a DOCUMENT, indicate that in the response to the inspection demand and state the basis for each redaction.

6. Please produce the original of each DOCUMENT and all its copies, if any copy is other than identical to the original, in the order called for in the categories listed below.

7.      If, for any reason, any of the DOCUMENTS, objects, or tangible things to be produced pursuant to these inspection demands has been destroyed, lost, or otherwise disposed of, state for each category the following information:

        a.      A description of the DOCUMENT, object, or tangible thing to be produced.  If the destroyed, lost or otherwise disposed of item is a DOCUMENT, IDENTIFY the DOCUMENT by date, drafter, recipient, and subject matter.

        b.      The date the DOCUMENT, object or tangible thing was lost, destroyed, or disposed of.

        c.      All PERSONS who have knowledge of the loss, destruction, or disposal.

        d.      If the loss, destruction, or disposal related to an object or tangible thing, IDENTIFY all DOCUMENTS that relate or refer to the loss, destruction, or disposal.

8.      Produce DOCUMENTS in their native format where applicable.

9.      If a DOCUMENT is responsive to a request for production and is in YOUR control, but not in YOUR possession or custody, IDENTIFY all PERSONS with possession or custody.

## Requests for Production

1.      All DOCUMENTS and COMMUNICATIONS RELATED TO any MATERIALS currently or previously in the LIBRARY SYSTEM that allegedly contain INAPPROPRIATE CONTENT.

2.      All DOCUMENTS and COMMUNICATIONS RELATED TO closing LIBRARY BOARD meetings to the public.

3.      All DOCUMENTS and COMMUNICATIONS RELATED TO the suspension and/or termination of OVERDRIVE and YOUR consideration of other digital ebook and audiobook platforms or collections.

4.      All DOCUMENTS sufficient to IDENTIFY and COMMUNICATIONS RELATED TO all MATERIALS that have been restricted or removed from the LIBRARY SYSTEM's public locations on the basis of INAPPROPRIATE CONTENT, including all DOCUMENTS and COMMUNICATIONS RELATED TO the KRAUSE LIST.

5.      All COMMUNICATIONS identifying and DOCUMENTS sufficient to IDENTIFY all MATERIALS that the LIBRARY BOARD intends or plans to restrict or remove from the LIBRARY SYSTEM in the future on the basis of INAPPROPRIATE CONTENT.

6.      All DOCUMENTS and COMMUNICATIONS RELATED TO the criteria, policies, and/or procedures applied by the LIBRARY BOARD and the Collection Review Committee in determining which MATERIALS to restrict or remove from the LIBRARY SYSTEM.

7.      ALL COMMUNICATIONS regarding alterations or changes to library POLICIES, including, but not limited to the revised POLICIES.

8.     ALL COMMUNICATIONS RELATED TO BIBLIOTHECA, including, but not limited to, the decision to purchase access to BIBLIOTHECA and ALL COMMUNICATIONS regarding selection of MATERIALS for BIBLIOTHECA.

9.     ALL DOCUMENTS and COMMUNICATIONS RELATED TO discussions occurring during LIBRARY BOARD meetings, including notes, memos, and recordings.

10.     ALL COMMUNICATIONS RELATED TO PLAINTIFFS.

11.     ALL COMMUNICATIONS RELATED TO this LAWSUIT.

12.     ALL COMMUNICATIONS RELATED TO library non-profits, including the Friends of the Llano Branch, the Friends of the Lakeshore Branch, the Friends of the Kingsland Branch, and the Llano County Library System Foundation.

13.     ALL COMMUNICATIONS with any third party regarding strategy, advice, or plans RELATED TO removing or restricting access to materials in the LIBRARY SYSTEM.

14.     ALL DOCUMENTS and COMMUNICATIONS RELATED TO the IN-HOUSE CHECKOUT.

# IN THE UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF TEXAS

# AUSTIN DIVISION

| | | |
|---|---|---|
| Leila Green Little, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 1:22-cv-00424-RP |
| | § | |
| Llano County, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## **PLAINTIFFS' NOTICE OF DEPOSITION OF AMBER MILUM**

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiffs will take the deposition upon oral examination of Defendant Amber Milum. The deposition will take place at the offices of Wittliff | Cutter 1209 Nueces Street Austin, Texas 78701 on March 30, 2023, commencing at 10:00 A.M. Central Standard Time or at a time and place mutually agreeable to the parties.

The deposition will continue from day to day and shall be taken before an officer, notary public, or other person duly authorized to administer oaths. Pursuant to Federal Rule of Civil Procedure 30(b)(3), the testimony will be recorded by stenographic means and videotape. All or part of the deposition may be used at a hearing or trial as permitted under Rule 32 of the Federal Rules of Civil Procedure.

