No. 23-50224

# In the United States Court of Appeals for the Fifth Circuit

---

Leila Green Little; Jeanne Puryear; Kathy Kennedy; Rebecca Jones; Richard Day; Cynthia Waring; Diane Moster,

*Plaintiffs-Appellees*,

v.

Llano County; Ron Cunningham, in his official capacity as Llano County Judge; Jerry Don Moss, in his official capacity as Llano County Commissioner; Peter Jones, in his official capacity as Llano County Commissioner; Mike Sandoval, in his official capacity as Llano County Commissioner; Linda Raschke, in her official capacity as Llano County Commissioner; Amber Milum, in her official capacity as Llano County Library System Director; Bonnie Wallace, in her official capacity as Llano County Library Board Member; Rochelle Wells, in her official capacity as Llano County Library Board Member; Rhoda Schneider, in her official capacty as Llano County Library Board Member; Gay Baskin, in her official capacity as Llano County Library Board Member,

*Defendants-Appellants*.

---

On Appeal from the United States District Court
for the Western District of Texas
Case No. 1:22-cv-424-RP

---

## APPELLANTS' RECORD EXCERPTS

---

Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

*Counsel for Defendants-Appellants*

# TABLE OF CONTENTS

| Tab | Date | Document | ROA Page # | RE Page # |
|---|---|---|---|---|
| 1 | | District court docket sheet | ROA.1–38 | RE 1–38 |
| 2 | 3/30/2023 | Defendants' Notice of Appeal | ROA.3533–3534 | RE 39–40 |
| 3 | 3/30/2023 | District Court's Preliminary Injunction and Order | ROA.3507-3532 | RE 41–66 |

# Tab 1

INTAPP,ML,MOTION_REFERRED

# U.S. District Court [LIVE]
# Western District of Texas (Austin)
# CIVIL DOCKET FOR CASE #: 1:22-cv-00424-RP

Little et al v. Llano County et al

Assigned to: Judge Robert Pitman

Related Case:  5:22-cv-00400-JKP

Case in other court:  USCA 5th, 23-50224

Cause: 42:1983 Civil Rights Act

Date Filed: 04/25/2022

Jury Demand: None

Nature of Suit: 440 Civil Rights: Other

Jurisdiction: Federal Question

**Plaintiff**

**Leila Green Little**

represented by **Amy Senia**
BraunHagey & Borden LLP
351 California Street, 10th Floor
San Francisco, CA 94104
(415) 599-0210
Fax: (415) 599-0210
Email: senia@braunhagey.com
*TERMINATED: 08/01/2022*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ellen V. Leonida**
BraunHagey & Borden LLP
351 California Street, 10th Floor
San Francisco, CA 94104
(415) 599-0210
Fax: (415) 599-0210
Email: leonida@braunhagey.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ellis E. Herington**
BraunHagey & Borden LLP
351 California Street, 10th Floor
San Francisco, CA 94104
646-600-9152
Email: herington@braunhagey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**J. Noah Hagey**
BraunHagey & Borden LLP
351 California Street, 10th Floor
San Francisco, CA 94104
(415) 599-0210
Fax: (415) 599-0210

RE 01

23-50224.1

Email: hagey@braunhagey.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kayna Stavast Levy**
Wittliff Cutter, PLLC
1209 Nueces Street
Austin, TX 78701
(512) 971-1589
Email: kayna@wittliffcutter.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Maria Amelia Calaf**
Wittliff Cutter PLLC
1209 Nueces St
Austin, TX 78701
United Sta
512.213.6094
Fax: 512.960.4869
Email: mac@wittliffcutter.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marissa R. Benavides**
BraunHagey & Borden LLP
118 W 22nd Street
Ste 12th Floor
New York, NY 10011
646-876-5766
Email: benavides@braunhagey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew Borden**
BraunHagey & Borden LLP
351 California Street, 10th Floor
San Francisco, CA 94104
(415) 599-0210
Fax: (415) 599-0210
Email: borden@braunhagey.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Max Benjamin Bernstein**
BraunHagey & Borden LLP
118 West 22nd Street, 12th Floor
New York, NY 10011
646-828-9470
Email: bernstein@braunhagey.com
*LEAD ATTORNEY*

RE 02

*ATTORNEY TO BE NOTICED*

**Pratik Ghosh**
BraunHagey & Borden LLP
118 W 22nd Street, 12th Floor
New York, NY 10011
(646) 829-9403
Fax: (646) 829-9403
Email: ghosh@braunhagey.com
*TERMINATED: 10/07/2022*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan A. Botkin**
Wittliff Cutter PLLC
1209 Nueces St
Austin, TX 78701
United Sta
5129604730
Fax: 5129604869
Email: ryan@wittliffcutter.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah Salomon**
4163 Shafter Avenue
351 California Street, 10th Floor
Oakland, CA 94609
845-729-9105
Email: ssalomon48@gmail.com
*TERMINATED: 11/21/2022*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Katherine Patrice Chiarello**
Wittliff Cutter PLLC
1209 Nueces Street
Austin, TX 78701
(512) 960-4524
Fax: (512) 960-4869
Email: katherine@wittliffcutter.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jeanne Puryear**                    represented by   **Amy Senia**
(See above for address)
*TERMINATED: 08/01/2022*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**RE 03**

23-50224.3

**Ellen V. Leonida**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ellis E. Herington**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**J. Noah Hagey**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kayna Stavast Levy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Maria Amelia Calaf**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marissa R. Benavides**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew Borden**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Max Benjamin Bernstein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pratik Ghosh**
(See above for address)
*TERMINATED: 10/07/2022*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan A. Botkin**
(See above for address)
*LEAD ATTORNEY*

**RE 04**

23-50224.4

*ATTORNEY TO BE NOTICED*

**Sarah Salomon**
(See above for address)
*TERMINATED: 11/21/2022*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Katherine Patrice Chiarello**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kathy Kennedy**                    represented by    **Amy Senia**
(See above for address)
*TERMINATED: 08/01/2022*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ellen V. Leonida**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ellis E. Herington**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**J. Noah Hagey**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kayna Stavast Levy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Maria Amelia Calaf**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marissa R. Benavides**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

RE 05

23-50224.5

**Matthew Borden**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Max Benjamin Bernstein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pratik Ghosh**
(See above for address)
*TERMINATED: 10/07/2022*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan A. Botkin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah Salomon**
(See above for address)
*TERMINATED: 11/21/2022*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Katherine Patrice Chiarello**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rebecca Jones**                     represented by   **Amy Senia**
(See above for address)
*TERMINATED: 08/01/2022*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ellen V. Leonida**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ellis E. Herington**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

RE 06

23-50224.6

**J. Noah Hagey**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kayna Stavast Levy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Maria Amelia Calaf**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marissa R. Benavides**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew Borden**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Max Benjamin Bernstein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pratik Ghosh**
(See above for address)
*TERMINATED: 10/07/2022*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan A. Botkin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah Salomon**
(See above for address)
*TERMINATED: 11/21/2022*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Katherine Patrice Chiarello**
(See above for address)

RE 07

23-50224.7

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Richard Day**                                    represented by    **Amy Senia**
(See above for address)
*TERMINATED: 08/01/2022*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ellen V. Leonida**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ellis E. Herington**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**J. Noah Hagey**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kayna Stavast Levy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Maria Amelia Calaf**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marissa R. Benavides**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew Borden**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Max Benjamin Bernstein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

RE 08

23-50224.8

**Pratik Ghosh**
(See above for address)
*TERMINATED: 10/07/2022*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan A. Botkin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah Salomon**
(See above for address)
*TERMINATED: 11/21/2022*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Katherine Patrice Chiarello**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Cynthia Waring**                    represented by    **Amy Senia**
(See above for address)
*TERMINATED: 08/01/2022*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ellen V. Leonida**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ellis E. Herington**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**J. Noah Hagey**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kayna Stavast Levy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

RE 09

23-50224.9

**Maria Amelia Calaf**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marissa R. Benavides**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew Borden**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Max Benjamin Bernstein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pratik Ghosh**
(See above for address)
*TERMINATED: 10/07/2022*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan A. Botkin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah Salomon**
(See above for address)
*TERMINATED: 11/21/2022*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Katherine Patrice Chiarello**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Diane Moster**                         represented by  **Amy Senia**
(See above for address)
*TERMINATED: 08/01/2022*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ellen V. Leonida**

RE 10

23-50224.10

(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ellis E. Herington**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**J. Noah Hagey**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kayna Stavast Levy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Maria Amelia Calaf**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marissa R. Benavides**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew Borden**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Max Benjamin Bernstein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pratik Ghosh**
(See above for address)
*TERMINATED: 10/07/2022*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan A. Botkin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**RE 11**

23-50224.11

**Sarah Salomon**
(See above for address)
*TERMINATED: 11/21/2022*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Katherine Patrice Chiarello**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Llano County**                     represented by **Dwain K. Rogers , Jr.**
Munsch Hardt Kopf & Harr
111 Congress Ave.
Suite 2010
Austin, TX 78701
(512) 391-6115
Fax: 512/226-7115
Email: drogers@co.llano.tx.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew L. Rienstra**
Llano County Attorney's Office
801 Ford St., Room 111
Llano, TX 78643
(325)247-7750
Email: matt.rienstra@co.llano.tx.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan F. Mitchell**
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, TX 78701
(512) 686-3940
Fax: (512) 686-3941
Email: jonathan@mitchell.law
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ron Cunningham**                     represented by **Dwain K. Rogers , Jr.**
*in his official capacity as Llano County*     (See above for address)
*Judge*                                *LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew L. Rienstra**
(See above for address)

**RE 12**

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan F. Mitchell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jerry Don Moss**
*in his official capacity as Llano County*
*Commissioner*

represented by **Dwain K. Rogers , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew L. Rienstra**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan F. Mitchell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Peter Jones**
*in his official capacity as Llano County*
*Commissioner*

represented by **Dwain K. Rogers , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew L. Rienstra**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan F. Mitchell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mike Sandoval**
*in his official capacity as Llano County*
*Commissioner*

represented by **Dwain K. Rogers , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew L. Rienstra**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan F. Mitchell**
(See above for address)
*ATTORNEY TO BE NOTICED*

RE 13

23-50224.13

**Defendant**

**Linda Raschke**
*in her official capacity as Llano County*
*Commissioner*

represented by **Dwain K. Rogers , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew L. Rienstra**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan F. Mitchell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Amber Milum**
*in her official capacity as Llano County*
*Library System Director*

represented by **Dwain K. Rogers , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew L. Rienstra**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan F. Mitchell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bonnie Wallace**
*in her official capacity as Llano County*
*Library Board Member*

represented by **Dwain K. Rogers , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew L. Rienstra**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan F. Mitchell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Rochelle Wells**
*in her official capacity as Llano County*
*Library Board Member*

represented by **Dwain K. Rogers , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew L. Rienstra**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan F. Mitchell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Rhoda Schneider**                represented by    **Dwain K. Rogers , Jr.**
*in her official capacty as Llano County*                (See above for address)
*Library Board Member*                                   *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Matthew L. Rienstra**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan F. Mitchell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Gay Baskin**                      represented by    **Dwain K. Rogers , Jr.**
*in her official capacity as Llano County*               (See above for address)
*Library Board Member*                                   *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Matthew L. Rienstra**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan F. Mitchell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**State of Texas**                  represented by    **Landon Allen Wade**
*TERMINATED: 08/01/2022*                                 United States Attorney's Office
                                                          903 San Jacinto Blvd.
                                                          Suite 334
                                                          Austin, TX 78701
                                                          512-370-1255
                                                          Email: landon.wade@usdoj.gov
                                                          *TERMINATED: 08/01/2022*
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**RE 15**

**Leif A. Olson**

23-50224.15

Office of the Attorney General
P.O. Box 12548 (MC-009)
Capitol Station
Austin, TX 78711-2548
512-463-4139
Email: leif.olson@oag.texas.gov
*TERMINATED: 08/01/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Todd A. Dickerson**
Office of the Attorney General of Texas
PO Box 12548-Capitol Station
Austin, TX 78701
512-463-2120
Fax: 512-320-0667
Email: todd.dickerson@oag.texas.gov
*TERMINATED: 08/01/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan F. Mitchell**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/25/2022 | 1 (p.39) | COMPLAINT ( Filing fee $ 402 receipt number 0542-15959827), filed by Diane Moster, Jeanne Puryear, Leila Green Little, Cynthia Waring, Kathy Kennedy, Rebecca Jones, Richard Day. (Attachments: # 1 (p.39) Civil Cover Sheet)(Chiarello, Katherine) (Entered: 04/25/2022) |
| 04/25/2022 | 2 (p.72) | ***DOCUMENT DEFICIENT-ADVISED COUNSEL THAT INDIVIDUAL SUMMONSES NEED TO BE DONE FOR EACH DEFENDANT***REQUEST FOR ISSUANCE OF SUMMONS by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring. (Chiarello, Katherine) Modified on 4/26/2022 (nm). (Entered: 04/25/2022) |
| 04/25/2022 | | Case assigned to Judge Jason K. Pulliam. CM WILL NOW REFLECT THE JUDGE INITIALS AS PART OF THE CASE NUMBER. PLEASE APPEND THESE JUDGE INITIALS TO THE CASE NUMBER ON EACH DOCUMENT THAT YOU FILE IN THIS CASE. (nm) (Entered: 04/26/2022) |
| 04/25/2022 | | If ordered by the court, all referrals will be assigned to Magistrate Judge Bemporad (nm) (Entered: 04/26/2022) |
| 04/26/2022 | | DEFICIENCY NOTICE:***SPOKE TO COUNSEL AND ADVISED THAT INDIVIDUAL SUMMONSES NEED TO BE DONE FOR EACH DEFENDANT*** re 2 (p.72) Request for Issuance of Summons, (nm) (Entered: 04/26/2022) |
| 04/26/2022 | 3 (p.75) | Pro Hac Vice Letter to Ellen V. Leonida. (nm) (Entered: 04/26/2022) |
| 04/26/2022 | 4 (p.76) | Pro Hac Vice Letter to Matthew Borden. (nm) (Entered: 04/26/2022) |

RE 16

23-50224.16

| 04/26/2022 | 5 (p.77) | Pro Hac Vice Letter to J. Noah Hagey. (nm) (Entered: 04/26/2022) |
|---|---|---|
| 04/26/2022 | 6 (p.78) | Pro Hac Vice Letter to Sarah Salomon. (nm) (Entered: 04/26/2022) |
| 04/26/2022 | 7 (p.79) | Pro Hac Vice Letter to Pratik Ghosh. (nm) (Entered: 04/26/2022) |
| 04/26/2022 | 8 (p.80) | Pro Hac Vice Letter to Amy Senia. (nm) (Entered: 04/26/2022) |
| 04/26/2022 | 9 (p.81) | REQUEST FOR ISSUANCE OF SUMMONS by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring. (Botkin, Ryan) (Entered: 04/26/2022) |
| 04/26/2022 | 10 (p.103) | Summons Issued as to All Defendants. (nm) (Entered: 04/26/2022) |
| 04/27/2022 | 11 (p.125) | MOTION to Appear Pro Hac Vice by Katherine Patrice Chiarello *for Amy Senia* ( Filing fee $ 100 receipt number 0542-15969596) by on behalf of Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring. (Chiarello, Katherine) (Entered: 04/27/2022) |
| 04/27/2022 | 12 (p.129) | MOTION to Appear Pro Hac Vice by Katherine Patrice Chiarello *for Ellen V. Leonida* ( Filing fee $ 100 receipt number 0542-15969615) by on behalf of Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring. (Chiarello, Katherine) (Entered: 04/27/2022) |
| 04/27/2022 | 13 (p.134) | MOTION to Appear Pro Hac Vice by Katherine Patrice Chiarello *for Jonas Noah Hagey* ( Filing fee $ 100 receipt number 0542-15969629) by on behalf of Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring. (Chiarello, Katherine) (Entered: 04/27/2022) |
| 04/27/2022 | 14 (p.139) | MOTION to Appear Pro Hac Vice by Katherine Patrice Chiarello *for Matthew Borden* ( Filing fee $ 100 receipt number 0542-15969632) by on behalf of Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring. (Chiarello, Katherine) (Entered: 04/27/2022) |
| 04/27/2022 | 15 (p.144) | MOTION to Appear Pro Hac Vice by Katherine Patrice Chiarello *for Pratik Ghosh* ( Filing fee $ 100 receipt number 0542-15969636) by on behalf of Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring. (Chiarello, Katherine) (Entered: 04/27/2022) |
| 04/27/2022 | 16 (p.149) | MOTION to Appear Pro Hac Vice by Katherine Patrice Chiarello *for Sarah Salomon* ( Filing fee $ 100 receipt number 0542-15969644) by on behalf of Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring. (Chiarello, Katherine) (Entered: 04/27/2022) |
| 04/28/2022 | 17 (p.154) | ORDER--The Court hereby provides the parties the opportunity to present any appropriate motion, briefing, and opportunity for hearing on the issue whether transfer of venue to the Austin Division of the Western District of Texas is proper. Any motion or briefing by either party shall be filed on or before Monday, May 9, 2022, ( Miscellaneous Hearing set for 5/13/2022 9:00 AM before Judge Jason K. Pulliam,). Signed by Judge Jason K. Pulliam. (nm) (Entered: 04/28/2022) |
| 05/04/2022 | 18 (p.157) | RESPONSE *Plaintiffs' Response to the Court's April 28, 2022 Order Regarding Transfer of Venue to the Austin Division* to 17 (p.154) Order,, Set Hearings, by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring. (Chiarello, Katherine) (Entered: 05/04/2022) |

