# BRAUNHAGEY & BORDEN LLP

San Francisco & New York

**Matthew Borden, Esq.**
Partner
borden@braunhagey.com

July 1, 2024

**VIA CM/ECF**

Lyle W. Cayce, Clerk of Court
United States Court of Appeals for the Fifth Circuit
F. Edward Herbert Building
600 South Maestri Place
New Orleans, LA 70130-3408

Re: Response to Defendants-Appellants' Rule 28(j) Letter, Dkt. 180-1, *Little v. Llano County*, Case No. 23-50224

Dear Mr. Cayce:

Plaintiffs-Appellees in the above-referenced action write in response to Defendants-Appellants' June 28, 2024 letter, Dkt. 180-1. Defendants' letter brings the Court's attention to the recent Supreme Court decision *Murthy v. Missouri*, No. 23-411 (2024), for the stated purpose of reiterating the "clear showing" standard that a plaintiff must meet when satisfying the "likelihood of success" prong for a preliminary injunction. Dkt. 180-1. *Murthy*, however, concerned plaintiffs' Article III standing to challenge social media policies; it did not purport to alter the standard for a preliminary injunction, which Defendants admit has been the same since at least 2008. *Id*. Nor does it have anything to do with any of the arguments in Defendants' petition for rehearing en banc.

Defendants' follow-on argument that Judges Wiener and Southwick failed to "acknowledge[] or appl[y]" the "clear showing" standard by name, Dkt. 180-1, is illusory. The panel's charge was to determine whether the District Court abused its discretion in granting the preliminary injunction. In doing so, it held that "[i]t was not clear error for the district court to conclude that Defendants' alternative explanations for removal were pretextual" and their conduct likely unconstitutional, and that such finding was sufficient to affirm that "Plaintiffs have a substantial likelihood of ultimately succeeding on the merits." Panel Op. at 20, 22.

This holding accords with the contemporaneous evidence, including Defendant Milum's live hearing testimony. Defendants' claim that the District Court's findings about her intent in removing books was only based circumstantial evidence is not relevant because such evidence is sufficient. It is also incorrect. Ms. Milum testified that "the reason that [the books] were selected to be weeded and reviewed to be weeded, as opposed to other books, w[as] because Ms. Wallace had them on her list." ROA.3952-53. Defendants offered no evidence to the contrary, save Ms.

| | San Francisco | New York |
|---|---|---|
| | 747 Front Street, 4th Floor | 118 W 22nd Street, 12th Floor |
| | San Francisco, CA 94111 | New York, NY 10011 |
| | Tel.: (415) 599-0210 | Tel.: (646) 829-9403 |
| | Fax: (415) 276-1808 | Fax: (646) 403-4089 |

Milum's post-hearing declarations that tried to contradict her live testimony. The record more than supports Plaintiffs' obligation to make a clear showing of their likelihood of success, which is what both the District Court and a panel of this Court correctly concluded.

                                            Respectfully submitted,

                                            Matthew Borden

                                            *Counsel for Plaintiffs-Appellees*

Cc: All Counsel (via CM/ECF)