No. 23-50224

# In the United States Court of Appeals for the Fifth Circuit

LEILA GREEN LITTLE; JEANNE PURYEAR; KATHY KENNEDY; REBECCA JONES; RICHARD DAY; CYNTHIA WARING; DIANE MOSTER,

*Plaintiffs-Appellees,*

v.

LLANO COUNTY; RON CUNNINGHAM, *in his official capacity as Llano County Judge*; JERRY DON MOSS, *in his official capacity as Llano County Commissioner*; PETER JONES, *in his official capacity as Llano County Commissioner*; MIKE SANDOVAL, *in his official capacity as Llano County Commissioner*; LINDA RASCHKE, *in her official capacity as Llano County Commissioner*; AMBER MILUM, *in her official capacity as Llano County Library System Director*; BONNIE WALLACE, *in her official capacity as Llano County Library Board Member*; ROCHELLE WELLS, *in her official capacity as Llano County Library Board Member*; RHODA SCHNEIDER, *in her official capacity Llano County Library Board Member*; GAY BASKIN, *in her official capacity as Llano County Library Board Member*,

*Defendants-Appellants.*

On Appeal from the United States District Court
for the Western District of Texas
No. 1:22-cv-424-RP

**UNOPPOSED MOTION FOR LEAVE TO FILE AMICUS BRIEF IN SUPPORT OF DEFENDANTS-APPELLANTS**

Amici the States of Florida, Texas, Alaska, Arkansas, Idaho, Indiana, Iowa, Kansas, Louisiana, Mississippi, Missouri, Montana, Nebraska, North Dakota, Ohio, South Carolina, Utah, and West Virginia request leave to file a brief as amici curiae in support of defendants-appellants, according to this Court's practice for en banc proceedings.

The Amici States are deeply interested in the legal standards applied by courts for reviewing the library-curation decisions of states and state subdivisions. The question presented in this case—whether a county library violated its patrons' First Amendment rights by removing books from its shelves—directly affects that interest.

A "government speaks through its selection of which books to put on [public-library] shelves and which books to exclude." *People for the Ethical Treatment of Animals v. Gittens*, 414 F.3d 23, 28 (D.C. Cir. 2005). And when the government speaks, it may choose its own message. *See, e.g.*, *Pleasant Grove City v. Summum*, 555 U.S. 460, 467–68 (2009) (explaining "[t]he Free Speech Clause . . . does not regulate government speech")); *see also Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 833 (1995).

But, in this case, the district court held that plaintiffs-appellees were likely to succeed on their claims because "[a]lthough libraries are afforded great discretion for their selection and acquisition decisions, the First Amendment prohibits the removal of books from libraries based on either viewpoint or content discrimination." ROA.3523 (citing *Bd. of Educ. v. Pico*, 457 U.S. 853, 871 (1982) (plurality opinion)). The en banc Court will decide whether the district court applied the correct legal standard.

Because this is "a hot-button issue," *Little v. Llano Cnty.*, 103 F.4th 1140, 1146 (5th Cir. 2024), with similar cases already pending in the Eighth Circuit and the Northern District of Florida, *see, e.g.*, *GLBT Youth in Iowa Sch. Task Force v. Reynolds*, No. 24-1075 (8th Cir. 2024); *Parnell v. Sch. Bd. of Lake Cnty.*, No. 4:23-cv-414, 2024 WL 2703762, at *1 (N.D. Fla. Apr. 25, 2024), the Amici States seek to file this amicus brief to explain why the district court's decision conflicts with Supreme Court jurisprudence regarding government speech.

For these reasons, the Amici States request leave to file an amicus brief in support of defendants-appellants. The proposed brief has been filed concurrently.

## CONCLUSION

The Amici States respectfully request leave to file an amicus brief in support of defendants-appellants.

| | |
|---|---|
| Dated: August 9, 2024 | Respectfully submitted, |
| KEN PAXTON<br>  *Attorney General of Texas* | ASHLEY MOODY<br>  *Attorney General of Florida* |
| BRENT WEBSTER<br>  *First Assistant Attorney General* | */s/ Henry C. Whitaker*<br>HENRY C. WHITAKER<br>  *Solicitor General*<br>NATHAN A. FORRESTER<br>  *Senior Deputy Solicitor General* |
| */s/ Aaron L. Nielson*<br>AARON L. NIELSON<br>  *Solicitor General*<br>LANORA C. PETTIT<br>  *Principal Deputy Solicitor General* | BRIDGET K. O'HICKEY<br>  *Assistant Solicitor General* |
| Texas Attorney General's Office<br>P.O. Box 12548 (MC 059)<br>Austin, TX 78711-2548<br>(512) 936-1700<br>aaron.nielson@oag.texas.gov | Florida Attorney General's Office<br>The Capitol, PL-01<br>Tallahassee, Florida 32399<br>(850) 414-3300<br>henry.whitaker@myfloridalegal.com |
| *Counsel for Amicus Curiae State of Texas* | *Counsel for Amicus Curiae State of Florida* |

Additional Counsel:

Treg Taylor
Attorney General of Alaska

Tim Griffin
Attorney General of Arkansas

Raúl R. Labrador
Attorney General of Idaho

Theodore E. Rokita
Attorney General of Indiana

Brenna Bird
Attorney General of Iowa

Kris W. Kobach
Attorney General of Kansas

Liz Murrill
Attorney General of Louisiana

Lynn Fitch
Attorney General of Mississippi

Andrew Bailey
Attorney General of Missouri

Austin Knudsen
Attorney General of Montana

Michael T. Hilgers
Attorney General of Nebraska

Drew Wrigley
Attorney General of North Dakota

Dave Yost
Attorney General of Ohio

Alan Wilson
Attorney General of South Carolina

Sean Reyes
Attorney General of Utah

Patrick Morrisey
Attorney General of West Virginia

## Certificate of Conference

On August 7, 2024, counsel for Amici conferred with counsel for defendants-appellants and plaintiffs-appellees. This motion is unopposed.

/s/ *Henry C. Whitaker*
Henry C. Whitaker

## Certificate of Service

On August 9, 2024, this motion was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13 and (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1.

/s/ *Henry C. Whitaker*
Henry C. Whitaker

## Certificate of Compliance

This motion complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 392 words, excluding exempted text; and (2) the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word.

/s/ *Henry C. Whitaker*
Henry C. Whitaker