# CASE NO. 23-50224

## IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

Leila Green Little; Jeanne Puryear; Kathy Kennedy; Rebecca Jones; Richard Day; Cynthia Waring; Diane Moster,
Plaintiffs—Appellees

v.

Llano County; Ron Cunningham, in his official capacity as Llano County Judge; Jerry Don Moss, in his official capacity as Llano County Commissioner; Peter Jones, in his official capacity as Llano County Commissioner; Mike Sandoval, in his official capacity as Llano County Commissioner; Linda Raschke, in her official capacity as Llano County Commissioner; Amber Milum, in her official capacity as Llano County Library System Director; Bonnie Wallace, in her official capacity as Llano County Library Board Member; Rochelle Wells, in her official capacity as Llano County Library Board Member; Rhoda Schneider, in her official capacity as Llano County Library Board Member; Gay Baskin, in her official capacity as Llano County Library Board Member,
Defendants—Appellants

ON APPEAL FROM
THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
USDC NO. 1:22-CV-424

## BRIEF OF AMICUS CURIAE BRIAN MEADORS IN SUPPORT OF PLAINTIFFS-APPELLEES

SUBMITTED BY:
Brian Meadors *pro se*
1930 W Oak Shadows Cir
Memphis, TN 38119
(980) 867-1371
brianmeadors@gmail.com

# TABLE OF CONTENTS

Table of Authorities .......... 2

Interest of the Amicus Curiae .......... 3

Argument .......... 4

Certificate of Service .......... 6

Certificate of Compliance .......... 6

# TABLE OF AUTHORITIES

## Cases

*303 Creative LLC v. Elenis,* 600 U.S. 570 (2023).............................................. 4

*Counts v. Cedarville School District*, 295 F. Supp. 2d 996 (W.D. Ark. 2003) .....3

*Doe v. University of Michigan,* 721 F.Supp. 852 (E.D. Mich. 1989) .....................3

*Flores v. Bennett*, 635 F.Supp.3d 1020 (E.D. Cal. 2022)........................................4

*Masterpiece Cakeshop v. Colorado Civil Rights Comm'n,* 584 U.S. 617 (2018)........4

*Missouri v. Biden,* 80 F.4th 641 (5th Cir. 2023)......................................................4

*National Rifle Ass'n v. Vullo,* No. 22–842 (U.S. Sup. Ct. 2024)............................4

*Virden v. Crawford County,* No. 2:23-cv-2071 (W.D. Ark., pending).................3

## Publications

B. Jendryka, C.B. Meadors, "John Doe Tells All," Vol. 8, Num. 7, *The Michigan Review* at 1 (March 1990)[1]..........................................................................3

C.B. Meadors, "Time to Reflect: When Should 'Dangerous' Speech Lose its First Amendment Shield?" 36 *Court Review* 2, 46-54 (1999)............................3

B. Meadors, *Harry Potter and the Cedarville Censors* (McFarland Press 2019) ..3

## Websites

<https://pen.org/conservative-commentator-bill-oreilly-hits-the-roof-over-his-books-being-banned-in-florida/> (accessed Sept. 4, 2024) ..............................5

<https://pen.org/2023-banned-book-list/> (accessed Sept. 4, 2024)................5

[1] Article can be found at <https://public.websites.umich.edu/~mrev/issues/Vol_8_No_7.pdf> (accessed Sept. 4, 2024).

## INTEREST OF THE AMICUS CURIAE[2]

Amicus Curiae Brian Meadors would like to show the Court the long-term effects of a reversal in the instant case, based on his decades of free speech study and advocacy.

Mr. Meadors's experience and scholarship include: challenging campus speech codes;[3] author on free speech issues;[4, 5] plaintiffs' attorney in *Counts v. Cedarville School District*, 295 F. Supp. 2d 996 (W.D. Ark. 2003) (overturning school's restriction of Harry Potter books) and *Virden, et al. v. Crawford County, et al.*, No. 2:23-cv-2071 (W.D. Ark.) (case is pending) (county requiring its library to sequester books with, *inter alia*, discussions of non-Christian religions, as well as books with gay or disabled characters); and speaker at multiple library functions on free speech topics.

---

[2] This brief is submitted by Mr. Meadors *pro se* and with the consent of all parties. Amicus Curiae certifies that this brief was not authored in whole or part by counsel for any of the parties; no party or party's counsel contributed money for the brief; and no one other than Amicus Curiae has contributed money for this brief.

[3] B. Jendryka, C.B. Meadors, "John Doe Tells All," Vol. 8, Num. 7, *The Michigan Review* at 1 (March 1990) (case in article is *Doe v. Univ. of Michigan*, 721 F.Supp. 852 (E.D. Mich. 1989)).

[4] C. B. Meadors, "Time to Reflect: When Should 'Dangerous' Speech Lose its First Amendment Shield?" 36 *Court Review* 2, 46-54 (1999).

[5] B. Meadors, *Harry Potter and the Cedarville Censors* (McFarland Press 2019).

# ARGUMENT

While in this case a reversal would result in the exclusion of books that some think have little merit, in the long term a reversal would hurt conservative causes.

This is because the political Left is an eager and active censor. The Left happily uses government power against conservatives. For example:

• *Missouri v. Biden*, 80 F.4th 641 (5th Cir. 2023) rev'd by *Murthy v. Missouri* 603 U.S. __ (2023). (Biden-Harris administration pressures social media to silence conservative voices).

• *National Rifle Ass'n v. Vullo*, No. 22–842 (U.S. Sup. Ct. 2024) (State of New York punished and suppressed the NRA's pro-2nd Amendment advocacy; the 2nd Circuit held this as "government speech").

• *Flores v. Bennett*, 635 F.Supp.3d 1020 (E.D. Cal. 2022) (community college censored a conservative student group's anti-communist, pro-life flyers; the college claimed it could do so under the "government speech" doctrine).

• *Masterpiece Cakeshop v. Colorado Civil Rights Comm'n*, 584 U.S. 617 (2018) (State of Colorado compelled pro-LGBTQ speech from a cake-maker).

• *303 Creative LLC v. Elenis*, 600 U.S. 570 (2023) (State of Colorado compelled pro-LGBTQ speech from a website maker).

And this is just a handful of recently reported cases. Other examples abound. *See, e.g.,* <https://pen.org/conservative-commentator-bill-oreilly-hits-the-roof-over-his-books-being-banned-in-florida/> (accessed Sept. 4, 2024);

<https://pen.org/2023-banned-book-list/> (accessed Sept. 4, 2024) (listing books—*including Bible stories*—that have been banned from libraries).

Under the "government speech" argument, libraries in Left-leaning locales would no doubt remove or sequester conservative material. This would hinder curious patrons seeking ideas that challenge Left-wing orthodoxy; it would also hurt homeschoolers who rely on public libraries to supplement their curriculum.

* * *

For these reasons, Mr. Meadors respectfully asks this Court to bear in mind that, were Llano County to win the case at bar, the political Left would use the holding as an additional tool to suppress conservative ideas.

Respectfully,

*/s/ Brian Meadors*
Brian Meadors
1930 W Oak Shadows Cir
Memphis, TN 38119
(980) 867-1371
brianmeadors@gmail.com

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Brian Meadors*
Brian Meadors
1930 W Oak Shadows Cir
Memphis, TN 38119
(980) 867-1371
brianmeadors@gmail.com

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 548 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f). This brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5)(A) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Hoefler Text font size 14.

*/s/ Brian Meadors*
Brian Meadors
1930 W Oak Shadows Cir
Memphis, TN 38119
(980) 867-1371
brianmeadors@gmail.com