No. 23-50224

# In the United States Court of Appeals for the Fifth Circuit

Leila Green Little, Jeanne Puryear, Kathy Kennedy, Rebecca Jones, Richard Day, Cynthia Waring, And Diane Moster,

*Plaintiffs-Appellees,*

v.

Llano County, Ron Cunningham, in his official capacity as Llano County Judge, Jerry Don Moss, in his official capacity As Llano County Commissioner, Peter Jones, in his official capacity as Llano County Commissioner, Mike Sandoval, in his official capacity as Llano County Commissioner, Linda Raschke, in her official capacity as Llano County Commissioner, Amber Milum, in her official capacity as Llano County Library System Director, Bonnie Wallace, in her official capacity as Llano County Library Board Member, Rochelle Wells, in her official capacity as Llano County Library Board Member, Rhonda Schneider, in her official capacity as Llano County Library Board Member, and Gay Baskin, in her official capacity as Llano County Library Board Member,

*Defendants-Appellants.*

Appeal from the United States District Court
for the Western District of Texas, Austin Division
1:22-cv-00424-RP

**OPPOSITION TO DEFENDANTS-APPELLANTS' MOTION FOR LEAVE TO FILE REPLY TO SUPPLEMENTAL EN BANC BRIEF**

(Counsel Listed Inside Cover)

Katherine P. Chiarello
(TX Bar No. 24006994)
Ryan A. Botkin
(TX Bar No. 00793366)
María Amelia Calaf
(TX Bar No. 24081915)
Botkin Chiarello Calaf PLLC
1209 Nueces Street
Austin, Texas 78701
Tel: 512-615-2341
Fax: 737-289-4695
ryan@bccaustin.com
katherine@bccaustin.com
mac@bccaustin.com

Matthew Borden
(CA Bar No. 214323)
J. Noah Hagey
(CA Bar No. 262331)
Marissa R. Benavides
(NY Bar No. 5796891)
Kory James DeClark
(CA Bar No. 310571)
BraunHagey & Borden LLP
747 Front Street, 4th Floor
Tel: 415-599-0210
Fax: 415-276-1808
borden@braunhagey.com
hagey@braunhagey.com
benavides@braunhagey.com
declark@braunhagey.com

*Attorneys for Plaintiffs-Appellees*

Jonathan F. Mitchell
Texas Bar No. 24075463
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

Dwain K. Rogers
Texas Bar No. 00788311
County Attorney

Matthew L. Rienstra
Texas Bar No. 16908020
First Assistant County Attorney
Llano County Attorney's Office
Llano County Courthouse
801 Ford Street
Llano, Texas 78643
(325) 247-7733
dwain.rogers@co.llano.tx.us
matt.rienstra@co.llano.tx.us

*Attorneys for Defendants-Appellants*

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

**Plaintiffs-Appellees**
Leila Green Little
Jeanne Puryear
Kathy Kennedy
Rebecca Jones
Richard Day
Cynthia Waring
Diane Moster

**Plaintiffs-Appellees' Counsel**
Katherine P. Chiarello
Ryan A. Botkin
María Amelia Calaf
Botkin Chiarello Calaf PLLC

Matthew Borden
J. Noah Hagey
Marissa R. Benavides
Kory J. Declark
BraunHagey & Borden LLP

**Defendants-Appellants**
Llano County
Ron Cunningham
Jerry Don Moss
Peter Jones
Mike Sandoval
Linda Raschke
Amber Milum
Bonnie Wallace

Rochelle Wells
Rhonda Schneider
Gay Baskin

**Defendants-Appellants' Counsel**
Jonathan F. Mitchell
Mitchell Law PLLC

Dwain K. Rogers
Matthew L. Rienstra
Llano County Attorney's Office

Defendants-Appellants ask the Court to modify its schedule to allow them to submit a 6,500-word brief five business days before the parties' oral argument to the en banc Court. Defendants' request to file what would be their fourth merits brief on this appeal does not seek leave to address any new arguments in Plaintiffs-Appellees' Supplemental En Banc Brief, as there were none. Instead, it is an attempt to pile on additional last-minute arguments to which Plaintiffs cannot respond. Defendants' request is unfair and should be denied for at least three reasons.

*First*, the Court's order for supplemental briefing did not contemplate Defendants filing a second supplemental brief—much less filing one five business days before oral argument. In its July 3, 2024 Order, ECF No. 187-2, the Court ordered the Clerk to set a briefing schedule "for the filing of supplemental briefs," in which each party was to supplement its briefs to the merits panel in advance of en banc oral argument. Defendants confirmed this with the Clerk prior to filing their supplemental en banc brief. *See* Ex. 2 ("I spoke to the clerk's office last week and they explained that the en banc briefs should supplement the panel-stage briefing, and that the en banc court will have read the panel-stage briefs."). The Clerk instructed Defendants to file "an en banc brief" by August 2, and Plaintiffs to file an en banc brief by September 3, in advance of oral argument the week of September 23, 2024. ECF No. 187-1. Defendants' request for additional briefing

goes beyond what the Court ordered and the Clerk scheduled for argument on this appeal.

