**No. 23-50224**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

LEILA GREEN LITTLE, JEANNE PURYEAR, KATHY KENNEDY, REBECCA JONES, RICHARD DAY, CYNTHIA WARING, AND DIANE MOSTER,

*Plaintiffs-Appellees,*

v.

LLANO COUNTY, RON CUNNINGHAM, IN HIS OFFICIAL CAPACITY AS LLANO COUNTY JUDGE, JERRY DON MOSS, IN HIS OFFICIAL CAPACITY AS LLANO COUNTY COMMISSIONER, PETER JONES, IN HIS OFFICIAL CAPACITY AS LLANO COUNTY COMMISSIONER, MIKE SANDOVAL, IN HIS OFFICIAL CAPACITY AS LLANO COUNTY COMMISSIONER, LINDA RASCHKE, IN HER OFFICIAL CAPACITY AS LLANO COUNTY COMMISSIONER, AMBER MILUM, IN HER OFFICIAL CAPACITY AS LLANO COUNTY LIBRARY SYSTEM DIRECTOR, BONNIE WALLACE, IN HER OFFICIAL CAPACITY AS LLANO COUNTY LIBRARY BOARD MEMBER, ROCHELLE WELLS, IN HER OFFICIAL CAPACITY AS LLANO COUNTY LIBRARY BOARD MEMBER, RHONDA SCHNEIDER, IN HER OFFICIAL CAPACITY AS LLANO COUNTY LIBRARY BOARD MEMBER AND GAY BASKIN, IN HER OFFICIAL CAPACITY AS LLANO COUNTY LIBRARY BOARD MEMBER,

*Defendants-Appellants.*

---

Appeal from the United States District Court,
For the Western Division of Texas, Austin Division
1:22-cv-00424-RP

---

**UNOPPOSED MOTION FOR LEAVE TO FILE AMICI CURIAE BRIEF OF FREEDOM TO READ FOUNDATION, TEXAS LIBRARY ASSOCIATION, AND AMERICAN LIBRARY ASSOCIATION IN SUPPORT OF APPELLEES EN BANC**

---

(Counsel Listed Inside Cover)

Ryan W. Goellner
FROST BROWN TODD LLP
301 E. Fourth Street
Cincinnati, OH 45202
T: (513) 651-6800
F: (513) 651-6981
rgoellner@fbtlaw.com

Thomas F. Allen, Jr.
Benjamin A. West
FROST BROWN TODD LLP
2101 Cedar Springs Rd.
Suite 900
Dallas, TX 75201
T: (214) 545-3472
F: (214) 545-3473
tfallen@fbtlaw.com

Kevin Shook
FROST BROWN TODD LLP
10 W. Broad Street
Suite 2300
Columbus, Ohio 43215
T: (614) 464-1211
F: (614) 464-1737
kshook@fbtlaw.com

*Counsel of Record for Amici Curiae Freedom to Read Foundation, Texas Library Association, and American Library Association*

## SUPPLEMENTAL CERTIFICATE OF INTERESTED PERSONS

Case No. 23-50224, *Leila Green Little, et al. v. Llano County, et al.*

Pursuant to 5TH CIR. RULE 28.2.1, I hereby certify that I am aware of no persons or entities, in addition to those listed in the party briefs, that have a financial interest in the outcome of this litigation. I also certify that Freedom to Read Foundation (FTRF) is a not-for-profit organization under Section 501(c)(3) of the Internal Revenue Code; and that FTRF, as not-for-profit organization, has no parent corporation or stock, and therefore no publicly owned corporation owns ten percent or more of its stock. I also certify that Texas Library Association (TLA) is a not-for-profit organization under Section 501(c)(3) of the Internal Revenue Code; and that TLA, as not-for-profit organization, has no parent corporation or stock, and therefore no publicly owned corporation owns ten percent or more of its stock. I also certify that American Library Association (ALA) is a not-for-profit organization under Section 501(c)(3) of the Internal Revenue Code; and that ALA, as not-for-profit organization, has no parent corporation or stock, and therefore no publicly owned corporation owns ten percent or more of its stock. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

*s/ Thomas F. Allen, Jr.*
Thomas F. Allen, Jr.

**UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF OF AMICI CURIAE FREEDOM TO READ FOUNDATION, TEXAS LIBRARY ASSOCIATION, AND AMERICAN LIBRARY ASSOCIATION IN SUPPORT OF APPELLEES**

Amici Curiae the Freedom to Read Foundation, Texas Library Association, and American Library Association (collectively, "Amici") file this Unopposed Motion seeking leave from the Court to file the Brief of Amici Curiae in support of Appellees En Banc, attached to this Motion. As required by FED. R. APP. P. 29, Amici state (1) their interest in this matter and (2) why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case.

**I. Amici's interest in this matter.**

The three Amici are national and Texas-based library organizations, including the largest library organization in the United States.

The Freedom to Read Foundation (FTRF) is a nonprofit organization established to foster libraries as institutions that fulfill the promise of the First Amendment; support the rights of libraries to include in their collections and make available to the public any work they may legally acquire, including a broad array of authors and viewpoints; establish legal precedent for the freedom to read of all citizens; and protect the public against efforts to suppress or censor speech.

The Texas Library Association (TLA) was established in 1902 and currently has a membership of more than 5,000 academic, public, school, and special librarians. TLA supports and advocates for Texas librarians and strives for

excellence in libraries and librarianship. The association's core values include intellectual freedom, literacy, and lifelong learning, access to information, and ethical responsibility and integrity.