Dated: March 1, 2023                        BRAUNHAGEY & BORDEN LLP

By:    */s/ Ellen Leonida*
                        Ellen Leonida

*Attorneys for Plaintiffs*

1

# IN THE UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF TEXAS

# AUSTIN DIVISION

|  |  |  |
|---|---|---|
| Leila Green Little, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 1:22-cv-00424-RP |
| Llano County, *et al.*, | § § § | |
| Defendants. | § § § | |

## PLAINTIFFS' NOTICE OF DEPOSITION OF BONNIE WALLACE

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiffs will take the deposition upon oral examination of Defendant Bonnie Wallace. The deposition will take place at the offices of Wittliff | Cutter 1209 Nueces Street Austin, Texas 78701 on March 22, 2023, commencing at 10:00 A.M. Central Standard Time or at a time and place mutually agreeable to the parties.

The deposition will continue from day to day and shall be taken before an officer, notary public, or other person duly authorized to administer oaths. Pursuant to Federal Rule of Civil Procedure 30(b)(3), the testimony will be recorded by stenographic means and videotape. All or part of the deposition may be used at a hearing or trial as permitted under Rule 32 of the Federal Rules of Civil Procedure.

Dated: March 1, 2023                         BRAUNHAGEY & BORDEN LLP


                                             By:     */s/ Ellen Leonida*
                                                     Ellen Leonida

                                             *Attorneys for Plaintiffs*

1

# IN THE UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF TEXAS

# AUSTIN DIVISION

|  |  |  |
|---|---|---|
| Leila Green Little, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 1:22-cv-00424-RP |
| Llano County, *et al.*, | § § § | |
| Defendants. | § § § | |

## PLAINTIFFS' NOTICE OF DEPOSITION OF GAY BASKIN

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiffs will take the deposition upon oral examination of Defendant Gay Baskin. The deposition will take place at the offices of Wittliff | Cutter 1209 Nueces Street Austin, Texas 78701 on March 23, 2023, commencing at 10:00 A.M. Central Standard Time or at a time and place mutually agreeable to the parties.

The deposition will continue from day to day and shall be taken before an officer, notary public, or other person duly authorized to administer oaths. Pursuant to Federal Rule of Civil Procedure 30(b)(3), the testimony will be recorded by stenographic means and videotape. All or part of the deposition may be used at a hearing or trial as permitted under Rule 32 of the Federal Rules of Civil Procedure.

Dated: March 1, 2023                BRAUNHAGEY & BORDEN LLP

By:    */s/ Ellen Leonida*
Ellen Leonida

*Attorneys for Plaintiffs*

1

## IN THE UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF TEXAS

## AUSTIN DIVISION

|                          |   |                                   |
|--------------------------|---|-----------------------------------|
| Leila Green Little, *et al.*, | § |                                   |
|                          | § |                                   |
| Plaintiffs,              | § |                                   |
|                          | § |                                   |
| v.                       | § | Civil Action No. 1:22-cv-00424-RP |
|                          | § |                                   |
| Llano County, *et al.*,  | § |                                   |
|                          | § |                                   |
| Defendants.              | § |                                   |
|                          | § |                                   |

## <u>PLAINTIFFS' NOTICE OF DEPOSITION OF JERRY DON MOSS</u>

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiffs will take the deposition upon oral examination of Defendant Jerry Don Moss. The deposition will take place via at the offices of Wittliff | Cutter 1209 Nueces Street Austin, Texas 78701 on March 27, 2023, commencing at 10:00 A.M. Central Standard Time or at a time and place mutually agreeable to the parties.

The deposition will continue from day to day and shall be taken before an officer, notary public, or other person duly authorized to administer oaths. Pursuant to Federal Rule of Civil Procedure 30(b)(3), the testimony will be recorded by stenographic means and videotape. All or part of the deposition may be used at a hearing or trial as permitted under Rule 32 of the Federal Rules of Civil Procedure.

Dated: March 1, 2023                         BRAUNHAGEY & BORDEN LLP

By: _____*/s/ Ellen Leonida*_____
                                             Ellen Leonida

                                             *Attorneys for Plaintiffs*

1

## IN THE UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF TEXAS

## AUSTIN DIVISION

|  |  |  |
|---|---|---|
| Leila Green Little, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 1:22-cv-00424-RP |
| Llano County, *et al.*, | § § § | |
| Defendants. | § § § | |

### PLAINTIFFS' NOTICE OF DEPOSITION OF LINDA RASCHKE

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiffs will take the deposition upon oral examination of Defendant Linda Raschke. The deposition will take place at the offices of Wittliff | Cutter 1209 Nueces Street Austin, Texas 78701 on March 21, 2023, commencing at 10:00 A.M. Central Standard Time or at a time and place mutually agreeable to the parties.

The deposition will continue from day to day and shall be taken before an officer, notary public, or other person duly authorized to administer oaths. Pursuant to Federal Rule of Civil Procedure 30(b)(3), the testimony will be recorded by stenographic means and videotape. All or part of the deposition may be used at a hearing or trial as permitted under Rule 32 of the Federal Rules of Civil Procedure.