RE 17

| | | |
|---|---|---|
| 05/05/2022 | [19 (p.162)](#) | ORDER--IT IS HEREBY ORDERED this case be TRANSFERRED to the Austin Division of the Western Division of Texas. Signed by Judge Jason K. Pulliam. (nm) (Entered: 05/05/2022) |
| 05/05/2022 | [20 (p.164)](#) | SUMMONS Returned Executed by Diane Moster, Jeanne Puryear, Leila Green Little, Cynthia Waring, Kathy Kennedy, Rebecca Jones, Richard Day. All Defendants. (Chiarello, Katherine) (Entered: 05/05/2022) |
| 05/05/2022 | | Case transferred in from San Antonio Division on 05/05/2022 Case Number 5:22-cv-400., filed by Diane Moster, Jeanne Puryear, Leila Green Little, Cynthia Waring, Kathy Kennedy, Rebecca Jones, Richard Day.(dl) (Entered: 05/05/2022) |
| 05/05/2022 | | Case Assigned to Judge Robert Pitman. CM WILL NOW REFLECT THE JUDGEINITIALS AS PART OF THE CASE NUMBER. PLEASE APPEND THESE JUDGE INITIALSTO THE CASE NUMBER ON EACH DOCUMENT THAT YOU FILE IN THIS CASE. (dl) (Entered: 05/05/2022) |
| 05/05/2022 | | If ordered by the court, all referrals and consents in this case will be assigned to Magistrate Judge Lane. (dl) (Entered: 05/05/2022) |
| 05/05/2022 | [21 (p.186)](#) | Transfer Letter sent to all counsel. (dl) (Entered: 05/05/2022) |
| 05/09/2022 | [22 (p.187)](#) | MOTION for Preliminary Injunction by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring. (Attachments: # [1 (p.39)](#) Declaration, # [2 (p.72)](#) Declaration, # [3 (p.75)](#) Declaration, # [4 (p.76)](#) Declaration, # [5 (p.77)](#) Declaration, # [6 (p.78)](#) Declaration, # [7 (p.79)](#) Declaration, # [8 (p.80)](#) Declaration, # [9 (p.81)](#) Declaration, # [10 (p.103)](#) Declaration, # [11 (p.125)](#) Declaration, # [12 (p.129)](#) Proposed Order)(Botkin, Ryan) (Entered: 05/09/2022) |
| 05/10/2022 | | Text Order GRANTING [11 (p.125)](#) Motion to Appear Pro Hac Vice by attorney Amy Senia. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. entered by Judge Robert Pitman. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jg) (Entered: 05/10/2022) |
| 05/10/2022 | | Text Order GRANTING [12 (p.129)](#) Motion to Appear Pro Hac Vice by attorney Ellen V. Leonida. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. entered by Judge Robert Pitman. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jg) (Entered: 05/10/2022) |
| 05/10/2022 | | Text Order GRANTING [13 (p.134)](#) Motion to Appear Pro Hac Vice by attorney Jonas Noah Hagey. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. entered by Judge Robert Pitman. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jg) (Entered: 05/10/2022) |
| 05/10/2022 | | Text Order GRANTING [14 (p.139)](#) Motion to Appear Pro Hac Vice by attorney Matthew Borden. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. entered |

| | | |
|---|---|---|
| | | by Judge Robert Pitman. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jg) (Entered: 05/10/2022) |
| 05/10/2022 | | Text Order GRANTING 15 (p.144) Motion to Appear Pro Hac Vice by attorney Pratik Ghosh. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. entered by Judge Robert Pitman. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jg) (Entered: 05/10/2022) |
| 05/10/2022 | | Text Order GRANTING 16 (p.149) Motion to Appear Pro Hac Vice by attorney Sarah Salomon. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. entered by Judge Robert Pitman. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jg) (Entered: 05/10/2022) |
| 05/11/2022 | 23 (p.429) | MOTION to Expedite *Discovery* by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring. (Attachments: # 1 (p.39) Exhibit 1, # 2 (p.72) Exhibit 2, # 3 (p.75) Exhibit 3, # 4 (p.76) Exhibit 4, # 5 (p.77) Proposed Order)(Leonida, Ellen) (Entered: 05/11/2022) |
| 05/12/2022 | 24 (p.545) | SUPPLEMENT to 22 (p.187) MOTION for Preliminary Injunction , 23 (p.429) MOTION to Expedite *Discovery Notice Regarding Amended Certificate of Service* by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring. (Attachments: # 1 (p.39) Supplement Amended Certificate of Service)(Leonida, Ellen) (Entered: 05/12/2022) |
| 05/12/2022 | 25 (p.551) | SUPPLEMENT to 22 (p.187) MOTION for Preliminary Injunction *Notice Regarding Amended Certificate of Service* by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring. (Attachments: # 1 (p.39) Supplement Amended Certificate of Service)(Leonida, Ellen) (Entered: 05/12/2022) |
| 05/13/2022 | 26 (p.557) | Plaintiffs' Notice of Lodging. (USB drive uploaded to the drive) (cc3) Modified on 10/4/2022 (jz). (Entered: 05/16/2022) |
| 05/17/2022 | 27 (p.560) | ORDER SETTING Telephone Conference for 5/19/2022 at 09:00 AM before Judge Robert Pitman. Signed by Judge Robert Pitman. (jv2) (Entered: 05/17/2022) |
| 05/18/2022 | 28 (p.561) | **DEFICIENT PLEADING** Agreed MOTION for Extension of Time to File Answer *Leila Green Little, et al* by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, Bonnie Wallace, Rochelle Wells. (Attachments: # 1 (p.39) Proposed Order)(Rienstra, Matthew) Modified on 5/18/2022 (jv2). (Entered: 05/18/2022) |
| 05/18/2022 | 29 (p.565) | DEFICIENCY NOTICE: re 28 (p.561) Agreed MOTION for Extension of Time to File Answer *Leila Green Little, et al* **Incorrect case number or case style listed on document filed.Remarks: Please refile the motion with the correct style/case number.** (jv2) (Entered: 05/18/2022) |
| 05/19/2022 | 30 | Minute Entry for proceedings held before Judge Robert Pitman: Telephone Conference held on 5/19/2022. (Minute entry documents are not available electronically.) (Court Reporter Lily Reznik.)(jv2) (Entered: 05/19/2022) |
| 05/19/2022 | | **RE 19** |

| | | |
|---|---|---|
| | <u>31</u><br>(p.566) | ORDER Setting Preliminary Injunction Hearing. Hearing set for 7/7/2022 at 09:00 AM before Judge Robert Pitman. Signed by Judge Robert Pitman. (jv2) (Entered: 05/19/2022) |
| 05/19/2022 | <u>32</u><br>(p.567) | Agreed MOTION for Extension of Time to File Response/Reply as to <u>1 (p.39)</u> Complaint, *Little, et al* by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, Bonnie Wallace, Rochelle Wells. (Attachments: # <u>1 (p.39)</u> Proposed Order)(Rienstra, Matthew) Modified on 5/19/2022 (jv2). (Entered: 05/19/2022) |
| 05/20/2022 | | Text Order GRANTING <u>32 (p.567)</u> Motion for Extension of Time to Answer entered by Judge Robert Pitman. IT IS ORDERED that Defendants shall answer or otherwise respond to the Complaint on or before June 8, 2022. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jalc) (Entered: 05/20/2022) |
| 05/20/2022 | | Text Order MOOTING <u>28 (p.561)</u> Motion for Extension of Time to Answer entered by Judge Robert Pitman. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jalc) (Entered: 05/20/2022) |
| 05/20/2022 | | Set/Reset Deadlines: Gay Baskin answer due 6/8/2022; Ron Cunningham answer due 6/8/2022; Peter Jones answer due 6/8/2022; Llano County answer due 6/8/2022; Amber Milum answer due 6/8/2022; Jerry Don Moss answer due 6/8/2022; Linda Raschke answer due 6/8/2022; Mike Sandoval answer due 6/8/2022; Rhoda Schneider answer due 6/8/2022; Bonnie Wallace answer due 6/8/2022; Rochelle Wells answer due 6/8/2022. (jv2) (Entered: 05/20/2022) |
| 06/01/2022 | <u>33</u><br>(p.571) | RESPONSE to Motion, filed by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, Bonnie Wallace, Rochelle Wells, re <u>23 (p.429)</u> MOTION to Expedite *Discovery* filed by Plaintiff Leila Green Little, Plaintiff Kathy Kennedy, Plaintiff Jeanne Puryear, Plaintiff Cynthia Waring, Plaintiff Richard Day, Plaintiff Rebecca Jones, Plaintiff Diane Moster (Rienstra, Matthew) (Entered: 06/01/2022) |
| 06/02/2022 | | Text Order REFERRING <u>23 (p.429)</u> Motion to Expedite entered by Judge Robert Pitman. IT IS ORDERED that the Motion to Expedite, (Dkt. 23), is REFERRED to United States Magistrate Judge Mark Lane for disposition pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jalc) (Entered: 06/02/2022) |
| 06/02/2022 | | MOTION REFERRED: referred <u>23 (p.429)</u> MOTION to Expedite *Discovery*. Referral Judge: Mark Lane. (jv2) (Entered: 06/02/2022) |
| 06/03/2022 | <u>35</u><br>(p.578) | ORDER Setting Hearing on <u>23 (p.429)</u> MOTION for Expedited Discovery: Motion Hearing set for 6/8/2022 at 02:00 PM before Judge Mark Lane. The parties are ordered to file a Joint Notice by 6/7/2022 identifying resolved and remaining outstanding issues. Signed by Judge Mark Lane. (jv2) (Entered: 06/03/2022) |
| 06/06/2022 | <u>36</u><br>(p.579) | REPLY to Response to Motion, filed by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring, re <u>23 (p.429)</u> MOTION to Expedite *Discovery* filed by Plaintiff Leila Green Little, Plaintiff Kathy Kennedy, Plaintiff Jeanne Puryear, Plaintiff Cynthia Waring, Plaintiff Richard Day, Plaintiff Rebecca Jones, Plaintiff Diane Moster (Attachments: # <u>1 (p.39)</u> Declaration of Sarah Salomon, Esq., # <u>2 (p.72)</u> Exhibit A to Salomon |

| | | |
|---|---|---|
| | | Declaration, # 3 (p.75) Exhibit B to Salomon Declaration, # 4 (p.76) Exhibit C to Salomon Declaration)(Leonida, Ellen) (Entered: 06/06/2022) |
| 06/06/2022 | 37 (p.3863) | Transcript filed of Proceedings held on May 19, 2022, Proceedings Transcribed: Telephone Conference. Court Reporter/Transcriber: Lily I. Reznik, Telephone number: 512-391-8792 or Lily_Reznik@txwd.uscourts.gov. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed Redaction Request due 6/27/2022, Redacted Transcript Deadline set for 7/7/2022, Release of Transcript Restriction set for 9/6/2022, (lr) (Entered: 06/06/2022) |
| 06/07/2022 | 39 (p.598) | NOTICE *Joint Notice* by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring re 23 (p.429) MOTION to Expedite *Discovery* (Leonida, Ellen) (Entered: 06/07/2022) |
| 06/08/2022 | 40 (p.601) | ORDER re 39 (p.598) Joint Notice. 23 (p.429) Plaintiff's MOTION to Expedite Discovery is rendered MOOT. IT IS FURTHER ORDERED the hearing set for 06/08/2022 at 2:00 p.m. is CANCELLED. Signed by Judge Mark Lane. (jv2) (Entered: 06/08/2022) |
| 06/08/2022 | 41 (p.602) | MOTION *to Intervene* by State of Texas. (Attachments: # 1 (p.39) Proposed Order)(Wade, Landon) (Entered: 06/08/2022) |
| 06/08/2022 | 42 (p.609) | Motion to Dismiss for Failure to State a Claim *Little, et al*, MOTION to Dismiss for Lack of Jurisdiction by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, State of Texas, Bonnie Wallace, Rochelle Wells. (Attachments: # 1 (p.39) Proposed Order)(Rienstra, Matthew) (Entered: 06/08/2022) |
| 06/14/2022 | 43 (p.626) | Opposed MOTION for Entry of Scheduling Order Deadlines *for Plaintiffs' Motion for Preliminary Injunction* by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring. (Attachments: # 1 (p.39) Proposed Order)(Leonida, Ellen) (Entered: 06/14/2022) |
| 06/15/2022 | 44 (p.632) | RESPONSE to Motion, filed by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, State of Texas, Bonnie Wallace, Rochelle Wells, re 43 (p.626) Opposed MOTION for Entry of Scheduling Order Deadlines *for Plaintiffs' Motion for Preliminary Injunction* filed by Plaintiff Leila Green Little, Plaintiff Kathy Kennedy, Plaintiff Jeanne Puryear, Plaintiff Cynthia Waring, Plaintiff Richard Day, Plaintiff Rebecca Jones, Plaintiff Diane Moster (Attachments: # 1 (p.39) Proposed Order)(Rienstra, Matthew) (Entered: 06/15/2022) |
| 06/15/2022 | 45 (p.636) | NOTICE of Attorney Appearance by Jonathan F. Mitchell on behalf of Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, Bonnie Wallace, Rochelle Wells. Attorney Jonathan F. Mitchell added to party Gay Baskin(pty:dft), Attorney Jonathan F. Mitchell added to party Ron Cunningham(pty:dft), Attorney Jonathan F. Mitchell added to party Peter Jones(pty:dft), Attorney Jonathan F. Mitchell added to party Llano County(pty:dft), Attorney Jonathan F. Mitchell added to party Amber Milum(pty:dft), Attorney Jonathan F. Mitchell added to party Jerry Don |

**RE 21**

| | | |
|---|---|---|
| | | Moss(pty:dft), Attorney Jonathan F. Mitchell added to party Linda Raschke(pty:dft), Attorney Jonathan F. Mitchell added to party Mike Sandoval(pty:dft), Attorney Jonathan F. Mitchell added to party Rhoda Schneider(pty:dft), Attorney Jonathan F. Mitchell added to party Bonnie Wallace(pty:dft), Attorney Jonathan F. Mitchell added to party Rochelle Wells(pty:dft) (Mitchell, Jonathan) (Entered: 06/15/2022) |
| 06/22/2022 | 46 (p.638) | Agreed MOTION for Entry of Scheduling Order Deadlines by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring. (Attachments: # 1 (p.39) Proposed Order)(Leonida, Ellen) (Entered: 06/22/2022) |
| 06/22/2022 | 47 (p.644) | RESPONSE to Motion, filed by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring, re 41 (p.602) MOTION *to Intervene* filed by Movant State of Texas (Leonida, Ellen) (Entered: 06/22/2022) |
| 07/01/2022 | | Text Order MOOTING 43 (p.626) Motion for Entry of Scheduling Order entered by Judge Robert Pitman. In light of the parties' agreed motion to extend scheduling deadlines, IT IS ORDERED that the Motion for Entry of Scheduling Order, (Dkt. 43), is MOOT. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jalc) (Entered: 07/01/2022) |
| 07/01/2022 | 48 (p.648) | ORDER GRANTING 46 (p.638) Motion for a Continuance of Preliminary Injunction Hearing and Entry of Briefing Schedule. Signed by Judge Robert Pitman. (dm) (Entered: 07/01/2022) |
| 07/15/2022 | 49 (p.650) | Response in Opposition to Motion, filed by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, State of Texas, Bonnie Wallace, Rochelle Wells, re 22 (p.187) MOTION for Preliminary Injunction filed by Plaintiff Leila Green Little, Plaintiff Kathy Kennedy, Plaintiff Jeanne Puryear, Plaintiff Cynthia Waring, Plaintiff Richard Day, Plaintiff Rebecca Jones, Plaintiff Diane Moster (Attachments: # 1 (p.39) Exhibit, # 2 (p.72) Exhibit, # 3 (p.75) Exhibit)(Mitchell, Jonathan) (Entered: 07/15/2022) |
| 07/15/2022 | 50 (p.686) | Response in Opposition to Motion, filed by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring, re 42 (p.609) Motion to Dismiss for Failure to State a Claim *Little, et al* MOTION to Dismiss for Lack of Jurisdiction filed by Defendant Linda Raschke, Defendant Ron Cunningham, Defendant Rhoda Schneider, Defendant Bonnie Wallace, Defendant Mike Sandoval, Defendant Jerry Don Moss, Defendant Gay Baskin, Movant State of Texas, Defendant Peter Jones, Defendant Amber Milum, Defendant Rochelle Wells, Defendant Llano County (Leonida, Ellen) (Entered: 07/15/2022) |
| 07/18/2022 | 51 (p.713) | Proposed Scheduling Order by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring. (Leonida, Ellen) (Entered: 07/18/2022) |
| 07/21/2022 | 52 (p.717) | MOTION to Withdraw as Attorney *of Amy W. Senia* by Leila Green Little. (Senia, Amy) (Entered: 07/21/2022) |
| 07/23/2022 | 53 (p.720) | SUPPLEMENT to 50 (p.686) Response in Opposition to Motion,, *(Supplemental Declaration of Amber Milum)* by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, Bonnie Wallace, Rochelle Wells. (Mitchell, Jonathan) (Entered: 07/23/2022) **RE 22** |