*Second*, Defendants' request is unfairly prejudicial because it would allow Defendants to present new arguments to the en banc Court without allowing Plaintiffs adequate opportunity to prepare a response. This is especially inappropriate because Defendants raised a government speech argument in their supplemental en banc brief that they did not make at the panel stage. *See* ECF No. 230 at 17. As a result, Plaintiffs had to allocate a portion of their supplemental en banc brief to addressing this new argument, which Defendants made in less than three pages, rather than simply supplement their established position on appeal. *See id.* Now, Defendants ask that Court to modify its briefing schedule to allow them to expand on this new argument, only five business days before the parties appear before the en banc Court. This schedule deprives Plaintiffs of a meaningful opportunity to prepare for the en banc hearing or respond to an argument Defendants could have fully articulated in any of their three prior briefing opportunities.

*Third*, Defendants offer no persuasive reason to allow them the opportunity to make arguments beyond those they already made in their three previous filings. Regarding Defendants' first contention, Plaintiffs agree that the Eighth Circuit decided the *Reynolds* case after Defendants filed their supplemental brief, and told

Defendants that the appropriate mechanism for addressing this would be a Rule 28(j) letter. Ex. 1. *Reynolds* occupied less than a page of Plaintiffs' supplemental brief, ECF No. 230 at 21, and is not grounds for the 6,500-word second supplemental brief that Defendants ask to file.

Defendants' remaining contentions are not grounds for additional briefing. In accordance with Fifth Circuit rules, Plaintiffs did not advance any new arguments in their supplemental brief. *See United States v. Cruz-Barraza*, 157 F. App'x 768, 770 (5th Cir. 2005) (supplemental brief should not "contain new arguments [or] raise new issues, [but should] supplement the initial brief as contemplated by the rules"). Rather, Plaintiffs furthered their panel-stage arguments and responded to Defendants' arguments. *See* ECF No. 230. Nothing in Plaintiffs' supplemental en banc brief warrants granting Defendants a fourth turn at the merits of their appeal. Defendants simply want one more tilt at the positions Plaintiffs have maintained since their merits brief, even as Defendants already had opportunity to address them in their own supplemental brief. Taking each contention in turn:

**(2) A response to the plaintiffs-appellees' claim that we "waived" our government speech argument.**

Defendants had opportunity to respond to this argument in their supplemental en banc brief. Plaintiffs argued in their merits brief that under the Fifth Circuit's established waiver principles, Defendants waived their government

speech argument when they did not raise it on appeal. *See* ECF No. 101-2 at 38 n.18. Defendants elected not to respond to this argument in their reply brief, *see generally* ECF No. 121-2, or their supplemental en banc brief, *see generally* ECF No. 205-2. Defendants should not be given 6,500 additional words to respond to an argument they could have addressed but chose not to multiple times over.

### (3) A response to the substance of the plaintiffs-appellees' attacks on our government-speech argument.

Under this Court's rules, Defendants are not entitled to further brief an argument they improperly raised to this Court in their supplemental en banc brief. *See Cruz-Barraza*, 157 F. App'x at 770. Defendants violated the Court's rules by raising their government speech argument for the first time in this appeal at the supplemental briefing stage. *See* ECF No. 230 at 17. Their request to compound that violation with additional briefing should be rejected on those grounds alone. Further, Defendants had ample space in their supplemental en banc brief to advance their argument, rather than spend just two pages on it. Their failure to present their complete argument in their supplemental brief is not grounds for allowing Defendants to sandbag Plaintiffs at the last minute.

**(4) A response to the plaintiffs-appellees' characterization of the facts, which contains misleading and inaccurate statements that did not appear in previous briefs and that have not yet been clarified or called out by opposing counsel.**

Defendants had more than adequate opportunity to state their own characterization of the facts and respond to Plaintiffs' summary of the facts. Defendants provided **11 pages** of factual characterization in their opening merits brief, ECF No. 85-1 at 5-15; dedicated **12 pages** to responding to Plaintiffs' factual summary in their reply to Plaintiffs' opening merits brief, ECF No. 121-2 at 4-15; and added **10 pages** of factual characterization (and response to Plaintiffs' factual summary) in their supplemental en banc brief, ECF No. 203 at 1-10. Plaintiffs' statement of facts contained no "misleading and inaccurate statements," much less new statements, but rather rebutted Defendants' factual assertions. Defendants show no reason why they are entitled to rehash the facts a fourth time, or why they could not have submitted any additional factual argument in their prior briefs given that the record is static.

**(5) A response to the plaintiffs-appellees' accusation that we are attempting to "moot this lawsuit" by offering the 17 disputed books through the in-house checkout system.**

The parties have repeatedly presented their positions on this issue. In their merits brief, reply brief, and even their petition for rehearing en banc, Defendants argued that their "in-house checkout system" somehow eliminates Plaintiffs' First Amendment injury but does not moot their claim. *See* ECF No. 85-1 at 21-23; ECF

No. 121-2 at 16-21; ECF No. 203 at 26-29. In their responsive merits brief, Plaintiffs explained why Defendants' argument is merely an attempt to circumvent the voluntary cessation doctrine, *see* ECF No. 101-2 at 47-50, an argument that the Clerk confirmed is incorporated in the parties' supplemental briefing, *see* Ex. 2. Defendants had more than an equal opportunity to supplement their arguments on this issue. That Defendants wish to say more is not a reason to allow a second 6,500 word supplemental brief.