The American Library Association (ALA) is a nonprofit, educational organization representing libraries and librarians throughout the United States. ALA's membership includes over 5,000 organizational members and more than 44,000 individual members. Members are in public libraries, academic libraries, special libraries, and school library media centers throughout the United States. Founded in 1876, ALA is committed to the preservation of the library as a resource indispensable to the intellectual, cultural, and educational welfare of the nation.

Amici believe that the defining tenet of the library profession is providing free and equal access to information at the library. They are committed to protecting the rights of libraries to collect and disseminate information, and the rights of all members of the public to access that information.

This case arises from public officials removing certain books from the shelves of three branches of the public library system in Llano County, Texas. The books were removed at the behest of patron complaints that the books—which included award-winning books for children and young adults—were "inappropriate" or "pornographic." In Amici's view, Appellants' conduct is contrary to the traditional role of public libraries, professional library practice, and (in the words of the ALA's

Code of Ethics) "the values of intellectual freedom that define the profession of librarianship." Amici therefore have a strong interest in seeing the district court's injunction affirmed.

Amici previously filed a brief in this appeal at the panel stage. Amici's proposed brief at the *en banc* stage is adapted from their earlier, panel-stage brief.

## II. Why Amici's brief is desirable and why the matters asserted are relevant to the disposition of the case.

Amici's brief is relevant and will assist the Court's consideration of this case.

*Frist*, as associations of libraries and librarians with over two centuries of combined experience, Amici will provide the Court with important historical and professional context about America's public libraries. That context includes a discussion of the training and ethical commitments of professional librarians to curate broad, diverse library collections based on objective criteria, not on subjective disapproval of controversial materials.

*Second*, the brief provides Amici's perspective on the underlying conduct of Appellants (library and county officials): not only their removal of the books from library shelves, but also their creation of an "in-house" system that hid the books from view and erased them from the catalogue. Amici's brief explains how this conduct is inconsistent with professional library practice.

*Third*, Amici will provide this Court with the perspective of professional librarians on the potential impact of a ruling in favor of Appellants. Along with the

Attorneys General of several states, Appellants ask this Court to rule that the First Amendment does not apply to the curation of public library collections, which Appellants and the Attorneys General would characterize as "government speech." Amici's brief discusses how such a ruling is not only incompatible with decades of First Amendment precedent, but also fundamentally at odds with the historical role of the American public library.

Each of these issues is relevant to the Court's analysis of this appeal.

For these reasons, amici curiae Freedom to Read Foundation, Texas Library Association, and American Library Association respectfully request that the Court grant this Unopposed Motion and grant them leave to file the Brief of Amici Curiae attached to the Motion.

Dated: September 10, 2024

Respectfully submitted,

*s/ Thomas F. Allen, Jr.*____
Thomas F. Allen, Jr.
Benjamin A. West
FROST BROWN TODD LLP
2101 Cedar Springs Rd., Suite 900
Dallas, TX 75201
T: (214) 545-3472
F: (214) 545-3473
tfallen@fbtlaw.com
bwest@fbtlaw.com

Ryan W. Goellner
FROST BROWN TODD LLP
3300 Great American Tower
301 E. Fourth Street
Cincinnati, OH 45202
T: (513) 651-6800
F: (513) 651-6981
rgoellner@fbtlaw.com

Kevin Shook
FROST BROWN TODD LLP
10 W. Broad Street, Suite 2300
Columbus, OH 43215
T: (614) 464-1211
F: (614) 464-1737
kshook@fbtlaw.com

*Counsel for Amici Curiae Freedom to Read Foundation, Texas Library Association, and American Library Association*

## CERTIFICATE OF CONFERENCE

Pursuant to 5TH CIR. RULE 27.4, I hereby certify that on September 9, 2024, I conferred by email with counsel for both Appellants and Appellees concerning the relief requested in this Motion. Counsel stated that Appellants and Appellees are unopposed to the Motion.

*s/ Thomas F. Allen, Jr.*
Thomas F. Allen, Jr.

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of FED. R. APP. P. 27(d)(2)(a) and 5TH CIR. RULE 27.4 because, excluding the parts of the document exempted by FED. R. APP. P. 32(f), this document contains 784 words.

This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and 5TH CIR. RULE 32.1 and the type-style requirements of FED. R. APP. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

*s/ Thomas F. Allen, Jr.*
Thomas F. Allen, Jr.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2024, I electronically submitted the foregoing to the Clerk of the Court of the United States Court of Appeals for the Fifth Circuit using the Court's ECF system, which sent a Notice of Electronic Filing to the attorneys of record as follows:

Matthew Borden
J. Noah Hagey
Marissa Benavides
Kory James DeClark
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Tel.: 415-599-0209
Fax: 415-276-1808
borden@braunhagey.com
hagey@braunhagey.com
benavides@braunhagey.com
declark@braunhagey.com

Katherine P. Chiarello
Ryan A. Botkin
María Amelia Calaf
BOTKIN CHIARELLO CALAF PLLC
1209 Nueces Street
Austin, TX 78701
Tel.: 512-615-2347
Fax: 737-289-4695
katherine@bccaustin.com
ryan@bccaustin.com
mac@bccaustin.com

*Counsel for Plaintiffs-Appellees*

Jonathan F. Mitchell
MITCHELL LAW PLLC
111 Congress Avenue, Suite 400
Austin, TX 78701
Tel.: 512-686-3940
Fax: 512-686-3941
jonathan@mitchell.law

*Counsel for Defendants-Appellants*

*s/ Thomas F. Allen, Jr.*
Thomas F. Allen, Jr.