Dated: March 1, 2023                    BRAUNHAGEY & BORDEN LLP

By: ___*/s/ Ellen Leonida*___
Ellen Leonida

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF TEXAS

### AUSTIN DIVISION

|  |  |  |
|---|---|---|
| Leila Green Little, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 1:22-cv-00424-RP |
| | § | |
| Llano County, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## PLAINTIFFS' NOTICE OF DEPOSITION OF MIKE SANDOVAL

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiffs will take the deposition upon oral examination of Defendant Mike Sandoval. The deposition will take place at the offices of Wittliff | Cutter 1209 Nueces Street Austin, Texas 78701 on March 28, 2023, commencing at 10:00 A.M. Central Standard Time or at a time and place mutually agreeable to the parties.

The deposition will continue from day to day and shall be taken before an officer, notary public, or other person duly authorized to administer oaths. Pursuant to Federal Rule of Civil Procedure 30(b)(3), the testimony will be recorded by stenographic means and videotape. All or part of the deposition may be used at a hearing or trial as permitted under Rule 32 of the Federal Rules of Civil Procedure.

Dated: March 1, 2023        BRAUNHAGEY & BORDEN LLP

By:    */s/ Ellen Leonida*
       Ellen Leonida

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF TEXAS

# AUSTIN DIVISION

|  |  |  |
|---|---|---|
| Leila Green Little, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 1:22-cv-00424-RP |
| Llano County, *et al.*, | § § § | |
| Defendants. | § § § | |

## PLAINTIFFS' NOTICE OF DEPOSITION OF RHONDA SCHNEIDER

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiffs will take the deposition upon oral examination of Defendant Rhonda Schneider. The deposition will take place at the offices of Wittliff | Cutter 1209 Nueces Street Austin, Texas 78701 on March 24, 2023, commencing at 10:00 A.M. Central Standard Time or at a time and place mutually agreeable to the parties.

The deposition will continue from day to day and shall be taken before an officer, notary public, or other person duly authorized to administer oaths. Pursuant to Federal Rule of Civil Procedure 30(b)(3), the testimony will be recorded by stenographic means and videotape. All or part of the deposition may be used at a hearing or trial as permitted under Rule 32 of the Federal Rules of Civil Procedure.

Dated: March 1, 2023                    BRAUNHAGEY & BORDEN LLP

By: ___*/s/ Ellen Leonida*_____
                                        Ellen Leonida

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF TEXAS

## AUSTIN DIVISION

| | |
|---|---|
| Leila Green Little, *et al.*, | § |
| | § |
| Plaintiffs, | § |
| | § |
| v. | §   Civil Action No. 1:22-cv-00424-RP |
| | § |
| Llano County, *et al.*, | § |
| | § |
| Defendants. | § |
| | § |

### <u>PLAINTIFFS' NOTICE OF DEPOSITION OF RON CUNNINGHAM</u>

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiffs will take the deposition upon oral examination of Defendant Ron Cunningham. The deposition will take place at the offices of Wittliff | Cutter 1209 Nueces Street Austin, Texas 78701 on March 20, 2023, commencing at 10:00 A.M. Central Standard Time or at a time and place mutually agreeable to the parties.

The deposition will continue from day to day and shall be taken before an officer, notary public, or other person duly authorized to administer oaths. Pursuant to Federal Rule of Civil Procedure 30(b)(3), the testimony will be recorded by stenographic means and videotape. All or part of the deposition may be used at a hearing or trial as permitted under Rule 32 of the Federal Rules of Civil Procedure.

Dated: March 1, 2023                     BRAUNHAGEY & BORDEN LLP

By:    */s/ Ellen Leonida*
             Ellen Leonida

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

| | |
|---|---|
| Leila Green Little, et al., | ) |
| *Plaintiff* | ) |
| v. | ) |
| Llano County, et al., | ) |
| *Defendant* | ) |

Civil Action No.   1:22-cv-00424-RP

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                               Jonathan Mitchell

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Wittliff Cutter, PLLC<br>1209 Nueces St, Austin, TX 78701 | Date and Time:<br>03/31/2023 1:00 pm |
|---|---|

The deposition will be recorded by this method:   Video and stenographer

❐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      03/10/2023

*CLERK OF COURT*

OR

_____          /s/ Ellen Leonida
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiffs
Leila Green Little, et al.
_____ , who issues or requests this subpoena, are:

Ellen Leonida; 351 California St., 10th Fl., San Francisco, CA 94104; leonida@braunhagey.com; (415) 684-7285

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.  1:22-cv-00424-RP

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

      I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

      ❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

      ❏ I returned the subpoena unexecuted because: _____

_____ .

      Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

      $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

      I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).