| | | |
|---|---|---|
| 07/29/2022 | 54 (p.723) | REPLY to Response to Motion, filed by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, Bonnie Wallace, Rochelle Wells, re 42 (p.609) Motion to Dismiss for Failure to State a Claim *Little, et al* MOTION to Dismiss for Lack of Jurisdiction filed by Defendant Linda Raschke, Defendant Ron Cunningham, Defendant Rhoda Schneider, Defendant Bonnie Wallace, Defendant Mike Sandoval, Defendant Jerry Don Moss, Defendant Gay Baskin, Movant State of Texas, Defendant Peter Jones, Defendant Amber Milum, Defendant Rochelle Wells, Defendant Llano County (Mitchell, Jonathan) (Entered: 07/29/2022) |
| 07/29/2022 | 57 (p.744) | MOTION to Compel Discovery Responses Introduction by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring. (pg) (Additional attachment(s) added on 8/2/2022: # 1 (p.39) Declaration of Sarah Salomon, # 2 (p.72) Proposed Order) (klw). (Entered: 08/02/2022) |
| 07/29/2022 | 59 (p.805) | REPLY to Response to Motion, filed by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring, re 22 (p.187) MOTION for Preliminary Injunction filed by Plaintiff Leila Green Little, Plaintiff Kathy Kennedy, Plaintiff Jeanne Puryear, Plaintiff Cynthia Waring, Plaintiff Richard Day, Plaintiff Rebecca Jones, Plaintiff Diane Moster. # 1 (p.39) Declaration of Sarah Salomon, # 2 (p.72) Declaration of Diane Moster, # 3 (p.75) Declaration of Richard Day, # 4 (p.76) Declaration of Rebecca Jones, # 5 (p.77) Declaration of Kathy Kennedy, # 6 (p.78) Declaration of Jeanne Puryear, # 7 (p.79) Declaration of Leila Green Little, # 8 (p.80) Declaration of Suzette Baker) (klw). (Entered: 08/03/2022) |
| 08/01/2022 | | Text Order GRANTING 52 (p.717) Motion to Withdraw as Attorney entered by Judge Robert Pitman. In light of the lack of opposition, IT IS ORDERED that Amy W. Senia's motion to withdraw is GRANTED. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jalc) (Entered: 08/01/2022) |
| 08/01/2022 | 55 (p.739) | NOTICE *of Withdrawal of Motion to Intervene* by State of Texas re 41 (p.602) MOTION *to Intervene* (Wade, Landon) (Entered: 08/01/2022) |
| 08/02/2022 | 56 (p.741) | SCHEDULING ORDER: Consent to Trial by Magistrate due by 8/5/2022, Jury Trial set for 10/16/2023 09:00 AM before Judge Robert Pitman, ADR Report Deadline due by 9/23/2022, Amended Pleadings due by 11/18/2022, Discovery due by 3/21/2023, Motions due by 5/19/2023,. Signed by Judge Robert Pitman. (pg) (Entered: 08/02/2022) |
| 08/03/2022 | | Text Order REFERRING 57 (p.744) Motion to Compel entered by Judge Robert Pitman. IT IS ORDERED that the Motion to Compel, (Dkt. 57), is REFERRED to United States Magistrate Judge Mark Lane for disposition pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jalc) (Entered: 08/03/2022) |
| 08/03/2022 | | MOTION REFERRED: referred 57 (p.744) MOTION to Compel. Referral Judge: Mark Lane. (lt) (Entered: 08/03/2022) |
| 08/03/2022 | 58 (p.804) | ORDER SETTING HEARING on 57 (p.744) MOTION to Compel : for 8/10/2002 at 02:00 PM before Judge Mark Lane. Signed by Judge Mark Lane. (cc3) (Entered: 08/03/2022) |

**RE 23**

| | | |
|---|---|---|
| 08/03/2022 | 60 (p.953) | NOTICE *Concerning Reference to United States Magistrate Judge* by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring (Leonida, Ellen) (Entered: 08/03/2022) |
| 08/03/2022 | 61 (p.955) | Unopposed MOTION *ro Correct Signature Block* re 49 (p.650) Response in Opposition to Motion,, by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, Bonnie Wallace, Rochelle Wells. (Attachments: # 1 (p.39) Exhibit, # 2 (p.72) Proposed Order)(Mitchell, Jonathan) (Entered: 08/03/2022) |
| 08/05/2022 | 62 (p.979) | NOTICE *Concerning Reference to United States Magistrate Judge* by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, Bonnie Wallace, Rochelle Wells (Mitchell, Jonathan) (Entered: 08/05/2022) |
| 08/08/2022 | | Text Order GRANTING 61 (p.955) Motion entered by Judge Robert Pitman. In light of the lack of opposition, IT IS ORDERED that the Clerk of the Court shall file the corrected brief, (Dkt. 61-1). (This is a text-only entry generated by the court. There is no document associated with this entry.) (jalc) (Entered: 08/08/2022) |
| 08/08/2022 | 63 (p.981) | Corrected Response in Opposition to Motion, filed by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, Bonnie Wallace, Rochelle Wells, re 22 (p.187) MOTION for Preliminary Injunction filed by Plaintiff Leila Green Little, Plaintiff Kathy Kennedy, Plaintiff Jeanne Puryear, Plaintiff Cynthia Waring, Plaintiff Richard Day, Plaintiff Rebecca Jones, Plaintiff Diane Moster. (dm) (Entered: 08/08/2022) |
| 08/09/2022 | 64 (p.1000) | NOTICE by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring re 57 (p.744) MOTION to Compel (Leonida, Ellen) (Entered: 08/09/2022) |
| 08/10/2022 | 65 (p.1001) | ORDER Cancelling Hearing. ORDER MOOTING 57 (p.744) MOTION to Compel filed by Leila Green Little, Kathy Kennedy, Jeanne Puryear, Cynthia Waring, Richard Day, Rebecca Jones, Diane Moster.. Signed by Judge Mark Lane. (dm) (Entered: 08/10/2022) |
| 08/16/2022 | 66 (p.1003) | ORDER SETTING TELEPHONE CONFERENCE for 8/30/2022 at 03:10 PM by phone before Judge Robert Pitman. Signed by Judge Robert Pitman. (cc3) (Entered: 08/16/2022) |
| 08/23/2022 | 67 (p.1004) | Rule 26(f) Discovery Report/Case Management Plan by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring. (Leonida, Ellen) (Entered: 08/23/2022) |
| 08/30/2022 | 68 | Minute Entry for proceedings held before Judge Robert Pitman: Telephone Conference held on 8/30/2022 (Minute entry documents are not available electronically.). (Court Reporter Lily Reznik.)(dm) (Entered: 08/31/2022) |
| 08/31/2022 | 69 (p.1009) | ORDER SETTING PRELIMINARY INJUNCTION HEARING. Hearing set for 10/28/2022 at 11:00 AM before Judge Robert Pitman. Signed by Judge Robert Pitman. (dm) (Entered: 08/31/2022) |
| 09/08/2022 | 70 (p.1010) | MOTION for Max Benjamin Bernstein to Appear Pro Hac Vice by Katherine Patrice Chiarello ( Filing fee $ 100 receipt number ATXWDC-16500560) by on behalf of Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster |

| | | |
|---|---|---|
| | | Jeanne Puryear, Cynthia Waring. (Chiarello, Katherine) Modified on 9/8/2022 to add atty name (klw). (Entered: 09/08/2022) |
| 09/12/2022 | 71 (p.1015) | ORDER GRANTING 70 (p.1010) Motion to Appear Pro Hac Vice as to Max Benjamin Bernstein. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register with our court within 10 days of this order. Registration is managed by the PACER Service Center Signed by Judge Robert Pitman. (dm) (Entered: 09/12/2022) |
| 09/23/2022 | 72 (p.1016) | ADR Report Filed - NON-CONSENT to Alternate Dispute Resolution (ADR) by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring(Leonida, Ellen) (Entered: 09/23/2022) |
| 09/28/2022 | 73 (p.1018) | MOTION to Withdraw as Attorney *of Pratik K. Raj Ghosh* by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring. (Ghosh, Pratik) (Entered: 09/28/2022) |
| 10/07/2022 | 74 (p.1020) | STIPULATION *REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION* by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring. (Leonida, Ellen) (Entered: 10/07/2022) |
| 10/07/2022 | | Text Order GRANTING 73 (p.1018) Motion to Withdraw as Attorney entered by Judge Robert Pitman. In light of the lack of opposition, IT IS ORDERED that Pratik K. Raj Ghosh's motion to withdraw is GRANTED. (This is a text-only entry generated by the court. There is no document associated with this entry.) (lolc) (Entered: 10/07/2022) |
| 10/21/2022 | 75 (p.1032) | NOTICE by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, State of Texas, Bonnie Wallace, Rochelle Wells (Rienstra, Matthew) (Entered: 10/21/2022) |
| 10/27/2022 | 76 (p.1034) | PRETRIAL MEMORANDUM by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring. (Attachments: # 1 (p.39) Exhibit A, # 2 (p.72) Exhibit B-1, # 3 (p.75) Exhibit B-2, # 4 (p.76) Exhibit B-3, # 5 (p.77) Exhibit B-4, # 6 (p.78) Exhibit C)(Leonida, Ellen) (Entered: 10/27/2022) |
| 10/28/2022 | 77 (p.1482) | Miscellaneous Objection to 76 (p.1034) Pretrial Memorandum, by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, Bonnie Wallace, Rochelle Wells. (Mitchell, Jonathan) (Entered: 10/28/2022) |
| 10/28/2022 | 78 (p.1486) | PRETRIAL MEMORANDUM by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, Bonnie Wallace, Rochelle Wells. (Attachments: # 1 (p.39) Exhibit Defendants' Deposition Counter-Designations)(Mitchell, Jonathan) (Entered: 10/28/2022) |
| 10/28/2022 | 79 | Minute Entry for proceedings held before Judge Robert Pitman: Motion Hearing held on 10/28/2022 re 22 (p.187) MOTION for Preliminary Injunction filed by Leila Green Little, Kathy Kennedy, Jeanne Puryear, Cynthia Waring, Richard Day, Rebecca Jones, Diane Moster (Minute entry documents are not available electronically.). (Court Reporter Lily Reznik.)(dm) (Entered: 10/28/2022) |

| | | |
|---|---|---|
| 10/31/2022 | 80 | Minute Entry for proceedings held before Judge Robert Pitman: Motion Hearing held on 10/31/2022 re 22 (p.187) MOTION for Preliminary Injunction. Written order forthcoming after filing of post-hearing briefs. (Minute entry documents are not available electronically.) (Court Reporter Lily Reznik.)(jv2) (Entered: 10/31/2022) |
| 10/31/2022 | 81 (p.1495) | Preliminary Injunction Hearing Witness List. (jv2) (Entered: 10/31/2022) |
| 10/31/2022 | 82 (p.1496) | Plaintiff's Preliminary Injunction Hearing EXHIBITS. (jv2) (Additional attachment(s) added on 11/1/2022: # 1 (p.39) Plfts Exhibits 1,2a-2c, 2f, 5-8, 10, 13-14, 17, 19, 22-23, 29, 32, 35, 37-38, 52, 59-60, 76, # 2 (p.72) Pltfs Exhibits 79, 79a, 87-91) (klw). (Entered: 10/31/2022) |
| 10/31/2022 | 83 | Defendants' Preliminary Injunction Hearing EXHIBITS. (jv2) (Entered: 10/31/2022) |
| 11/08/2022 | 84 (p.1870) | Agreed MOTION for Entry of Scheduling Order Deadlines *Regarding Post-Hearing Briefing* by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring. (Attachments: # 1 (p.39) Proposed Order)(Leonida, Ellen) (Entered: 11/08/2022) |
| 11/09/2022 | 85 (p.1874) | MOTION to Withdraw as Attorney by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring. (Leonida, Ellen) (Entered: 11/09/2022) |
| 11/09/2022 | 86 (p.1876) | DEFICIENCY NOTICE to Ellen Leonida: re 85 (p.1874) MOTION to Withdraw as Attorney . **Proposed Orders are required when a non-dispositive Motion is filed. DO NOT RE-FILE the entire document. Please, file ONLY the Proposed Order. Use the "PROPOSED ORDER" event from the menu and LINK the Proposed Order to your Motion.** (klw) (Entered: 11/09/2022) |
| 11/09/2022 | 87 (p.1877) | Proposed Order to 85 (p.1874) MOTION to Withdraw as Attorney by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring. (Leonida, Ellen) (Entered: 11/09/2022) |
| 11/14/2022 | 88 (p.1878) | ORDER GRANTING 84 (p.1870) Motion for Entry of a Post-Hearing Briefing Schedule. Signed by Judge Robert Pitman. (dm) (Entered: 11/14/2022) |
| 11/21/2022 | | Text Order GRANTING 85 (p.1874) Motion to Withdraw as Attorney entered by Judge Robert Pitman. For good cause shown, IT IS ORDERED that Sarah Salomon is WITHDRAWN as counsel for Plaintiffs. (This is a text-only entry generated by the court. There is no document associated with this entry.) (lolc) (Entered: 11/21/2022) |
| 11/30/2022 | 89 (p.1879) | MOTION to Extend Scheduling Order Deadlines by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring. (Attachments: # 1 (p.39) Proposed Order)(Leonida, Ellen) (Entered: 11/30/2022) |
| 12/01/2022 | 90 (p.1883) | ORDER GRANTING 89 (p.1879) Motion for Entry of an Amended Post-Hearing Briefing Schedule. Signed by Judge Robert Pitman. (dm) (Entered: 12/01/2022) |
| 12/09/2022 | 91 (p.1884) | Memorandum in Support, filed by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring, re 22 (p.187) MOTION for Preliminary Injunction filed by Plaintiff Leila Green Little, Plaintiff Kathy Kennedy, Plaintiff Jeanne Puryear, Plaintiff Cynthia Waring, Plaintiff Richard Day, Plaintiff Rebecca Jones, Plaintiff Diane Moster (Leonida, Ellen) (Entered: |

| | | |
|---|---|---|
| | | 12/09/2022) |
| 12/16/2022 | 92 (p.1915) | Opposed MOTION to Compel *Discovery Responses*, Opposed MOTION for Sanctions by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring. (Attachments: # 1 (p.39) Exhibit A - Declaration of Max Bernstein, # 2 (p.72) Exhibit 1, # 3 (p.75) Exhibit 2, # 4 (p.76) Exhibit 3, # 5 (p.77) Exhibit 4, # 6 (p.78) Exhibit 5, # 7 (p.79) Exhibit 6, # 8 (p.80) Exhibit 7, # 9 (p.81) Exhibit 8, # 10 (p.103) Exhibit 9, # 11 (p.125) Exhibit 10, # 12 (p.129) Exhibit 11, # 13 (p.134) Proposed Order)(Leonida, Ellen) (Entered: 12/16/2022) |
| 12/23/2022 | 93 (p.2236) | Unopposed MOTION for Extension of Time to File Response/Reply *to Plaintiffs' Motion to Compel* by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, State of Texas, Bonnie Wallace, Rochelle Wells. (Attachments: # 1 (p.39) Proposed Order)(Mitchell, Jonathan) (Entered: 12/23/2022) |
| 12/30/2022 | 94 (p.2241) | Unopposed MOTION for Leave to Exceed Page Limitation by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, Bonnie Wallace, Rochelle Wells. (Attachments: # 1 (p.39) Brief, # 2 (p.72) Exhibit, # 3 (p.75) Exhibit, # 4 (p.76) Exhibit, # 5 (p.77) Exhibit, # 6 (p.78) Exhibit, # 7 (p.79) Exhibit, # 8 (p.80) Proposed Order)(Mitchell, Jonathan) (Entered: 12/30/2022) |
| 01/03/2023 | | Text Order GRANTING 93 (p.2236) Motion for Extension of Time to File Response/Reply to 92 (p.1915) Plaintiffs' Motion to Compel entered by Judge Robert Pitman. For good cause shown, IT IS ORDERED that Defendants shall respond to Plaintiffs' motion to compel, (Dkt. 92), on or before January 6, 2023. (This is a text-only entry generated by the court. There is no document associated with this entry.) (lolc) (Entered: 01/03/2023) |
| 01/03/2023 | | Text Order GRANTING 94 (p.2241) Motion for Leave to File Excess Pages entered by Judge Robert Pitman. For good cause shown, IT IS ORDERED that Defendants' post hearing brief is limited to no more than 30 pages. (This is a text-only entry generated by the court. There is no document associated with this entry.) (lolc) (Entered: 01/03/2023) |
| 01/03/2023 | 95 (p.2309) | Unopposed MOTION for Leave to Exceed Page Limitation by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring. (Calaf, Maria) (Entered: 01/03/2023) |
| 01/03/2023 | 96 (p.2312) | RESPONSE to 91 (p.1884) Memorandum in Support of Motion, by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, Bonnie Wallace, Rochelle Wells. (dm) (Entered: 01/03/2023) |
| 01/04/2023 | | Text Order GRANTING 95 (p.2309) Motion for Leave to File Excess Pages entered by Judge Robert Pitman. IT IS ORDERED that Plaintiffs' reply brief is limited to no more than fifteen (15) pages. (This is a text-only entry generated by the court. There is no document associated with this entry.) (lolc) (Entered: 01/04/2023) |
| 01/06/2023 | 97 (p.2375) | Second MOTION for Extension of Time to File Response/Reply as to 92 (p.1915) Opposed MOTION to Compel *Discovery Responses*Opposed MOTION for Sanctions *Little, et al* by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, State of Texas, Bonnie Wallace, Rochelle Wells. (Attachments: # 1 (p.39) Memo in |