**(6)  A response to the plaintiffs-appellees' accusation that our contentions of factual mistakes in the panel's opinion are "inaccurate."**

Once again, both parties have now briefed this twice: first on Defendants' petition for rehearing en banc—in which Defendants similarly exceeded the Fifth Circuit's briefing process by submitting *double* the allotted words, *see* Fed. R. App. P. 35(b)(2)-(3)—and again on supplemental briefing. *See* ECF No. 205-2; ECF No. 230.

**(7) A response to the plaintiffs-appellees' concession that the First Amendment gives public libraries a free hand when it comes to the initial selection (as opposed to the removal) of library materials. . . . This concession did not appear in the plaintiffs-appellees' previous briefing.**

Plaintiffs do not understand Defendants' basis for this assertion, as they made no such concession. For that reason, it is not a ground for seeking the Court's leave to file a second supplemental brief. If Defendants wish to argue that Plaintiffs took this position, they may do that at oral argument.

**(8) A response to the plaintiffs-appellees' apparent concession that content discrimination (as opposed to viewpoint discrimination) is permissible when weeding library materials. . . . This concession did not appear in the plaintiffs-appellees' previous briefing.**

Plaintiffs made no such concession, but if Defendants wish to argue otherwise, they once again are free to do so at oral argument.

**(9) A response to the plaintiffs-appellees' claim that *Campbell v. St. Tammany Parish School Board*, 64 F.3d 184 (5th Cir. 1995), establishes a "workable" legal standard.**

As one of the core issues of this appeal, this has been briefed extensively by both parties. Defendants have already supplemented their merits argument against the applicability of *Campbell v. St. Tammany Parish School Board*, 64 F.3d 184 (5th Cir. 1995), by asking this Court to overrule its own precedent. *See* ECF No. 203 at 16. No further briefing is called for.

**(10) An opportunity to respond to arguments that will appear in the many bottom-side amicus briefs that will be filed next week.**

The Court contemplated this in its briefing schedule. This is the same process used by the Supreme Court and other circuits taking cases en banc. If amici raise any points to which Defendants wish to respond, Defendants can do so at argument.

\* \* \*

Defendants' proposal that they be given double the briefing opportunities as Plaintiffs (four to two), with their last brief being filed five business days before argument, is not fair. If Defendants are allowed to submit a fourth merits brief on

this appeal, the Court should order them to do so by no later than September 16, 2024, and limit the number of words to 1,050—three times the length of a Rule 28(j) letter—and also allow Plaintiffs to submit a second supplemental brief of equal length to Defendants' to address Defendants' new arguments by September 19, 2024.

## CONCLUSION

For the reasons set forth above, Plaintiffs-Appellees respectfully request that the Court deny Defendants-Appellants' motion for leave to file an en banc supplemental reply brief or, in the alternative, grant both Defendants-Appellants and Plaintiffs-Appellees leave to file second supplemental briefs of equal length pursuant to the schedule set forth above.

Dated: September 10, 2024        Respectfully submitted,

*/s/ Matthew Borden*
Matthew Borden
(CA Bar No. 214323)
J. Noah Hagey
(CA Bar No. 262331)
Marissa Benavides
(NY Bar No. 5796891)
Kory James DeClark
(CA Bar No. 310571)
BraunHagey & Borden LLP
747 Front Street, 4th Floor
Tel.: 415-599-0209
Fax: 415-276-1808
borden@braunhagey.com
hagey@braunhagey.com

benavides@braunhagey.com
declark@braunhagey.com

Katherine P. Chiarello
(TX Bar No. 24006994)
Ryan A. Botkin
(TX Bar No. 00793366)
María Amelia Calaf
(TX Bar No. 24081915)
Botkin Chiarello Calaf PLLC
1209 Nueces Street
Austin, Texas 78701
Tel: 512-615-2341
Fax: 737-289-4695
katherine@bccaustin.com
ryan@bccaustin.com
mac@bccaustin.com

*Attorneys for Plaintiffs-Appellees*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 10th day of September, 2024, I electronically submitted the foregoing to the Clerk of the Court of the United States Court of Appeals for the Fifth Circuit using the Court's ECF system, which sent a Notice of Electronic Filing to the following attorneys of record:

Jonathan F. Mitchell
Texas Bar No. 24075463
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

Dwain K. Rogers
Texas Bar No. 00788311
County Attorney

Matthew L. Rienstra
Texas Bar No. 16908020
First Assistant County Attorney

Llano County Attorney's Office
Llano County Courthouse
801 Ford Street
Llano, Texas 78643
(325) 247-7733
dwain.rogers@co.llano.tx.us
matt.rienstra@co.llano.tx.us

                                                     */s/ Matthew Borden*
                                                     Matthew Borden

## **CERTIFICATE OF COMPLIANCE**

This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,774 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

*/s/ Matthew Borden*
Matthew Borden