| | | |
|---|---|---|
| | | Support Memorandum in Support, # 2 (p.72) Affidavit Declaration of DKR, # 3 (p.75) Proposed Order Order)(Rienstra, Matthew) (Entered: 01/06/2023) |
| 01/06/2023 | 98 (p.2390) | REPLY *Plaintiffs' Reply in Support of Their Post-Hearing Brief* to 96 (p.2312) Response, 91 (p.1884) Memorandum in Support of Motion, re 22 (p.187) Motion for Preliminary Injunction by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring. (Leonida, Ellen) Modified on 1/9/2023 to create docket entry relationship (lt). (Entered: 01/06/2023) |
| 01/08/2023 | 99 (p.2409) | Unopposed MOTION for Leave to File Corrected Brief by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, Bonnie Wallace, Rochelle Wells. (Attachments: # 1 (p.39) Exhibit, # 2 (p.72) Proposed Order)(Mitchell, Jonathan) (Entered: 01/08/2023) |
| 01/09/2023 | | Text Order GRANTING 99 (p.2409) Motion for Leave to File Corrected Brief entered by Judge Robert Pitman. For good cause shown, IT IS ORDERED that Defendants shall file their corrected brief and exhibits on or before January 16, 2023. (This is a text-only entry generated by the court. There is no document associated with this entry.) (lolc) (Entered: 01/09/2023) |
| 01/09/2023 | 100 (p.2448) | RESPONSE to Motion, filed by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, Bonnie Wallace, Rochelle Wells, re 22 (p.187) MOTION for Preliminary Injunction filed by Plaintiff Leila Green Little, Plaintiff Kathy Kennedy, Plaintiff Jeanne Puryear, Plaintiff Cynthia Waring, Plaintiff Richard Day, Plaintiff Rebecca Jones, Plaintiff Diane Moster *(CORRECTED BRIEF)* (Attachments: # 1 (p.39) Exhibit, # 2 (p.72) Exhibit, # 3 (p.75) Exhibit, # 4 (p.76) Exhibit, # 5 (p.77) Exhibit, # 6 (p.78) Exhibit)(Mitchell, Jonathan) (Entered: 01/09/2023) |
| 01/10/2023 | 101 (p.2511) | Response in Opposition to Motion, filed by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring, re 97 (p.2375) Second MOTION for Extension of Time to File Response/Reply as to 92 (p.1915) Opposed MOTION to Compel *Discovery Responses*Opposed MOTION for Sanctions *Little, et al* filed by Defendant Linda Raschke, Defendant Ron Cunningham, Defendant Rhoda Schneider, Defendant Bonnie Wallace, Defendant Mike Sandoval, Defendant Jerry Don Moss, Defendant Gay Baskin, Movant State of Texas, Defendant Peter Jones, Defendant Amber Milum, Defendant Rochelle Wells, Defendant Llano County (Leonida, Ellen) (Entered: 01/10/2023) |
| 01/12/2023 | 102 (p.2516) | NOTICE *TO THE COURT* by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, Bonnie Wallace, Rochelle Wells (Attachments: # 1 (p.39) Exhibit, # 2 (p.72) Exhibit)(Mitchell, Jonathan) (Entered: 01/12/2023) |
| 01/12/2023 | 103 (p.2532) | RESPONSE to 102 (p.2516) Notice (Other), filed by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring. (Leonida, Ellen) (Entered: 01/12/2023) |
| 01/17/2023 | 104 (p.2535) | NOTICE *Little, et al* by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, State of Texas, Bonnie Wallace, Rochelle Wells (Rienstra, Matthew) (Entered: 01/17/2023) |
| 01/18/2023 | | Text Order GRANTING 97 (p.2375) Motion for Extension of Time to File Response/Reply Opposed MOTION to Compel Discovery Responses/Opposed |

| | | |
|---|---|---|
| | | MOTION for Sanctions entered by Judge Robert Pitman. For good cause shown, IT IS ORDERED that Defendants shall file their response/reply to Plaintiffs' motion on or before January 20, 2023. (This is a text-only entry generated by the court. There is no document associated with this entry.) (lolc) (Entered: 01/18/2023) |
| 01/20/2023 | 105 (p.2538) | Opposed MOTION for Extension of Time to File Response/Reply as to 92 (p.1915) Opposed MOTION to Compel *Discovery Responses*Opposed MOTION for Sanctions by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, Bonnie Wallace, Rochelle Wells. (Attachments: # 1 (p.39) Exhibit, # 2 (p.72) Proposed Order)(Mitchell, Jonathan) (Entered: 01/20/2023) |
| 01/24/2023 | 106 (p.2546) | Response in Opposition to Motion, filed by Leila Green Little, re 105 (p.2538) Opposed MOTION for Extension of Time to File Response/Reply as to 92 (p.1915) Opposed MOTION to Compel *Discovery Responses*Opposed MOTION for Sanctions filed by Defendant Linda Raschke, Defendant Ron Cunningham, Defendant Rhoda Schneider, Defendant Bonnie Wallace, Defendant Mike Sandoval, Defendant Jerry Don Moss, Defendant Gay Baskin, Defendant Peter Jones, Defendant Amber Milum, Defendant Rochelle Wells, Defendant Llano County (Leonida, Ellen) (Entered: 01/24/2023) |
| 01/30/2023 | 107 (p.2550) | Opposed MOTION for Leave to File Sur-Reply by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, Bonnie Wallace, Rochelle Wells. (Attachments: # 1 (p.39) Exhibit Proposed Sur-Reply, # 2 (p.72) Exhibit Letter from Ellen V. Leonia of January 17, 2023, # 3 (p.75) Exhibit CREW Manual, # 4 (p.76) Affidavit, # 5 (p.77) Proposed Order)(Mitchell, Jonathan) (Entered: 01/30/2023) |
| 01/31/2023 | 108 (p.2691) | Response in Opposition to Motion, filed by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring, re 107 (p.2550) Opposed MOTION for Leave to File Sur-Reply filed by Defendant Linda Raschke, Defendant Ron Cunningham, Defendant Rhoda Schneider, Defendant Bonnie Wallace, Defendant Mike Sandoval, Defendant Jerry Don Moss, Defendant Gay Baskin, Defendant Peter Jones, Defendant Amber Milum, Defendant Rochelle Wells, Defendant Llano County (Leonida, Ellen) (Entered: 01/31/2023) |
| 01/31/2023 | 109 (p.2694) | DEFICIENCY NOTICE to Ellen Leonida: re 108 (p.2691) Response in Opposition to Motion. **Pursuant to the Administrative Policies and Procedures, Proposed Orders are required when a Response to a Non-Dispositive Motion is filed. DO NOT RE-FILE the entire document. Please, file ONLY the Proposed Order. Use the "PROPOSED ORDER" event from the menu and LINK the Proposed Order to your Response.** (klw) (Entered: 01/31/2023) |
| 01/31/2023 | 110 (p.2695) | Proposed Order to 108 (p.2691) Response in Opposition to Motion,, by Leila Green Little. (Leonida, Ellen) (Entered: 01/31/2023) |
| 01/31/2023 | 111 (p.2696) | REPLY to Response to Motion, filed by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, Bonnie Wallace, Rochelle Wells, re 105 (p.2538) Opposed MOTION for Extension of Time to File Response/Reply as to 92 (p.1915) Opposed MOTION to Compel *Discovery Responses*Opposed MOTION for Sanctions filed by Defendant Linda Raschke, Defendant Ron Cunningham, Defendant Rhoda Schneider, Defendant Bonnie Wallace, Defendant Mike Sandoval, Defendant Jerry Don Moss, Defendant Gay Baskin, Defendant Peter Jones, Defendant Amber Milum, Defendant Rochelle Wells, Defendant Llano County (Attachments: # 1 |

| | | |
|---|---|---|
| | | (p.39) Affidavit, # 2 (p.72) Affidavit, # 3 (p.75) Exhibit, # 4 (p.76) Exhibit, # 5 (p.77) Exhibit)(Mitchell, Jonathan) (Entered: 01/31/2023) |
| 02/01/2023 | 112 (p.2746) | Unopposed MOTION for Leave to File Corrected Motion to Compel by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring. (Attachments: # 1 (p.39) Exhibit A, # 2 (p.72) Exhibit B, # 3 (p.75) Exhibit C, # 4 (p.76) Exhibit D, # 5 (p.77) Exhibit E, # 6 (p.78) Exhibit F)(Leonida, Ellen) (Entered: 02/01/2023) |
| 02/03/2023 | 113 (p.2803) | RESPONSE to Motion, filed by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, Bonnie Wallace, Rochelle Wells, re 92 (p.1915) Opposed MOTION to Compel *Discovery Responses*Opposed MOTION for Sanctions filed by Plaintiff Leila Green Little, Plaintiff Kathy Kennedy, Plaintiff Jeanne Puryear, Plaintiff Cynthia Waring, Plaintiff Richard Day, Plaintiff Rebecca Jones, Plaintiff Diane Moster (Attachments: # 1 (p.39) Affidavit, # 2 (p.72) Affidavit, # 3 (p.75) Exhibit, # 4 (p.76) Exhibit, # 5 (p.77) Exhibit, # 6 (p.78) Exhibit)(Mitchell, Jonathan) (Entered: 02/03/2023) |
| 02/06/2023 | | Text Order GRANTING 105 (p.2538) Motion for Extension of Time to File Response/Reply to 92 (p.1915) Opposed MOTION to Compel Discovery Responses and Opposed MOTION for Sanctions entered by Judge Robert Pitman. IT IS ORDERED that Defendants' response, (Dkt. 113), shall be accepted as timely. (This is a text-only entry generated by the court. There is no document associated with this entry.) (lolc) (Entered: 02/06/2023) |
| 02/06/2023 | | Text Order GRANTING 112 (p.2746) Motion for Leave to File entered by Judge Robert Pitman. IT IS ORDERED that the Clerk of Court shall file Plaintiffs' amended motion to compel, (Dkt. 112-1), and its exhibits, (Dkts. 112-2, 112-3). (This is a text-only entry generated by the court. There is no document associated with this entry.) (lolc) (Entered: 02/06/2023) |
| 02/06/2023 | 114 (p.3066) | OPPOSED MOTION to Compel Discovery Responses and MOTION for Sanctions by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring. (Attachments: # 1 (p.39) Exhibits)(dm) (Entered: 02/06/2023) |
| 02/10/2023 | 115 (p.3092) | RESPONSE in Support, filed by Leila Green Little, re 114 (p.3066) MOTION to Compel MOTION for Sanctions filed by Plaintiff Leila Green Little, Plaintiff Kathy Kennedy, Plaintiff Jeanne Puryear, Plaintiff Cynthia Waring, Plaintiff Richard Day, Plaintiff Rebecca Jones, Plaintiff Diane Moster, 92 (p.1915) Opposed MOTION to Compel *Discovery Responses*Opposed MOTION for Sanctions filed by Plaintiff Leila Green Little, Plaintiff Kathy Kennedy, Plaintiff Jeanne Puryear, Plaintiff Cynthia Waring, Plaintiff Richard Day, Plaintiff Rebecca Jones, Plaintiff Diane Moster (Attachments: # 1 (p.39) Declaration of Ellen Leonida, # 2 (p.72) Exhibit A, # 3 (p.75) Exhibit B, # 4 (p.76) Exhibit C, # 5 (p.77) Exhibit D)(Leonida, Ellen) (Entered: 02/10/2023) |
| 02/17/2023 | 116 (p.3145) | NOTICE of Filing Plaintiffs' Designation of Testifying Experts by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring (Leonida, Ellen) (Entered: 02/17/2023) |
| 02/21/2023 | | Text Order GRANTING 107 (p.2550) Motion for Leave to File entered by Judge Robert Pitman. IT IS ORDERED that the Clerk of Court shall file Defendants' sur-reply, (Dkt. 107-1). (This is a text-only entry generated by the court. There is no |

| | | |
|---|---|---|
| | | document associated with this entry.) (lolc) (Entered: 02/21/2023) |
| 02/21/2023 | 117 (p.3149) | Sur-reply to Motion, filed by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, Bonnie Wallace, Rochelle Wells, re 22 (p.187) MOTION for Preliminary Injunction filed by Plaintiff Leila Green Little, Plaintiff Kathy Kennedy, Plaintiff Jeanne Puryear, Plaintiff Cynthia Waring, Plaintiff Richard Day, Plaintiff Rebecca Jones, Plaintiff Diane Moster (dm) (Additional attachment(s) added on 2/23/2023: # 1 (p.39) Exhibit, # 2 (p.72) Exhibit, # 3 (p.75) Exhibit) (jg3). (Entered: 02/22/2023) |
| 03/06/2023 | 118 (p.3282) | NOTICE *of Filing Defendants' Designation of Rebuttal Expert* by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, Bonnie Wallace, Rochelle Wells (Mitchell, Jonathan) (Entered: 03/06/2023) |
| 03/09/2023 | 119 (p.3285) | MOTION to Appear Pro Hac Vice by Katherine Patrice Chiarello ( Filing fee $ 100 receipt number ATXWDC-17180396) by on behalf of Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring. (Chiarello, Katherine) (Entered: 03/09/2023) |
| 03/13/2023 | 120 (p.3290) | ORDER GRANTING 119 (p.3285) Motion to Appear Pro Hac Vice as to Ellis E. Herington. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Registration is managed by the PACER Service Center Signed by Judge Robert Pitman. (dm) (Entered: 03/13/2023) |
| 03/16/2023 | 121 (p.3291) | NOTICE *(Seventh Amended Notice of Defendants' Submission of ESI Document Production to Plaintiffs)* by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, Bonnie Wallace, Rochelle Wells (Mitchell, Jonathan) (Entered: 03/16/2023) |
| 03/20/2023 | 122 (p.3294) | Opposed MOTION *for Leave to Exceed Ten Deposition Limit* by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring. (Attachments: # 1 (p.39) Declaration of Ellen Leonida, # 2 (p.72) Exhibit 1, # 3 (p.75) Exhibit 2, # 4 (p.76) Exhibit 3, # 5 (p.77) Exhibit 4, # 6 (p.78) Exhibit 5, # 7 (p.79) Exhibit 6, # 8 (p.80) Exhibit 7, # 9 (p.81) Exhibit 8, # 10 (p.103) Exhibit 9, # 11 (p.125) Exhibit 10, # 12 (p.129) Exhibit 11, # 13 (p.134) Exhibit 12, # 14 (p.139) Exhibit 13, # 15 (p.144) Exhibit 14, # 16 (p.149) Exhibit 15, # 17 (p.154) Exhibit 16, # 18 (p.157) Proposed Order)(Leonida, Ellen) (Entered: 03/20/2023) |
| 03/22/2023 | 123 (p.3398) | Opposed MOTION to Compel *and for Sanctions* by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring. (Attachments: # 1 (p.39) Declaration of Ellis E. Herington, # 2 (p.72) Exhibit 1, # 3 (p.75) Exhibit 2, # 4 (p.76) Proposed Order)(Leonida, Ellen) (Entered: 03/22/2023) |
| 03/22/2023 | 124 (p.3419) | Opposed MOTION to Compel *Production of Documents* by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring. (Attachments: # 1 (p.39) Declaration of Ellen V. Leonida, # 2 (p.72) Exhibit 1, # 3 (p.75) Exhibit 2, # 4 (p.76) Exhibit 3, # 5 (p.77) Proposed Order)(Leonida, Ellen) (Entered: 03/22/2023) |
| 03/22/2023 | | **RE 31** |

| | | |
|---|---|---|
| | 125 (p.3456) | NOTICE of Filing Notice of Service of Rebuttal Reports by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring (Attachments: # 1 (p.39) Exhibit 1)(Leonida, Ellen) (Entered: 03/22/2023) |
| 03/23/2023 | 126 (p.3463) | STIPULATION *of Undisputed Facts* by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, Bonnie Wallace, Rochelle Wells. (Mitchell, Jonathan) (Entered: 03/23/2023) |
| 03/27/2023 | 127 (p.3467) | Opposed MOTION to Compel *and for Sanctions* by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring. (Attachments: # 1 (p.39) Declaration of Ellis E. Herington, # 2 (p.72) Exhibit 1, # 3 (p.75) Exhibit 2, # 4 (p.76) Exhibit 3, # 5 (p.77) Exhibit 4, # 6 (p.78) Proposed Order)(Leonida, Ellen) (Entered: 03/27/2023) |
| 03/29/2023 | | Text Order REFERRING 92 (p.1915) Motion to Compel; REFERRING 92 (p.1915) Motion for Discovery Sanctions entered by Judge Robert Pitman. IT IS ORDERED that Plaintiff's Motion to Compel and for Sanctions, (Dkt. 92), is REFERRED to United States Magistrate Judge Mark Lane for disposition pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. (This is a text-only entry generated by the court. There is no document associated with this entry.) (lolc) (Entered: 03/29/2023) |
| 03/29/2023 | | Text Order REFERRING 114 (p.3066) Motion to Compel; REFERRING 114 (p.3066) Motion for Sanctions entered by Judge Robert Pitman. IT IS ORDERED that Plaintiffs' Motion to Compel and for Sanctions, (Dkt. 92), is REFERRED to United States Magistrate Judge Mark Lane for disposition pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of the Local Rules of the United States District Court for the Western District of Texas. (This is a text-only entry generated by the court. There is no document associated with this entry.) (lolc) (Entered: 03/29/2023) |
| 03/29/2023 | | Text Order REFERRING 123 (p.3398) Motion to Compel entered by Judge Robert Pitman. IT IS ORDERED that Plaintiffs' Motion to Compel and for Sanctions, (Dkt. 123), is REFERRED to United States Magistrate Judge Mark Lane for disposition pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. (This is a text-only entry generated by the court. There is no document associated with this entry.) (lolc) (Entered: 03/29/2023) |
| 03/29/2023 | | Text Order REFERRING 124 (p.3419) Motion to Compel entered by Judge Robert Pitman. IT IS ORDERED that Plaintiffs' Motion to Compel, (Dkt. 124), is REFERRED to United States Magistrate Judge Mark Lane for disposition pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. (This is a text-only entry generated by the court. There is no document associated with this entry.) (lolc) (Entered: 03/29/2023) |
| 03/29/2023 | | Text Order REFERRING 127 (p.3467) Motion to Compel entered by Judge Robert Pitman. IT IS ORDERED that Plaintiffs' Motion to Compel and for Sanctions, (Dkt. 127), is REFERRED to United States Magistrate Judge Mark Lane for disposition pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of the Local Rules of the United States District Court for the Western District of Texas. (This is a text-only entry generated by the court. There is |

| | | |
|---|---|---|
| | | no document associated with this entry.) (lolc) (Entered: 03/29/2023) |
| 03/29/2023 | 128 (p.3492) | ORDER GRANTING 122 (p.3294) Motion for Leave to Exceed Ten Page Deposition Limit. Signed by Judge Robert Pitman. (dm) (Entered: 03/29/2023) |
| 03/29/2023 | | MOTIONS REFERRED: referred 123 (p.3398) Opposed MOTION to Compel *and for Sanctions*, 114 (p.3066) MOTION to Compel MOTION for Sanctions, 127 (p.3467) Opposed MOTION to Compel *and for Sanctions*, 92 (p.1915) Opposed MOTION to Compel *Discovery Responses*Opposed MOTION for Sanctions , 124 (p.3419) Opposed MOTION to Compel *Production of Documents*. Referral Judge: Mark Lane. (dm) (Entered: 03/29/2023) |
| 03/29/2023 | 129 (p.3494) | Response in Opposition to Motion, filed by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, State of Texas, Bonnie Wallace, Rochelle Wells, re 123 (p.3398) Opposed MOTION to Compel *and for Sanctions* filed by Plaintiff Leila Green Little, Plaintiff Kathy Kennedy, Plaintiff Jeanne Puryear, Plaintiff Cynthia Waring, Plaintiff Richard Day, Plaintiff Rebecca Jones, Plaintiff Diane Moster (Mitchell, Jonathan) (Entered: 03/29/2023) |
| 03/29/2023 | 130 (p.3497) | Response in Opposition to Motion, filed by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, State of Texas, Bonnie Wallace, Rochelle Wells, re 124 (p.3419) Opposed MOTION to Compel *Production of Documents* filed by Plaintiff Leila Green Little, Plaintiff Kathy Kennedy, Plaintiff Jeanne Puryear, Plaintiff Cynthia Waring, Plaintiff Richard Day, Plaintiff Rebecca Jones, Plaintiff Diane Moster (Mitchell, Jonathan) (Entered: 03/29/2023) |
| 03/30/2023 | 131 (p.3501) | AFFIDAVIT in Support of 130 (p.3497) Response in Opposition to Motion,, by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, State of Texas, Bonnie Wallace, Rochelle Wells. (Mitchell, Jonathan) (Entered: 03/30/2023) |
| 03/30/2023 | 132 (p.3503) | Response in Opposition to Motion, filed by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, State of Texas, Bonnie Wallace, Rochelle Wells, re 127 (p.3467) Opposed MOTION to Compel *and for Sanctions* filed by Plaintiff Leila Green Little, Plaintiff Kathy Kennedy, Plaintiff Jeanne Puryear, Plaintiff Cynthia Waring, Plaintiff Richard Day, Plaintiff Rebecca Jones, Plaintiff Diane Moster (Mitchell, Jonathan) (Entered: 03/30/2023) |
| 03/30/2023 | | Notice of Correction: re 131 (p.3501) Affidavit in Support. *This pleading is deficient because it lacks a signature block from an admitted attorney and a certificate of service. Please note this for future filings. No action needs to be taken at this time. (dm) (Entered: 03/30/2023) |
| 03/30/2023 | 133 (p.3507) | ORDER PARTIALLY GRANTING 22 (p.187) Motion for Preliminary Injunction; GRANTING IN PART AND DENYING IN PART 42 (p.609) Motion to Dismiss. Signed by Judge Robert Pitman. (dm) (Entered: 03/30/2023) |
| 03/30/2023 | 134 (p.3533) | Appeal of Order entered by District Judge 133 (p.3507) by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, State of Texas, Bonnie Wallace, Rochelle Wells. ( Filing fee $ 505 receipt number ATXWDC-17263889) (Mitchell, Jonathan) (Entered: 03/30/2023) |

| 03/30/2023 | | NOTICE OF INTERLOCUTORY APPEAL as to 133 (p.3507) Order on Motion for Preliminary Injunction, Order on Motion to Dismiss for Failure to State a Claim, Order on Motion to Dismiss/Lack of Jurisdiction by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, State of Texas, Bonnie Wallace, Rochelle Wells. Filing fee $ 505, receipt number ATXWDC-17263889. Per 5th Circuit rules, the appellant has 14 days, from the filing of the Notice of Appeal, to order the transcript. To order a transcript, the appellant should fill out (Transcript Order) and follow the instructions set out on the form. This form is available in the Clerk's Office or by clicking the hyperlink above. (dm) (Entered: 03/31/2023) |
| --- | --- | --- |
| 03/31/2023 | 135 (p.3535) | Opposed MOTION to Compel *and for Sanctions* by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring. (Attachments: # 1 (p.39) Declaration of Ellis E. Herington, # 2 (p.72) Exhibit 1, # 3 (p.75) Exhibit 3, # 4 (p.76) Exhibit 2, # 5 (p.77) Exhibit 4, # 6 (p.78) Proposed Order)(Leonida, Ellen) (Entered: 03/31/2023) |
| 03/31/2023 | 136 (p.3569) | Opposed MOTION to Extend Scheduling Order Deadlines by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring. (Attachments: # 1 (p.39) Declaration of Ellis E. Herington, # 2 (p.72) Exhibit 1, # 3 (p.75) Proposed Order)(Leonida, Ellen) (Entered: 03/31/2023) |
| 04/01/2023 | 137 (p.3587) | SUPPLEMENTAL MEMORANDUM to 123 (p.3398) Opposed MOTION to Compel *and for Sanctions*, 114 (p.3066) MOTION to Compel MOTION for Sanctions, 124 (p.3419) Opposed MOTION to Compel *Production of Documents*, 127 (p.3467) Opposed MOTION to Compel *and for Sanctions and Request for Status Conference* by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring. (Leonida, Ellen) (Entered: 04/01/2023) |
| 04/04/2023 | 138 (p.3592) | Opposed MOTION for Extension of Time to File Response/Reply as to 136 (p.3569) Opposed MOTION to Extend Scheduling Order Deadlines by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, State of Texas, Bonnie Wallace, Rochelle Wells. (Attachments: # 1 (p.39) Affidavit, # 2 (p.72) Exhibit, # 3 (p.75) Proposed Order)(Mitchell, Jonathan) (Entered: 04/04/2023) |
| 04/04/2023 | 139 (p.3603) | MOTION to Expedite *Consideration of 138 (p.3592) Motion for Extension of Time to Respond to 136 (p.3569) Motion to Extend Discovery Deadline* by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, State of Texas, Bonnie Wallace, Rochelle Wells. (Attachments: # 1 (p.39) Affidavit, # 2 (p.72) Exhibit, # 3 (p.75) Proposed Order)(Mitchell, Jonathan) (Entered: 04/04/2023) |
| 04/05/2023 | | Text Order GRANTING 138 (p.3592) Motion for Extension of Time to File Response/Reply re 136 (p.3569) Opposed MOTION to Extend Scheduling Order Deadlines entered by Judge Robert Pitman. For good cause shown, IT IS ORDERED that Defendants shall respond to Plaintiffs' Motion to Extend Scheduling Order Deadlines (Dkt. 136 (p.3569) ) on or before April 14, 2023. (This is a text-only entry generated by the court. There is no document associated with this entry.) (lolc) (Entered: 04/05/2023) |
| 04/05/2023 | 140 (p.3612) | ORDER Setting Hearing and Sanctions Warning ( Motions Hearing set for 4/27/2023 at 10:00 AM before Judge Mark Lane,). Signed by Judge Mark Lane. (dm) (Entered: 04/05/2023) |

RE 34

| 04/05/2023 | 141 (p.3614) | REPLY to Response to Motion, filed by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring, re 123 (p.3398) Opposed MOTION to Compel *and for Sanctions* filed by Plaintiff Leila Green Little, Plaintiff Kathy Kennedy, Plaintiff Jeanne Puryear, Plaintiff Cynthia Waring, Plaintiff Richard Day, Plaintiff Rebecca Jones, Plaintiff Diane Moster (Leonida, Ellen) (Entered: 04/05/2023) |
|---|---|---|
| 04/05/2023 | 142 (p.3619) | REPLY to Response to Motion, filed by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring, re 124 (p.3419) Opposed MOTION to Compel *Production of Documents* filed by Plaintiff Leila Green Little, Plaintiff Kathy Kennedy, Plaintiff Jeanne Puryear, Plaintiff Cynthia Waring, Plaintiff Richard Day, Plaintiff Rebecca Jones, Plaintiff Diane Moster (Attachments: # 1 (p.39) Declaration of Ellen Leonida, # 2 (p.72) Exhibit 1)(Leonida, Ellen) (Entered: 04/05/2023) |
| 04/06/2023 | 143 (p.3640) | TRANSCRIPT REQUEST by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, Bonnie Wallace, Rochelle Wells for dates of October 28, 2022, and October 31, 2022. Proceedings Transcribed: Hearing on Plaintiffs' Motion for Preliminary Injunction. Court Reporter: Lily I. Reznik.. (Mitchell, Jonathan) (Entered: 04/06/2023) |
| 04/06/2023 | 144 (p.3642) | REPLY to Response to Motion, filed by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring, re 127 (p.3467) Opposed MOTION to Compel *and for Sanctions* filed by Plaintiff Leila Green Little, Plaintiff Kathy Kennedy, Plaintiff Jeanne Puryear, Plaintiff Cynthia Waring, Plaintiff Richard Day, Plaintiff Rebecca Jones, Plaintiff Diane Moster (Leonida, Ellen) (Entered: 04/06/2023) |
| 04/07/2023 | 145 (p.3647) | Response in Opposition to Motion, filed by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, Bonnie Wallace, Rochelle Wells, re 135 (p.3535) Opposed MOTION to Compel *and for Sanctions* filed by Plaintiff Leila Green Little, Plaintiff Kathy Kennedy, Plaintiff Jeanne Puryear, Plaintiff Cynthia Waring, Plaintiff Richard Day, Plaintiff Rebecca Jones, Plaintiff Diane Moster (Attachments: # 1 (p.39) Exhibit, # 2 (p.72) Exhibit, # 3 (p.75) Exhibit, # 4 (p.76) Exhibit, # 5 (p.77) Affidavit)(Mitchell, Jonathan) (Entered: 04/07/2023) |
| 04/11/2023 | 146 (p.3672) | Opposed MOTION to Stay *Preliminary-Injunction Order Pending Appeal* by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, Bonnie Wallace, Rochelle Wells. (Attachments: # 1 (p.39) Exhibit)(Mitchell, Jonathan) (Entered: 04/11/2023) |
| 04/11/2023 | | Text Order MOOTING 139 (p.3603) Motion to Expedite entered by Judge Robert Pitman. (This is a text-only entry generated by the court. There is no document associated with this entry.) (lolc) (Entered: 04/11/2023) |
| 04/11/2023 | | Text Order REFERRING 135 (p.3535) Motion to Compel entered by Judge Robert Pitman. IT IS ORDERED that Plaintiffs' Motion to Compel, (Dkt. 135), is REFERRED to United States Magistrate Judge Mark Lane for disposition pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. (This is a text-only entry generated by the court. There is no document associated with this entry.) (lolc) (Entered: 04/11/2023) |

| 04/11/2023 | | MOTION REFERRED: referred 135 (p.3535) Opposed MOTION to Compel *and for Sanctions*. Referral Judge: Mark Lane. (dm) (Entered: 04/12/2023) |
|---|---|---|
| 04/12/2023 | 147 (p.3871) | Transcript filed of Proceedings held on October 28, 2022, Proceedings Transcribed: Motion Hearing Volume 1 of 2. Court Reporter/Transcriber: Lily I. Reznik, Telephone number: 512-391-8792 or Lily_Reznik@txwd.uscourts.gov. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed Redaction Request due 5/3/2023, Redacted Transcript Deadline set for 5/15/2023, Release of Transcript Restriction set for 7/11/2023, Appeal Record due by 4/27/2023, (lr) (Entered: 04/12/2023) |
| 04/12/2023 | 148 (p.4080) | Transcript filed of Proceedings held on October 31, 2022, Proceedings Transcribed: Motion Hearing Volume 2 of 2. Court Reporter/Transcriber: Lily I. Reznik, Telephone number: 512-391-8792 or Lily_Reznik@txwd.uscourts.gov. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed Redaction Request due 5/3/2023, Redacted Transcript Deadline set for 5/15/2023, Release of Transcript Restriction set for 7/11/2023, Appeal Record due by 4/27/2023, (lr) (Entered: 04/12/2023) |
| 04/13/2023 | 149 (p.3688) | ORDER re 135 (p.3535) Opposed MOTION to Compel *and for Sanctions* ( Motion Hearing set for 4/27/2023 at 10:00 AM before Judge Mark Lane,). Signed by Judge Mark Lane. (dm) (Entered: 04/13/2023) |
| 04/14/2023 | 150 (p.3689) | REPLY to Response to Motion, filed by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring, re 135 (p.3535) Opposed MOTION to Compel *and for Sanctions* filed by Plaintiff Leila Green Little, Plaintiff Kathy Kennedy, Plaintiff Jeanne Puryear, Plaintiff Cynthia Waring, Plaintiff Richard Day, Plaintiff Rebecca Jones, Plaintiff Diane Moster (Leonida, Ellen) (Entered: 04/14/2023) |
| 04/14/2023 | 151 (p.3694) | Opposed MOTION to Compel by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring. (Attachments: # 1 (p.39) Declaration of Ellen Leonida, # 2 (p.72) Exhibit 1, # 3 (p.75) Exhibit 2, # 4 (p.76) Proposed Order)(Leonida, Ellen) (Entered: 04/14/2023) |
| 04/14/2023 | 152 (p.3783) | Response in Opposition to Motion, filed by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, Bonnie Wallace, Rochelle Wells, re 136 (p.3569) Opposed MOTION to Extend Scheduling Order Deadlines filed by Plaintiff Leila Green Little, Plaintiff Kathy Kennedy, Plaintiff Jeanne Puryear, Plaintiff Cynthia Waring, Plaintiff Richard Day, Plaintiff Rebecca Jones, Plaintiff Diane Moster (Attachments: # 1 (p.39) Affidavit, # 2 (p.72) Affidavit, # 3 (p.75) Exhibit, # 4 (p.76) Exhibit, # 5 (p.77) Exhibit, # 6 (p.78) Exhibit, # 7 (p.79) Exhibit)(Mitchell, Jonathan) (Entered: 04/14/2023) |

| | | |
|---|---|---|
| 04/17/2023 | 153 (p.3813) | MOTION to Appear Pro Hac Vice by Katherine Patrice Chiarello *on behalf of Marissa R. Benavides* ( Filing fee $ 100 receipt number ATXWDC-17323974) by on behalf of Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring. (Attachments: # 1 (p.39) Proposed Order)(Chiarello, Katherine) (Entered: 04/17/2023) |
| 04/19/2023 | 154 (p.3819) | Opposed MOTION to Expedite *Consideration of Motion for Stay Pending Appeal* by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, Bonnie Wallace, Rochelle Wells. (Attachments: # 1 (p.39) Proposed Order)(Mitchell, Jonathan) (Entered: 04/19/2023) |
| 04/20/2023 | | Text Order DENYING 154 (p.3819) Motion to Expedite entered by Judge Robert Pitman. For lack of good cause shown, IT IS ORDERED that Defendants' motion is DENIED. (This is a text-only entry generated by the court. There is no document associated with this entry.) (lolc) (Entered: 04/20/2023) |
| 04/20/2023 | 155 (p.3824) | Unopposed MOTION for Extension of Time to File Response/Reply as to 151 (p.3694) Opposed MOTION to Compel *Second Deposition of Jonathan F. Mitchell* by Gay Baskin, Ron Cunningham, Peter Jones, Llano County, Amber Milum, Jerry Don Moss, Linda Raschke, Mike Sandoval, Rhoda Schneider, Bonnie Wallace, Rochelle Wells. (Attachments: # 1 (p.39) Proposed Order)(Mitchell, Jonathan) (Entered: 04/20/2023) |
| 04/21/2023 | | Text Order GRANTING 155 (p.3824) Motion for Extension of Time to File Response/Reply as to 151 (p.3694) Opposed MOTION to Compel Second Deposition of Jonathan F. Mitchell entered by Judge Robert Pitman. In light of the lack of opposition, IT IS ORDERED that Defendants shall file their response to the motion to compel on or before Friday, April 28, 2023. (This is a text-only entry generated by the court. There is no document associated with this entry.) (lolc) (Entered: 04/21/2023) |
| 04/21/2023 | 156 (p.3829) | REPLY to Response to Motion, filed by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring, re 136 (p.3569) Opposed MOTION to Extend Scheduling Order Deadlines filed by Plaintiff Leila Green Little, Plaintiff Kathy Kennedy, Plaintiff Jeanne Puryear, Plaintiff Cynthia Waring, Plaintiff Richard Day, Plaintiff Rebecca Jones, Plaintiff Diane Moster (Attachments: # 1 (p.39) Declaration of Ellen V. Leonida)(Leonida, Ellen) (Entered: 04/21/2023) |
| 04/24/2023 | 157 (p.3835) | ORDER GRANTING 153 (p.3813) Motion to Appear Pro Hac Vice as to Marissa R. Benavides. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Registration is managed by the PACER Service Center Signed by Judge Robert Pitman. (dm) (Entered: 04/24/2023) |
| 04/25/2023 | 158 (p.3836) | NOTICE *Joint Notice re Plaintiffs' Motions to Compel* by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring re 123 (p.3398) Opposed MOTION to Compel *and for Sanctions*, 114 (p.3066) MOTION to Compel MOTION for Sanctions, 140 (p.3612) Order, Set Motion Hearings, 92 (p.1915) Opposed MOTION to Compel *Discovery Responses*Opposed MOTION for Sanctions , 124 (p.3419) Opposed MOTION to Compel *Production of Documents*, 127 (p.3467) Opposed MOTION to Compel *and for Sanctions*, 135 (p.3535) Opposed MOTION to Compel *and for Sanctions*, 149 37 |

| | | |
|---|---|---|
| | | (p.3688) Order, Set Motion Hearings (Leonida, Ellen) (Entered: 04/25/2023) |
| 04/25/2023 | 159 (p.3842) | Response in Opposition to Motion, filed by Richard Day, Rebecca Jones, Kathy Kennedy, Leila Green Little, Diane Moster, Jeanne Puryear, Cynthia Waring, re 146 (p.3672) Opposed MOTION to Stay *Preliminary-Injunction Order Pending Appeal* filed by Defendant Linda Raschke, Defendant Ron Cunningham, Defendant Rhoda Schneider, Defendant Bonnie Wallace, Defendant Mike Sandoval, Defendant Jerry Don Moss, Defendant Gay Baskin, Defendant Peter Jones, Defendant Amber Milum, Defendant Rochelle Wells, Defendant Llano County (Attachments: # 1 (p.39) Declaration of Ellen V. Leonida, # 2 (p.72) Exhibit 1, # 3 (p.75) Exhibit 2)(Leonida, Ellen) (Entered: 04/25/2023) |

# Tab 2

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

**Leila Green Little**, et al.,

    Plaintiffs,

v.

**Llano County**, et al.,

    Defendants.

Case No. 1:22-cv-00424-RP

## NOTICE OF APPEAL

Defendants Llano County, Ron Cunningham, Jerry Don Moss, Peter Jones, Mike Sandoval, Linda Raschke, Amber Milum, Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin appeal to the United States Court of Appeals for the Fifth Circuit from the order granting in part the plaintiffs' motion for preliminary injunction entered on March 30, 2023 (ECF No. 133).

    Respectfully submitted.

     /s/ Jonathan F. Mitchell

Dwain K. Rogers
Texas Bar No. 00788311
County Attorney

Matthew L. Rienstra
Texas Bar No. 16908020
First Assistant County Attorney

Llano County Attorney's Office
Llano County Courthouse
801 Ford Street
Llano, Texas 78643
(325) 247-7733
dwain.rogers@co.llano.tx.us
matt.rienstra@co.llano.tx.us

Jonathan F. Mitchell
Texas Bar No. 24075463
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

Dated: March 30, 2023

*Counsel for Defendants*

RE 39

23-50224.3533

## CERTIFICATE OF SERVICE

I certify that on March 30, 2023, I served this document through CM/ECF

upon:

Ellen V. Leonida
Matthew Borden
J. Noah Hagey
Max Bernstein
Ellis E. Herington
BraunHagey & Borden LLP
351 California Street, 10th Floor
San Francisco, California 94104
(415) 599-0210
leonida@braunhagey.com
borden@braunhagey.com
hagey@braunhagey.com
bernstein@braunhagey.com
herington@braunhagey.com

Ryan A. Botkin
Katherine P. Chiarello
María Amelia Calaf
Kayna Stavast Levy
Wittliff | Cutter PLLC
1209 Nueces Street
Austin, Texas 78701
(512) 960-4730 (phone)
(512) 960-4869 (fax)
ryan@wittliffcutter.com
katherine@wittliffcutter.com
mac@wittliffcutter.com
kayna@wittliffcutter.com

*Counsel for Plaintiffs*

         /s/ Jonathan F. Mitchell
         Jonathan F. Mitchell
         *Counsel for Defendants*

**RE 40**

23-50224.3534

# Tab 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LEILA GREEN LITTLE, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 1:22-CV-424-RP |
| | § | |
| LLANO COUNTY, et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**ORDER**

Before the Court are Defendants Llano County, et al.'s ("Defendants") Motion to Dismiss, (Dkt. 42), and Plaintiffs Leila Green Little, et al.'s ("Plaintiffs") Motion for a Preliminary Injunction, (Dkt. 22). Having considered the parties' briefs, the record, and the relevant law, the Court finds that the motion to dismiss, (Dkt. 42), should be partially granted, and the motion for preliminary injunction, (Dkt. 22), should be partially granted. The Court will dismiss only the claims relating to the cancellation of the OverDrive online book database. The Court will also (1) order Defendants to return all the books at issue to the Library System, (2) update the Library System's searchable catalog to reflect that these books are available for checkout, and (3) enjoin Defendants from removing any more books for the pendency of this action. The Court will deny all other relief requested.

**I. BACKGROUND**

Plaintiffs are patrons of the Llano County Library System who are suing members of the Llano County Commissioners Court ("Commissioners"), members of the Llano County Library Board ("board members") and Llano County Library System Director Amber Milum for violations of their constitutional rights. Plaintiffs contend that Defendants are infringing their First Amendment right to access and receive ideas by restricting access to certain books based on their messages and content. (Compl., Dkt. 1, at 27–29). They further allege that, because the removal and

RE 41

23-50224.3507

restrictions happened without prior notice and without any opportunity for appeal, Defendants also violated their Fourteenth Amendment right to due process. (*Id.* at 29–30). Plaintiffs request an injunction that would, among other things, require Defendants to (1) return the books at issue to the catalog and to their original location in the physical shelves, and (2) reinstate access to Overdrive, the Library's former system for e-book access. (Mot. Prelim. Inj., Dkt. 22, at 2–3).

The Llano County Library System is comprised of three physical libraries: the Llano Library Main Branch, the Kingsland Library Branch, and the Lakeshore Library Branch. Until December 13, 2021, the Library also offered access to OverDrive, a digital e-book catalog that gave library patrons access to a curated collection of thousands of e-books and audiobooks. (Email, Dkt. 22-10, at 79). Today, after a period of unavailability, the Library offers access to e-books and audiobooks through a different service, Bibliotheca.

The Llano County Library System has used the "Continuous Review, Evaluation and Weeding" ("CREW") method to keep its collection up to date and make space for new acquisitions. (Hr'g Tr. Vol. 1 at 13:19-20, 18:12-15). The "CREW" method is an established weeding guide used by modern libraries. (*See* Milum Decl., Dkt. No. 49-1, at 2–2). To identify appropriate candidates for weeding, the CREW method suggests using the following factors, known collectively by the acronym "MUSTIE": Misleading; Ugly; Superseded; Trivial; Irrelevant; and Elsewhere. (*Id.*). The Library calls this process "weeding." (Hr'g Tr. Vol. 2 at 71:20-25).

In early July 2021, prior to their appointment to the New Library Board, Defendants Rochelle Wells, Rhonda Schneider, Gay Baskin, and Bonnie Wallace were part of a community group pushing for the removal of children's books that they deemed "inappropriate." (Call Log, Dkt. 59-1, at 72; Complaint Logs, Dkt. 59-1, at 77–89). For example, these Defendants objected to two series of children's picture books, the "Butt and Fart Books," which depict bodily functions in a humorous manner in cartoon format, because they believed these books were obscene and

RE 42

23-50224.3508

promoted "grooming" behavior. (*E.g.,* Complaint Logs, Dkt. 59-1, at 79). Defendant Milum, the library system's director, shared the complaints with the Commissioners Court.[1] Although several commissioners and librarians stated that they saw no problem with the books, Defendants Moss and Cunningham contacted Milum to instruct her to remove the books from the shelves. (*Compare* Log, Dkt. 59-1, at 94 (describing commissioners saying they did not see a problem with the books) *and* Email, Dkt. 59-1, at 91 (same); *with* Cunningham Email, Dkt. 59-1, at 74–75 (instructing Milum to remove the books from the shelves); Mt'g Logs, Dkt. 59-1, at 76, 92 (noting the complaints and stating that Moss told Milum to "pick [her] battles.")).

By August 5, 2021, Milum informed Cunningham she would be deleting both sets of books from the catalog system. (Cunningham Email, Dkt. 59-1, at 74–75; *see also* List of Removed Books, Dkt. 22-10, at 60–61). In the following months, other books, such as *In the Night Kitchen* by Maurice Sendak and *It's Perfectly Normal*, by Robbie H. Harris, were removed because of similar complaints: that they encouraged "child grooming" and depicted cartoon nudity. (List of removed books, Dkt. 22-10, at 62–63). There was no recourse for Plaintiffs, or anyone else, to appeal these removals to the library system.

In Fall 2021, Wallace, Schneider, and Wells, as part of their community group, contacted Cunningham to complain about certain books that were in the children's sections or otherwise highly visible, labeling them "pornographic filth." (Wallace Email, Dkt. 22-10, at 68–69). On November 10, 2021, Wallace provided Cunningham with lists, including a list of "dozens" that could be found in the library. (*Id.*; *see also* Wallace List, Dkt. 22-10 at 75). The books labeled "pornographic" included books promoting acceptance of LGBTQ views. (*See, e.g.,* Wallace List, Dkt.

---

[1] The Commissioners Court is the municipal entity that controls the Llano County Library System. The Commissioners Court is led by Llano County Judge Ron Cunningham.

RE 43

23-50224.3509

22-10[2]). Other books in Wallace's list of pornographic books about "critical race theory" and related racial themes. (*Id.[3]*). In other communications, Defendants refer to them as "CRT and LGBTQ" books. (Wells Emails, Dkt. 20-10, at 71–72 (discussing book removals and planning a list of "CRT and LGBTQ book[s]")). In the email, Wallace advocated for the books to be relocated to the adult section because "[i]t is the only way that [she] could think of to prohibit future censorship of books [she does] agree with." (Wallace Emails, Dkt. 22-10, at 68).

That same day, Cunningham and Moss ordered Milum, "[a]s action items to be done immediately," to pull books that contained "sexual activity or questionable nudity" from the shelves and from OverDrive, which at the time was the Library's online e-book database. (Cunningham Emails, Dkt. 22-10, at 67; 106). Milum informed Moss and Cunningham she would pull the books, as well as books found in Wallace's lists. (*Id.*, Hr'g Tr. Vol 1, at 104:6–104:9).

Milum then ordered the librarians to pull books from an edited version of Wallace's list from the shelves. (Baker Decl., Dkt. 22-1, at 2). On November 12, 2021, Defendants removed several books on the Bonnie Wallace Spreadsheet from the Llano Library Branch shelves, including, for example, *Caste: The Origins of Our Discontents*, *They Called Themselves the K.K.K.: The Birth of an American Terrorist Group*, *Being Jazz: My Life as a (Transgender) Teen*, and *Spinning*. (List of removed books, Dkt. 22-10, at 60–65). In early December, the Commissioners and Milum also discussed options to implement filters or other restrictions for books in Wallace's list that were available through OverDrive. (OverDrive Emails, Dkt. 22-10, at 8–10). Although Plaintiffs do not identify which e-book titles were at issue in their complaint, Defendants were converned that at least two of the

---

[2] For example, Wallace's list included the following titles: (1) *All out: the no-longer-secret stories of queer teens throughout the ages* by Saundra Mitchell; (2) *Beyond Magenta: transgender teen speaks out,* by Susan Kuklin; and (3) *Some assembly required: the not-so-secret life of a transgender teen,* by Arin Andrews, among others.

[3] For example, Wallace's list included the following titles: (1) *Caste, the origins of our discontents*, by Isabel Wilkerson; (2) *How to be an antiracist*, by Ibram X. Kendi, and (3) *Separate is never equal* by Duncan Tonatiuh, among others.

4

books in Wallace's list, *Lawn Bow* by Jonathan Evison and *Gender Queer* by Maia Kobabe, were accessible to library patrons though OverDrive. (Wells Emails, Dkt. 22-9, at 5).

On December 13, 2021, the Commissioners Court voted to approve three days of library closures, from December 20, 2021 to December 23, 2021 to review the library catalog. (Macdougal Emails, Dkt. 20-10, at 79–80). These tasks included "labeling books and checking [the] shelves for "'inappropriate'" books." (*Id.*, at 79–80; Hr'g Tr. Vol 1, at 151:1–152:13). The Commissioners Court did not define "appropriateness," but Milum declared that during these days, the staff mainly pulled books that the other Defendants had identified as inappropriate. (Hr'g Tr. Vol. 1, at 83:5–84:7).

On December 13, 2021, the Commissioners Court also voted to suspend all access to OverDrive. (Email, Dkt. 22-10, at 79). After the start of this litigation, the Commissioners Court voted to enter into a contract with Bibliotheca, another e-book database system. On May 9, 2022, the County began to provide access to Bibliotheca. (Milum Decl., Dkt. 49-1). Bibliotheca provides access to some, but not all, of the books at issue. (*Id.* at 6–7).

On December 13, 2021, the Commissioners Court also voted to dissolve the existing library board and to create a new one, named the "Library Advisory Board." Wallace, Wells, Schneider, and other Llano County residents who advocated for book removals were appointed to the new board. This new Board then instituted a policy that all new books must be presented to and approved by the board before purchasing them. (Hr'g Tr. Vol. 1, at 51:5–20; 107:4–21; 111:3–20).  The Commissioners Court stopped all new book purchases in November 2021, and no new acquisitions have been approved since this litigation began. (Cunningham Emails, Dkt. 22-10, at 106; Hr'g Tr. Vol. 1, at 50:21–51:8). On or around January 19, 2022, the Board asked Librarian Milum "that she not be present at all meeting [sic] and just on an as-needed basis." (Mt'g Minutes, Dkt. 22-10, at 52–53). In February 2022, Defendants banned staff librarians from attending New Library Board Meetings. (Librarians' Emails, Dkt. 22-1, at 6 ("Staff members are not to attend Advisory Board

RE 45

23-50224.3511

Meetings. You may not use your vacation time to attend.")). A month later, the meetings were

closed to the public. (News Article, Dkt. 22-10, at 130–132; Mt'g Minutes, Dkt. 22-10, at 52–53

(discussing the possibility of closing meetings to the public)).

Plaintiffs filed their complaint on April 25, 2022, (Dkt. 1), and filed their motion for

preliminary injunction on May 9, 2022, (Dkt. 22). Defendants filed a motion to dismiss on June 8,

2022. (Dkt. 42). After the parties submitted their respective briefing, the Court held a hearing on the

preliminary injunction on October 28 and October 31, 2023. (Order, Dkt. 69; Minute Entries, Dkts.

79, 80). The parties then submitted post-hearing briefing on the preliminary injunction. (Pls.' Post-

Hearing Memorandum in Support, Dkt. 91; Defs.' Corrected Resp., Dkt. 101; Pls.' Reply, Dkt. 98;

Defs.' Surreply, Dkt. 117).

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject-matter

jurisdiction as a defense to suit. Fed. R. Civ. P. 12(b)(1). Federal district courts are courts of limited

jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and

federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court

properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or

constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143

F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on

the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert.*

*denied*, 536 U.S. 960 (2002). "Accordingly, the plaintiff constantly bears the burden of proof that

jurisdiction does in fact exist." *Id.* In ruling on a Rule 12(b)(1) motion, the court may consider any

one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in

RE 46

23-50224.3512

the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

### B. Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the [plaintiffs'] grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*,

RE 47

23-50224.3513

663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### C. Rule 65 Standard

A preliminary injunction is an extraordinary remedy, and the decision to grant such relief is to be treated as the exception rather than the rule. *Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The party seeking injunctive relief carries the burden of persuasion on all four requirements. *PCI Transp. Inc. v. W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005).

### III. DISCUSSION

Plaintiffs seek an injunction ordering the return of the books at issue and other removed books to the library catalog and to their original location, to restore access to OverDrive, and to prevent further book removals. Defendants have filed a motion to dismiss, asserting that Plaintiffs lack standing for most of their claims, that Plaintiffs' claims regarding access to the OverDrive database are moot, and that, to the extent that Plaintiffs have standing for their claims, Plaintiffs have failed to state either a First Amendment or a Due Process claim. The Court will first address Defendants' motion to dismiss before turning to Plaintiffs' motion for preliminary injunction.

### A. Defendants' Motion to Dismiss

Defendants' motion to dismiss proceeds in two parts. First, Defendants argue that Plaintiffs have not alleged "concrete plans" to access the books at issue, and therefore they have not alleged a cognizable injury. (Mot. Diss., Dkt. 42, at 3–5). Defendants further contend that Plaintiffs' claims regarding the OverDrive online system are moot because the library has closed that forum, and that

RE 48

23-50224.3514

in any case, Plaintiffs claims are also moot because Plaintiffs can access the books through the library's new online database or by requesting them through the "in-house" checkout system. (Reply, Dkt. 54, at 8–9). Second, Defendants argue that Plaintiffs fail to state a claim for relief because the library engaged in government speech, and because there is no liberty interest implicated in book removal. (Mot. Diss., Dkt. 42, at 8–10).

The Court will first address whether Plaintiffs have standing to bring a claim against Defendants before turning to the sufficiency of their allegations for Rule 12(b)(6) purposes. The Court finds that Plaintiffs are suffering a continuing injury, and that most of their claims are not moot. However, the Court also finds that Plaintiffs' OverDrive related claims are moot because Defendant has replaced OverDrive with Bibliotheca, a comparable online database of books. With respect to the remaining claims, the Court finds that Plaintiffs have properly alleged First Amendment and Due Process violations. As to the First Amendment claims, the Court finds Plaintiffs have sufficiently alleged that Defendants' actions do not constitute government speech and that Defendants unlawfully removed books based on their viewpoint. As to the Due Process claims, the Court identifies a liberty interest in access to information protected by the Due Process Clause of the Fourteenth Amendment.

### 1. Standing

To have Article III standing, a plaintiff must "(1) have suffered an injury in fact, (2) that is fairly traceable to the challenged action of the defendant, and (3) that will likely be redressed by a favorable decision." *Speech First, Inc. v. Fenves*, 979 F.3d 319, 330 (5th Cir. 2020) (citing *Lujan v. Def's. of Wildlife*, 504 U.S. 555, 560–61 (1992), *as revised* (Oct. 30, 2020)). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief if unaccompanied by any continuing, present adverse effects." *Lujan*, 504 U.S. at 564. "[S]ome day's intentions—without any description of concrete plans or indeed even any specification of *when* the some day will be—do

RE 49

23-50224.3515

not support a finding of the 'actual or imminent' injury." *Id.* However, an injury that "has already happened and is ongoing . . . fulfills the constitutional standing requirement" because it is not conjectural. *Inst. for Creation Rsch. Graduate Sch. v. Texas Higher Educ. Coordinating Bd.*, No. 1:09-cv-00382-SS, 2009 WL 10699959, at *2 (W.D. Tex. July 31, 2009) (holding that a municipal education board's denial of a license to grant degrees was an ongoing injury that fulfills constitutional standing requirements).

Plaintiffs have alleged sufficient facts to show they are suffering an actual, ongoing injury. Plaintiffs alleged that they are library users and members, that they wish to check out the removed library books, and that they have attempted and failed to check out the removed books from the library. (Compl, Dkt. 1, at 27). The removal of books initiated Plaintiffs' injuries, but the infringement on their right to access information is a "continuing, present adverse effect[]" that qualifies as an injury for Article III purposes. *Lujan*, 504 U.S. at 564; *cf. Sund v. City of Wichita Falls*, 12 F. Supp. 2d, 530, 553–54 (N.D. Tex. 2000) (finding irreparable injury where implementation of the city's resolution would have resulted in books promoting acceptance of LGBTQ families being "segregated" from the children's section to the adult section). In light of this ongoing effect, requiring Plaintiffs to engage in futile attempts to check out books that are unavailable or to attend the library board meetings that have been closed and stalled for months would be pointless. Accordingly, the Court finds that Plaintiffs have sufficiently pled an actual, ongoing injury for the purposes of standing.

### 2. Mootness

#### a. OverDrive-Related Claims

Defendants make two arguments regarding mootness. First, Defendants contend that Plaintiffs' OverDrive-related claims are moot because the contract cancellation amounts to a closing of the public forum. (Mot. Diss., Dkt. 42, at 5–7; Reply, Dkt. 54, at 8–9). Second, Defendants argue

RE 50

23-50224.3516

that there is no ongoing injury because Plaintiffs may access the books through Llano County

Library System's new online book database, Bibliotheca, or through the library's "in-house

checkout" system. (Reply, Dkt. 54, at 8–9; Milum's Supp. Decl., Dkt. 53, at 1–2). Defendants claim

their actions were genuine and not litigation posturing. (Mot. Diss., Dkt. 42).

 Courts are skeptical of defendant induced mootness because of the risk of posturing—

attempting to escape litigation while intending to engage in the same conduct once the case is

dismissed. *Yarls v. Bunton*, 905 F.3d 905, 910 (5th Cir. 2018). In general, defendants cannot "evade

sanction by predictable protestations of repentance and reform after a lawsuit is filed." *Ctr. For*

*Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 425 (5th Cir. 2013) (citation omitted). But

the Fifth Circuit has cautioned that skepticism is lessened for voluntary governmental cessation

because "[g]overnment officials 'in their sovereign capacity and in the exercise of their official duties

are accorded a presumption of good faith because they are public servants, not self-interested

private parties.'" *Id.* at 910–11. "Without evidence of the contrary, we assume that formally

announced changes to official governmental policy are not mere litigation posturing." (*Id.* at 910).

 As Defendants note, on May 9, 2022, the County began to provide access to Bibliotheca, a

different online book database. (Reply, Dkt. 54, at 8). In their post-hearing briefing, Plaintiffs state

that Bibliotheca provides access to some, but not all, of the books at issue. (*See* Pls.' Post-Hr'g Br.,

Dkt. 91, at 18 (citing Milum Decl., Dkt. 49-1, at 6–7)). However, Plaintiffs' complaint does not

specify which books Defendants objected to. Without allegations regarding specific books, and

given that some of the books at issue are available though Bibliotheca, the Court cannot find, based

on the pleadings, that Bibliotheca does not sufficiently replace OverDrive database. Plaintiffs' injury

appears to be the violation of their right to access information through the online book database

OverDrive. However, the evidence shows that the County replaced OverDrive with a comparable

online service. In light of Plaintiffs' current pleadings, the County's new contract with Bibliotheca

RE 51

23-50224.3517

thus moots the OverDrive-related claims. Accordingly, the Court will dismiss Plaintiffs' OverDrive-related claims without prejudice.

### b. Physical Books

However, the Court does not conclude that Plaintiffs' claims are moot as to the physical books. The physical books at issue in this case, although "available" for checkout are hidden from view and absent from the catalog. Their existence is not discernible to the public, nor is their availability. An injury exists because the library's "in-house checkout system" still places "a significant burden on Library Patrons' ability to gain access to those books." *Sund*, 12 F. Supp. 2d at 534.

Furthermore, Defendants' creation of an "in-house checkout system" comprises precisely the type of posturing the voluntary cessation exception is meant to prevent. Defendant Milum received the books in July, three months into this litigation and shortly after the parties had filed responses to their motions to dismiss and for preliminary injunction, respectively. (Milum Supp. Decl., Dkt. 53, at 1). But the books were not donated by a neutral benefactor with the intent of making them available to library patrons. Defendants' Counsel, Jonathan Mitchell, provided these books ostensibly anonymously. Upon questioning, Counsel repeatedly to avoid the disclosure of his donation by asserting attorney-client privilege. The Court concluded, however, that his actions, clearly designed his clients' litigation position, were not so privileged.

Furthermore, even if Counsel Mitchell's actions were not calculated to promote his clients' litigation position, the Library's protocols making access to the books virtually impossible do not deserve the type of solicitude the Fifth Circuit has instructed. Making books "available" in a back room, only upon specific request by a patron who has no way of knowing that the books even exist, is hardly a "formally announced change[] to official governmental policy" deserving less scrutiny. *Bunton*, 905 F.3d at 910.

12

The Court thus finds that the rest of Plaintiffs claims are not moot. Accordingly, the Court will dismiss Plaintiffs' OverDrive-related claims without prejudice but allow the remaining claims to proceed.

### 3. First Amendment Claim

Next, Defendants argue that Plaintiffs have not stated a First Amendment claim upon which relief can be granted. Defendants contend that First Amendment protections do not apply to the public library's content and collection decisions, because libraries are afforded broad discretion over these decisions. (Mot. Diss., Dkt. 42, at 9).[4]

The Supreme Court has recognized that public libraries should be afforded "broad discretion" in their collection selection process, in which library staff must necessarily consider books' content. *See U.S. v. Am. Library Assn., Inc.*, 539 U.S. 194, 205 (2003) (plurality). But this discretion is not absolute, and it applies only to materials' selection. In fact, the Fifth Circuit, adopting the Supreme Court's plurality in *Pico*, has recognized a "First Amendment right to receive information" which prevents libraries from "remov[ing] books from school library shelves 'simply because they dislike the ideas contained in these books.'" *Campbell v. St. Tammany Par. Sch. Bd.*, 64 F.3d 184, 189 (5th Cir. 1995) (quoting *Bd. of Educ., Island Trees Union Free Sch. Dist. No. 26 v. Pico*, 457 U.S. 853, 872 (1982) (plurality)).

---

[4] Defendants also argue that Plaintiffs have not alleged that the library is a public forum, and that any First Amendment claim should fall based on that fact alone. (Reply, Dkt. 54, at 8–9). This argument is unavailing. The Fifth Circuit has recognized that there is a First Amendment right to access information, and that First Amendment protections apply to the removal of materials in public libraries. *See, e.g., Campbell v. St. Tammany Par. Sch. Bd.*, 64 F.3d 184, 189 (5th Cir. 1995)). As the following paragraphs make clear, courts have almost uniformly held that public libraries are subject to First Amendment limitations, even as limited public forums. *See, e.g., Sund v. City of Wichita Falls*, 12 F. Supp. 2d, 530, 534 (N.D. Tex. 2000) ("The Wichita Falls Public Library, like all other public libraries, is a limited public forum for purposes of First Amendment analysis."). *American Library*, which Defendants cite for the contrary proposition, simply states that "*Internet access* in public libraries is neither a 'traditional' nor a 'designated' public forum." *See U.S. v. Am. Library Assn., Inc.*, 539 U.S. 194, 205 (date) (emphasis added).

RE 53

23-50224.3519

"The key inquiry in a book removal case" is whether the government's "substantial motivation" was to deny library users access to ideas with which [the government] disagreed." *Id.* at 190. Here, Plaintiffs have sufficiently pled that Defendants' conduct was substantially motivated by a desire to remove books promoting ideas with which disagreed. They plainly allege that Defendants removed, ordered the removal, or pursued the removal of the books at issue "because they disagree with their political viewpoints and dislike their subject matter." (Compl., Dkt. 1, at 3, 7–9).

Defendants do not argue otherwise. Instead, they contend that Plaintiffs have not stated a claim because the removal decisions were "government speech to which the First Amendment does not apply." (Mot. Diss., Dkt. 42, at 8–9). But as Plaintiffs' note, the cases Defendants cite mostly involve the initial selection, not removal, of materials. *See, e.g.*, *Am. Library*, 539 U.S. at 205 ("The principles underlying [the precedent] also apply to a public library's exercise of judgment in selecting the material it provides to its patrons."); *PETA v. Gittens*, 414 F.3d 23, at 28 (analogizing the discretion afforded to library's book collection decisions to the commission's art selection decisions). As the Fifth Circuit held in *Campbell*, removal decisions are subject to the First Amendment and are evaluated based on whether the governments' "substantial motivation in arriving at the removal decision" was discriminatory. *Campbell*, 64 F.3d at 190. Here, Plaintiff has clearly pled that Defendants had this motivation.

Defendants contend that *Campbell* and *Pico* do not apply to this context because those cases dealt with book removals from public school libraries, which may be subject to unique constitutional rules. (Reply, Dkt. 54, at 8). At the same time, Defendants urge us to follow *Chiras*, even though *Chiras* also involves book selection at a public school library. (*Id.* at 10 (citing *Chiras v. Miller*, 432 F.3d 606, 614 (5th Cir. 2005). In any case, the Court agrees that the precedent indicates public school libraries are a unique environment for constitutional analysis. *See Pico*, 457 U.S. at 868 (plurality) ("First Amendment rights accorded to students must be construed 'in light of the special

RE 54

23-50224.3520

characteristics of the school environment'" (citation omitted)). *Campbell*, *Pico*, and *Chiras* suggest that school officials' discretion is particularly broad for book selection in public school libraries because of schools' unique inculcative function. *See also Sund*, 121 F. Supp. 2d at 548. However, the right to access to information first identified in *Pico* and subsequently adopted by the Fifth Circuit in *Cambpell* has "even greater force when applied to public libraries," since public libraries are "designed for freewheeling inquiry," and the type of discretion afforded to school boards is not implicated. *Id.* (omitting citations).

Defendants, like other government officials implicated in maintaining libraries, have broad discretion to select and acquire books for the library's collection. But the Fifth Circuit recognizes a First Amendment right to access to information in libraries, a right that applies to book removal decisions. Plaintiffs have clearly stated a claim that falls squarely within this right: that Defendants removed the books at issue to prevent access to viewpoints and content to which they objected.

### 4. Due Process Claim

Finally, Defendants argue that Plaintiffs have not alleged a due process claim because Plaintiffs do not have a protected property or liberty interest involved in library books. Defendants point to a single Second Circuit case, *Bicknell v. Vergennes Union High School*, 638 F.2d 438, 442 (2d Cir 1980). In *Bicknell,* plaintiffs challenged a school board's decision to remove two books based on their content. *Id.* at 440–41. The Second Circuit found that, even assuming that there was a deprivation of rights at play, such a deprivation did not entitle plaintiffs "to a hearing before that removal takes place." *Id.* at 442. According to the court, the rights involved were not particularized nor personal enough to require a hearing. *Id.*

But many courts have held that access to public library books is a protected liberty interest created by the First Amendment. *See Doyle v. Clark Cnty. Pub. Libr.*, No. 3:07-cv-00003-TMR-MRM, 2007 WL 2407051, at *5 (S.D. Ohio Aug. 20, 2007); *see also Miller v. Nw. Region Libr. Bd.*, 348 F. Supp.

RE 55

23-50224.3521

2d 563, 570 (M.D. N.C. 2004) (denying defendants' motion to dismiss plaintiff's Fourteenth Amendment due process claim, holding that access to public library computers was a protected liberty interest); *Hunt v. Hillsborough County,* No. 8:07-cv-01168-JSM-TBM, 2008 WL 4371343, at *3 (M.D. Fla. 2008) ("Plaintiff had a fundamental right to access the Law Library and receive the information provided therein."); *Dolan v. Tavares*, No. 1:10-cv-10249-NMG, 2011 WL 10676937, at *13 (D. Mass. May 16, 2011) ("[P]laintiff has a liberty interest in being able to access the law library"); *cf. Neinast v. Bd. of Trs. of Columbus Metro. Libr.*, 346 F.3d 585, 592 (6th Cir. 2003) (referring to the First Amendment right to receive information in public library books as a "fundamental right"); *Armstrong v. Dist. of Columbia Pub. Libr.,* 154 F. Supp. 2d 67, 82 (D.D.C. 2001) (recognizing that "access to a public library [ ] is at the core of our First Amendment values"). And even if this Court were to follow the Second Circuit's rationale, *Bicknell* only states that the right involved could not sustain a hearing requirement. *Bicknell*, 638 F.2d at 442. The court's analysis does not foreclose the possibility that Plaintiffs could be entitled to some form of post-removal appellate or review process.

The Court follows our many sister courts in holding that there is a protected liberty interest in access to information in a public library. Accordingly, the Court finds that Plaintiff has sufficiently stated a due process claim.

### B. Plaintiffs' Motion for Preliminary Injunction

Having addressed Defendants' motion to dismiss, the Court will now evaluate whether Plaintiffs are entitled to a preliminary injunction. Plaintiffs seek an injunction ordering Defendants to: (1) return the physical books at issue to their original locations and (2) update the Library Service's catalog to reflect that the books have been returned and are available for checkout, and enjoying Defendants from: (1) removing any books from the Llano County's physical shelves during the pendency of the action, and (2) closing future Library Board meetings to members of the public.

RE 56

23-50224.3522

(Proposed Ord., Dkt. 22-12). Plaintiffs originally requested a preliminary injunction regarding access to OverDrive, but the Court will not address this relief because it has dismissed those claims. Furthermore, Plaintiffs request relief related to their Due Process claim but do not actually present any arguments on the issue. Accordingly, the Court will deny the motion as to their request for access to the library board meetings.

For the rest of the preliminary injunction, Plaintiffs must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that the injunction might cause to the defendant; and (4) that the injunction will not disserve the public interest." *Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 288 (5th Cir. 2012). Plaintiffs have carried their burden on each of these elements.

### 1. Likelihood of Success on the Merits

#### a. Viewpoint Discrimination

As the Court stated earlier, the First Amendment "protect[s] the right to receive information." *Sund v. City of Wichita Falls, Tex.*, 121 F. Supp. 2d 530, 547 (N.D. Tex. 2000) (citing *Reno v. American Civil Liberties Union*, 521 U.S. 844 (1997)). In a book removal case, "the key inquiry . . . is the school officials' substantial motivation in arriving at the removal decision." *Campbell*, 64 F.3d at 190.

Plaintiffs have made a clear showing that they are likely to succeed on their viewpoint discrimination claim. Although libraries are afforded great discretion for their selection and acquisition decisions, the First Amendment prohibits the removal of books from libraries based on either viewpoint or content discrimination. *See Pico*, 457 U.S. at 871. "Official censorship based on a state actor's subjective judgment that the content of protected speech is offensive or inappropriate is viewpoint discrimination." *Robinson v. Hunt County*, 921 F.3d 440, 447 (5th Cir. 2019) (citing *Matal v.*

17

*Tam*, 137 S. Ct. 1744, 1763 (2017). In a book removal case, plaintiffs must show that an intent to deny library users access to viewpoints with which they disagreed was a "substantial factor" in making the removal decision. *Id.* at 188 n.21 (citing *Pico*, 457 U.S. at 872); *id.* at 190.

Here, the evidence shows Defendants targeted and removed books, including well-regarded, prize-winning books, based on complaints that the books were inappropriate. For example, between early and mid-July 2021, Wells and other citizens contacted Milum to complain about the appropriateness of the "Butt and Fart Books." (Call Log, Dkt. 59-1, at 72; Complaint Logs, Dkt. 59-1, at 77–89). By August 5, 2021, Commissioners Cunningham and Moss had contacted Milum to recommend removing them from the shelves. Milum then deleted these books from the catalog system. (Cunningham Email, Dkt. 59-1, at 74–75; Mt'g Logs, Dkt. 59-1, at 76, 92).

Similarly, between October 28, 2021, and December 22, 2021, a span of two months, Wallace and Wells had contacted Defendants Cunningham and Moss with a list of books they considered inappropriate, labeling them "pornographic filth" and "CRT and LGBTQ books" and advocating for their removal and relocation. (Wallace Emails, Dkt. 22-10, at 67–69; Wells Emails, Dkt. 22-10, at 71–72; Hr'g Tr. Vol 1, at 89:23–90:4; 97:2–100:2). Cunningham and Moss then instructed Milum, the library director, to pull out these books. (Wallace Emails, Dkt. 22-10, at 67; Wells Emails, Dkt. 22-10, at 71–72). Milum, in turn, removed some of the books and soon thereafter the library was closed for three days at the direction of the Commissioners Court, for the purpose of "checking [the] shelves for 'inappropriate' books." (Macdougall Emails, Dkt. 22-10, at 79–80; Hr'g Tr. Vol 1, at 151:1–152:13).

Admittedly, Wallace, Wells, and other complainants were members of the public, not library board members, at the time. (Hr'g Tr. Vol. 2, at 25:2–25:13). Furthermore, at least one Defendant admitted in his testimony that he did not have personal knowledge of the content of the books at issue. (Hr'g Tr. Vol. 1, at 170:23–172:1; 174:21–175:7). But by responding so quickly and uncritically,

RE 58

23-50224.3524

Milum and the Commissioners may be seen to have adopted Wallace's and Wells's motivations. The Court finds that Plaintiffs have clearly shown that Defendants' decisions were likely motivated by a desire to limit access to the viewpoints to which Wallace and Wells objected.

Defendants aver that any cataloguing and removal that occurred was simply part of the library system's routine weeding process, for which Milum was ultimately responsible. (Hr'g Tr. Vol. 1, at 82:8–82:16). Yet Milum testified that the books that she pulled were books that Wallace, Wells, or the Commissioners identified as "inappropriate." (Hr'g Tr. Vol. 1, at 83:5–84:7). The Commissioners, her superiors and final policymakers with power over the library system,[5] instructed her to review the books—and even to remove some of them—based on people's perception of their content or viewpoints. (Hr'g Tr. Vol. 1 at 68:15-18). The short amount of time between the complaints, commissioners' actions, and Millum's removal strongly suggests that the actions were in response to each other.  . Plaintiffs have made a clear showing about what Defendants' substantial motivations may have been and how these may have led to the book removals.

Finally, Defendants argue, as they did in their motion to dismiss, that even if their actions amount to viewpoint discrimination, the library's weeding decisions are only subject to rational-basis review. Not so. The Fifth Circuit's precedent recognizing a right to access to information is not "nonsense." (Post-Hr'g Corr. Resp., Dkt. 100, at 25); *see also Campbell*, 64 F.3d at 189–90 (finding that the "decision to remove [books] must withstand greater scrutiny within the context of the First Amendment than would a decision involving a curricular matter."). Defendants' attempts to convince the Court otherwise simply confirm what the Court already addressed in Defendants'

---

[5] Tex. Const. art. 5, § 18(b) ("[T]he County Commissioners Court . . . shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State[.]"); Tex. Loc. Gov't Code. § 323.006 ("The county library is under the general supervision of the commissioners court."); *see also Doe AW v. Burleson Cnty.*, No. 1:20-CV-00126-SH, 2022 WL 875912, at *4 (W.D. Tex. Mar. 24, 2022) (holding county commissioners court has final policymaking authority over all areas entrusted to them by the state constitution and statutes).

RE 59

23-50224.3525

motion to dismiss: that "content discrimination is permissible and inevitable in library-book selection." (Post-Hr'g Corr. Resp., Dkt. 100, at 25). It does not follow from this proposition that such discrimination is equally permissible in removal decisions. To hold otherwise would be to entirely disregard *Campbell*.

b. Content Discrimination

Even if Plaintiffs had not shown a likelihood of success on their viewpoint discrimination claim, the Court finds that Plaintiffs clearly met their burden to show that these are content-based restrictions that are unlikely to pass constitutional muster. Content-based restrictions on speech are presumptively unconstitutional and subject to strict scrutiny. *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155 (2015); *United States v. Playboy Entm't Grp., Inc.*, 529 U.S. 803, 813 (2000). A restriction is content-based if it "applies to particular speech because of the topic discussed or the idea or message expressed." *Reed*, 576 U.S. at 163. But, as discussed above, multiple Defendants acknowledged during the hearing that each of the books in question were slated for review (and ultimately removal) precisely because certain patrons and county officials complained that their contents were objectionable.[6]

Although Defendants now argue that each of these books were subject to routine "weeding" from the library's catalogue based on content-neutral factors, Plaintiffs have offered sufficient evidence to suggest this post-hoc justification is pretextual. Whether or not the books in fact qualified for "weeding" under the library's existing policies,[7] there is no real question that the

---

[6] Hr'g Tr. Vol. 1 at 127:24-128:5; *see also* Ex. 52 at 1-2; Ex. 2A; Ex. 2; Hr'g Tr. Vol. 1 at 66:9-14 (Butt and Fart books); Hr'g Tr. Vol. 1 at 70:13-18, 71:9-15; Ex. 19 (*In the Night Kitchen*, and *It's Perfectly Normal*); Hr'g Tr. Vol. 1 at 82:3-10, 82:24-83:3, 84:12-21, 94:23-25 (LGBTQ and CRT books).

[7] The record contains competing testimony on this point. Milum stated in her declarations and testimony that she weeded the 17 disputed books because she believed that each of them met the library's criteria for weeding under the CREW and MUSTIE factors. *See* Milum Decl., Dkt. No. 49-1, at ¶¶ 8, 12–16; Hr'g Tr. Vol. 2 95:16–106:20. In contrast, Tina Castelan stated that Milum's decisions to weed some of disputed books violated the library's weeding policies. *See id.* at 6–9; Hr'g Tr. Vol. 1 at 33:15–45:18. It appears to be

RE 60

23-50224.3526

targeted review was directly prompted by complaints from patrons and county officials over the contents of these titles. Defendants' contemporaneous communications, as well as testimony at the hearing, amply show this. For example, Ms. Wells testified at the hearing that "if there was any book that [in her opinion] was harmful to minors that was in the library, I would speak with the director, [Milum] to have it removed." (Hr'g Tr. Vol. 1 at 205:9-14). In turn, Milum acknowledged that "the reason that [the books] were selected to be weeded and reviewed to be weeded, as opposed to other books, w[as] because Ms. Wallace had them on her list" of objectionable books. (*Id.* at 82:24-83:3). And, notably, there is no evidence that any of the books were slated to be reviewed for weeding prior to the receipt of these complaints; to the contrary, many other books eligible for weeding based on the same factors appear to have remained on the shelves for many years.[8]

Defendants' insist that "[t]he notion that librarians cannot engage in 'content discrimination' when weeding books is absurd" because "[w]eeding inherently involves content discrimination." This is unavailing. In the context of weeding, the test the Fifth Circuit stated in *Campbell* provides flexibility for the type of content considerations Defendants warn about. In a book removal case, "the key inquiry . . . is the [library] officials' substantial motivation in arriving at the removal decision." *Campbell*, 64 F.3d at 190. Although some of the MUSTIE criteria consider content, overall, the library weeding process appears to be directed towards managing the size and quality of the library collection. That is, the Llano County Library System has discretion to weed books, using professional criteria, when its "substantial motivation" is to curate the collection and allow space for new volumes. As long as its motivation remains as such, the library system may cull and curate its collection as needed.

---

undisputed that, given its subjective nature, reasonable minds may disagree over how to apply the CREW and MUSTIE criteria. *Id.* at 127:6-8.

[8] *Compare* Ex. 52 *with* Ex. 79A; *see also, e.g.*, Hr'g Tr. Vol. 2 at 127:21-25, 136:4-7.

**RE 61**

23-50224.3527

Conversely, when the governments' "substantial motivation" appears to be a desire to prevent access to particular views, like in this case, Defendants' actions deserve greater First Amendment scrutiny. The Court finds that Plaintiffs made a clear showing that the "substantial motivation" for Defendants actions appears to be discrimination, as opposed to mere weeding.

Under the strict scrutiny analysis, the Defendants bear the burden of proving that the removals are narrowly tailored to serve a compelling interest. *Reed*, 135 S. Ct. at 2226; *Turner Broad. Sys.*, 512 U.S. at 664–65. Applying this standard, the Court finds it substantially likely that the removals do not further any substantial governmental interest—much less any compelling one. Indeed, the Defendants' briefing doesn't argue that their actions can survive heightened scrutiny, nor have they set forth any governmental interests that are served by the removals. On this record, the Court will not endeavor to guess what interests Defendants may eventually proffer. As content-based restrictions on Plaintiffs' right to receive information, Plaintiffs have clearly shown the removals are likely to be constitutionally infirm because they are not narrowly tailored to serve a compelling state interest.

### 2. Irreparable Harm

The "loss of First Amendment freedoms for even minimal periods of time constitutes irreparable injury." *Texans for Free Enter v. Texas Ethics Comm'n*, 732 F.3d 535, 539 (5th Cir. 2013). "When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." *Opulent Life Church*, 697 F.3d at 295. Because Plaintiffs have clearly shown Defendants actions likely violate their First Amendment right to access to information, they have clearly shown they are suffering irreparable harm.

Attempting to deny this harm, Defendants contend that Plaintiffs can access every one of the books through either the InterLibrary Loan system, Bibliotheca, or the library system's in-house checkout system. None of these options mitigate the constitutional harm Plaintiffs are suffering. First,

RE 62

23-50224.3528

the InterLibrary Loan system is not a replacement for access to books within the Llano County Library System. Patrons must pay for postage and wait for weeks for books to arrive. (Milum Decl., Dkt. No. 49-1, at 10; Hr'g Tr. Vol. 2 at 124:24-125:1). Furthermore, to allow the InterLibrary loan system to stand in for purported "access" to the books would absolve any government official from liability for unconstitutional book removals, no matter how egregiously unconstitutional their intent, as long as the official could find, *ex post facto*, a library or network from which it could secure a loan.

Likewise, access through Bibliotheca is not a replacement for access to the physical books at issue. E-books and physical books are tangibly different. Using Bibliotheca requires access to a compatible device, and most of the books are not available through Bibliotheca at all. (Milum Decl., Dkt. 49-1, at 6–7; Hr'g Tr. Vol. 2 at 47:2-4). Furthermore, as early as March 2022, Defendants were trying to remove books they had already purchased through Bibliotheca, due to concerns about their appropriateness. (Wallace Depo., Dkt. 59-1, at 114:4-10, 126:12-15; Bibliotheca Emails, Dkt. 59-1, at 104–107). Even if the Court were to find that access to these e-books is equivalent to access to the physical books, there is sufficient evidence to raise concerns that the books would not remain in place without an injunction.

The Court's reservations about Defendants' in-house checkout system are even greater. As noted above, the books that are supposedly "available" for checkout are absent from the library's catalog. They are, to the extent they exist, not accessible from the library shelves. A patron must, notwithstanding the fact that the books' existence is not reflected in the library catalog, know that the books can be requested. They must then make a special request for the book to be retrieved from behind the counter. This is, of course, an obvious and intentional efford by Defendants to make it difficult if not impossible to access the materials Plaintiffs seek. This ongoing infringement warrants an interim remedy precisely because the harm is ongoing and irreparable.

3. Balance of Equities and Public Interest

RE 63

23-50224.3529

As to the last two factors, Defendants once again insist that the balance of equities and public interest cannot support an injunction because Plaintiffs have not, will not, and could not have suffered constitutional harm. This Court found otherwise. "[I]njunctions protecting First Amendment freedoms are always in the public interest." *Texans for Free Enter.*, 732 F.3d at 539 (quoting *Christian Legal Society v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006). As Plaintiffs request an injunction protecting their First Amendment Freedoms, and there is no evidence that the equities tilt in Defendants favor, the Court finds Plaintiffs have clearly shown these factors are in their favor.

### 4. Remedy

Although Plaintiffs have demonstrated they are entitled to a preliminary injunction, their evidence cannot sustain some of the remedies they seek. The evidence demonstrates that, without an injunction, Defendants will continue to make access to the subject books difficult or impossible. Defendants must therefore be prevented from removing the books, and the books at issue be made available for checkout through the Library System's catalogs. (Proposed Ord., Dkt. 22-12[9]).

However, Plaintiffs focused on book removals, not on relocations. Therefore, the Court cannot find that they are entitled to their request to return the physical books to their original locations. The Court will not invade the prerogative of the Library with regard to proper placement of books or restrictions on access.

Although Plaintiffs originally requested a preliminary injunction regarding access to OverDrive, the Court will not grant the relief because it has dismissed those claims. Finally, Plaintiffs requested relief related to their Due Process claim but did not actually present any arguments or evidence on the issue. Accordingly, the Court will deny the motion as to their request for access to the library board meetings.

---

[9] Librarian Milum testified at the hearing that the Library System does not plan to weed or add any books to the Library for the pendency of this litigation; therefore, an injunction preventing book removals is unlikely to be burdensome. (Hr'g Tr. Vol. 1, at 130:5–15).

RE 64

23-50224.3530

## IV. CONCLUSION

For the reasons given above, **IT IS ORDERED** that Defendants' motion to dismiss, (Dkt.

42), is **GRANTED. IN PART** and **DENIED IN PART.** Plaintiffs' OverDrive related claims are

dismissed **WITHOUT PREJUDICE**. Defendants' motion is denied as to all other claims.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Preliminary Injunction, (Dkt.

22), is **PARTIALLY GRANTED**. **IT IS ORDERED THAT**:

1. Within twenty-four hours of the issuance of this Order, Defendants shall return
   all print books that were removed because of their viewpoint or content,
   including the following print books, to the Llano County Libraries:

   a. *Caste: The Origins of Our Discontent* by Isabel Wilkerson;

   b. *Called Themselves the K.K.K: The Birth of an American Terrorist Group* by Susan
      Campbell Bartoletti;

   c. *Spinning* by Tillie Walden;

   d. *In the Night Kitchen* by Maurice Sendak;

   e. *It's Perfectly Normal: Changing Bodies, Growing Up, Sex and Sexual Health* by
      Robie Harris;

   f. *My Butt is So Noisy!*, *I Broke My Butt!*, and *I Need a New Butt!* by Dawn
      McMillan;

   g. *Larry the Farting Leprechaun*, *Gary the Goose and His Gas on the Loose*, *Freddie
      the Farting Snowman*, and *Harvey the Heart Has Too Many Farts* by Jane
      Bexley;

   h. *Being Jazz: My Life as a (Transgender) Teen* by Jazz Jennings;

   i. *Shine* by Lauren Myracle;

   j. *Under the Moon: A Catwoman Tale* by Lauren Myracle;

RE 65

23-50224.3531

  k. *Gabi, a Girl in Pieces* by Isabel Quintero; and

  l. *Freakboy* by Kristin Elizabeth Clark.

2. Immediately after returning the books to the Libraries as ordered in (1) above, Defendants shall update all Llano County Library Service's catalogs to reflect that these books are available for checkout.

3. Defendants are hereby enjoined from removing any books from the Llano County Library Service's catalog for any reason during the pendency of this action.

**SIGNED** on March 30, 2023.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

RE 66

23-50224.3532

## CERTIFICATE OF SERVICE

I certify that on May 16, 2023, this document was electronically filed with the clerk of the court for the U.S. Court of Appeals for the Fifth Circuit and served through CM/ECF upon:

ELLEN V. LEONIDA
MATTHEW BORDEN
J. NOAH HAGEY
MAX BERNSTEIN
ELLIS E. HERINGTON
MARISSA BENAVIDES
BraunHagey & Borden LLP
351 California Street, 10th Floor
San Francisco, CA 94104
(415) 599-0210
leonida@braunhagey.com
borden@braunhagey.com
hagey@braunhagey.com
bernstein@braunhagey.com
herington@braunhagey.com
benavides@braunhagey.com

RYAN A. BOTKIN
KATHERINE P. CHIARELLO
MARÍA AMELIA CALAF
KAYNA STAVAST LEVY
Botkin Chiarello Calaf
1209 Nueces Street
Austin, Texas 78701
(512) 960-4730 (phone)
(512) 960-4869 (fax)
katherine@bccaustin.com
ryan@bccaustin.com
mac@bccaustin.com
kayna@bccaustin.com

*Counsel for Plaintiffs-Appellees*

 /s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
*Counsel for Defendants-Appellants*