# In the United States Court of Appeals for the Fifth Circuit

---

LEILA GREEN LITTLE; JEANNE PURYEAR; KATHY KENNEDY; REBECCA JONES; RICHARD DAY; CYNTHIA WARING; DIANE MOSTER,

*Plaintiffs-Appellees,*

v.

LLANO COUNTY; RON CUNNINGHAM, IN HIS OFFICIAL CAPACITY AS LLANO COUNTY JUDGE; JERRY DON MOSS, IN HIS OFFICIAL CAPACITY AS LLANO COUNTY COMMISSIONER; PETER JONES, IN HIS OFFICIAL CAPACITY AS LLANO COUNTY COMMISSIONER; MIKE SANDOVAL, IN HIS OFFICIAL CAPACITY AS LLANO COUNTY COMMISSIONER; LINDA RASCHKE, IN HER OFFICIAL CAPACITY AS LLANO COUNTY COMMISSIONER; AMBER MILUM, IN HER OFFICIAL CAPACITY AS LLANO COUNTY LIBRARY SYSTEM DIRECTOR; BONNIE WALLACE, IN HER OFFICIAL CAPACITY AS LLANO COUNTY LIBRARY BOARD MEMBER; ROCHELLE WELLS, IN HER OFFICIAL CAPACITY AS LLANO COUNTY LIBRARY BOARD MEMBER; RHODA SCHNEIDER, IN HER OFFICIAL CAPACTY AS LLANO COUNTY LIBRARY BOARD MEMBER; GAY BASKIN, IN HER OFFICIAL CAPACITY AS LLANO COUNTY LIBRARY BOARD MEMBER,

*Defendants-Appellants.*

---

On Appeal from the United States District Court
for the Western District of Texas
Case No. 1:22-cv-424-RP

---

## REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE A REPLY TO APPELLEES' EN BANC SUPPLEMENTAL BRIEF

---

JONATHAN F. MITCHELL
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

*Counsel for Defendants-Appellants*

The plaintiffs oppose our motion on the ground that the Court's initial order for supplemental briefing did not provide for a reply brief. *See* Pls.' Response, ECF No. 248-2, at 1. But that is par for the course when the Fifth Circuit grants rehearing en banc. In the last 27 cases that have proceeded to rehearing en banc in the Fifth Circuit, the initial supplemental-briefing order requested a reply brief only once, in *Tesla v. NLRB*, No. 21-60285 (2024). *See* Exhibit A. Yet in 10 of those remaining cases the appellants still asked for leave to file a supplemental reply, and the Court granted the motion in nine of them. *See id.* The only time this Court denied such a request was in *United States v. Morton*, No. 19-10842 (2021), a criminal case in which the movant filed a half-page motion that made no attempt to justify his request or explain why a supplemental reply would be helpful to the Court. *See* Exhibit B. The Court summarily denied the motion the next day without awaiting a response from the government. *See* Exhibit C. Motions for leave to file supplemental replies at the en banc stage are routinely granted so long as there is an argument offered in support, and the failure to provide for a reply in the initial supplemental-briefing order does not counsel against our request.

The plaintiffs also complain that allowing a supplemental reply will be "prejudicial" and leave them without "adequate opportunity to prepare a response." *See* Pls.' Response, ECF No. 248-2, at 2. But the defendants-appellants are seeking only to reply to arguments and contentions that already appear in the plaintiffs' supplemental brief and the bottom-side amicus filings. The plaintiffs are also flatly wrong to claim that they "did not advance

any new arguments in their supplemental brief." *Id.* at 3. The plaintiffs are advancing new arguments in defense of *Campbell v. St. Tammany Parish School Board*, [64 F.3d 184](#) (5th Cir. 1995),[1] which the defendants (for the first time) are asking this Court to overrule, and the plaintiffs are arguing (for the first time) that the defendants "waived" their government-speech argument by failing to press that argument in courts that were obligated to enforce *Campbell* as a binding precedent.[2] The defendants-appellants have never had an opportunity to address the plaintiffs' arguments defending *Campbell* or the claim that the government-speech argument has been waived, and it is untenable to expect the defendants-appellants to rebut these points solely at oral argument and without any written submission.

Both sides are making new arguments and contentions at the en banc stage because the en banc court (unlike the panel and the district court) is not bound by *Campbell*, and the defendants-appellants are asking the en banc Court to overrule *Campbell* on the ground that library-curating decisions are government speech. This argument was not previously available to the defendants-appellants because *Campbell* was binding precedent.[3] But the plain-

---

1. *See* Appellees' Supplemental En Banc Brief, ECF No. 230, at 39–41.
2. *See* Appellees' Supplemental En Banc Brief, ECF No. 230, at 17–19.
3. The plaintiffs' claim that the defendants-appellants "could have fully articulated" their arguments for overruling *Campbell* in their panel-stage brief is groundless, as the three-judge panel (and the litigants) were bound by *Campbell* under the rule of orderliness. *See Jacobs v. National Drug Intelligence Center*, [548 F.3d 375, 378](#) (5th Cir. 2008); Pls.' Response, ECF No. 248-2, at 2.

tiffs have already seen the defendants-appellants' arguments for overruling *Campbell* and have had an opportunity to rebut them. It is imperative that the defendants-appellants have an opportunity to address the plaintiffs' efforts to buttress *Campbell*, so that the arguments for and against the overruling of *Campbell* are fully vetted before the en banc Court decides whether *Campbell* should be retained.

The plaintiffs are also wrong to say that allowing a supplemental reply would deprive them of "a meaningful opportunity to prepare for the en banc hearing." Pls.' Response, ECF No. 248-2, at 2. The defendants-appellants have promised to submit their proposed reply by Tuesday, September 17, 2024—seven days before oral argument is held on Tuesday, September 24, 2024.[4] That is more than enough time for the plaintiffs to read the brief and prepare for oral argument, and the Supreme Court of the United States will leave even less time between the filing of a reply brief and oral argument in cases with higher stakes than this one.[5]

---

4.  The defendants-appellants are also willing to submit the reply on Monday, September 16, 2024, as the plaintiffs propose at the end of their motion, if the Court so orders, or as a professional courtesy to plaintiffs' counsel. *See infra*, at 7.
5.  The Supreme Court's briefing order in *Whole Woman's Health v. Jackson*, No. 21-463, required reply briefs to be filed one business day before oral argument. *See United States v. Texas, et al.*, 142 S. Ct. 14 (Mem.). In *Trump v. Anderson*, No. 23-719, the Court ordered the reply brief filed three calendar days before oral argument. *See Trump v. Anderson*, 144 S. Ct. 539 (Mem.).

The plaintiffs recognize that the defendants-appellants have not had an opportunity to address the Eighth Circuit's decision in *GLBT Youth in Iowa Schools Task Force v. Reynolds*, --- F.4th ---, [2024 WL 3736785](2024%20WL%203736785) (8th Cir., August 9, 2024), but they argue that the defendants-appellants' should address this in a Rule 28(j) letter. *See* Pls.' Response, ECF No. 248-2, at 2–3. But a Rule 28(j) letter is limited to 350 words, and that is not enough to address what is (to our knowledge) the only federal appellate-court decision to weigh in on the government-speech issue. The Court needs a thorough discussion of how it should deal with *GLBT Youth* because its treatment of the Eighth Circuit's opinion will affect the certworthiness of this case if either side seeks further review in the Supreme Court, and the en banc's Court opinion needs to make clear whether *GLBT Youth* should be followed, distinguished, or disagreed with. All of these options and their implications should be thoroughly vetted, and 350 words is simply not enough given the significance of the Eighth Circuit's ruling and the possibility of further Supreme Court review.

The plaintiffs' piecemeal attacks on the topics for our proposed reply brief are equally unavailing. *See* Pls.' Response, ECF No. 248-2, at 3–8. They insist that our government-speech argument has been "waived,"[6] but the defendants should have an opportunity to rebut the plaintiffs' wavier argument, especially when a government-speech argument was incompatible with *Campbell*—a case that served as binding precedent in the district court and in

---

6.    *See* Pls.' Response, ECF No. 248-2, at 3–4.

the panel-stage proceedings. The plaintiffs cannot ask this Court to assume the correctness of their waiver argument before we have had an opportunity to respond to it, and then use that as a *reason* to deny us the opportunity to respond. That is a textbook example of begging the question. And in all events, the defendants could not have asked the Court to overrule *Campbell* at the panel stage,[7] so there is nothing wrong with asking the en banc Court to do so now and invoking a government-speech argument in support of that request.

The plaintiffs also issue a conclusory denial of our accusation that the statement of facts in their supplemental brief contains "misleading and inaccurate statements,"[8] but that bald assertion is no reason to deny the defendants an opportunity to address what they regard as the falsehoods, half-truths, and specious assertions that appear throughout the plaintiffs' supplemental brief. It is especially important that the en banc court have a thorough vetting of the facts when the panel opinion contained so many factual errors,[9] and when the voluminous record in this case makes the risk of court errors even more salient. To give just one example, the plaintiffs' oft-repeated claim that the "Defendants called the books 'pornographic filth,'"[10] is transparently false. The only book that Bonnie Wallace described as "por-

---

7. *See* note 3, *supra*.
8. *See* Pls.' Response, ECF No. 248-2, at 5.
9. *See* Appellants' Supplemental En Banc Brief, ECF No. 205-2, at 3–10.
10. Appellees' Supplemental En Banc Brief, ECF No. 230, at 4.

nographic filth" was *Gender Queer*, which is not one of the 17 disputed books and was never housed in the Llano County library system. None of the other defendants ever used the phrase "pornographic filth" to describe anything, and none of the 17 disputed books were described as "pornographic filth" by any of the defendants. Yet the plaintiffs continue to peddle this and other falsehoods in their supplemental brief, which the defendants should have an opportunity to rebut.

Finally, the plaintiffs' attempt to deny their recent concessions that (1) content discrimination is now permissible in public-library weeding decisions, and (2) public librarians should have carte blanche when selecting (as opposed to removing) library materials[11] is all the more reason to authorize additional briefing. The plaintiffs have indisputably changed their position and are advancing different arguments from what they pursued at the panel stage[12]—and for good reason, as even the lead panel opinion was unwilling to adopt the plaintiffs' now-abandoned claim that the First Amendment bans content discrimination in public-library weeding decisions. *See* Lead Panel Op., ECF No. 164, at 12 ("[C]ontent is necessarily relevant in removal deci-

---

11. *See* Pls.' Response, ECF No. 248-2, at 6–7; id. at 7 ("Plaintiffs made no such concession").

12. *Compare* Appellees' Panel-Stage Br., ECF No. 99, at 19 ("The First Amendment Prohibits Removal of Library Books Based on *Viewpoint or Content-Based* Discrimination") (emphasis added), with Appellees' Supplemental En Banc Brief, ECF No. 230, at 39 ("If a librarian removes a book for *any reason other than viewpoint animus*, the First Amendment has nothing to say about it." (emphasis added)).

sions"). The defendants have had no opportunity to address the new First Amendment theory that appears in the plaintiffs' supplemental brief, in which *only* viewpoint discrimination (and not content discrimination) is banned when public librarians weed books, and in which this ban on viewpoint discrimination in library *weeding* decisions is coupled with a rule that gives public librarians an entirely free hand when *selecting* library materials. The plaintiffs' attempt to obfuscate rather than forthrightly acknowledge their change in position counsels in favor of granting the defendants-appellants' request, as the plaintiffs are trying to create a moving target while denying the defendants an opportunity to shoot at their current location.

*　*　*

The plaintiffs are also asking the Court to allow them to file a brief responding to the reply if Court grants the defendants-appellants' motion. We do not oppose this request if the Court decides that an additional brief from the plaintiffs would be helpful. The defendants-appellants are also willing to file their reply brief on Monday, September 16, 2024, rather than Tuesday, September 17, 2024, to accommodate the briefing schedule proposed by the plaintiffs.

We do, however, oppose the plaintiffs' request to limit the reply to 1,050 words. 1,050 words is not nearly enough to address the issues described in our motion, and we could not find any previous en banc proceeding in which this Court imposed a word limit of that sort on a supplemental en banc reply.

## Conclusion

The defendants-appellants' motion for leave to file an supplemental en banc reply should be granted.

Respectfully submitted.

/s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

Dated: September 11, 2024     *Counsel for Defendants-Appellants*

# CERTIFICATE OF COMPLIANCE

I certify that this reply brief in support of motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2). The document was prepared in 14-point Equity font, and it contains 1,895 words.

/s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
*Counsel for Defendants-Appellants*

## CERTIFICATE OF SERVICE

I certify that on September 11, 2024, this document was electronically filed with the clerk of the court for the U.S. Court of Appeals for the Fifth Circuit and served through CM/ECF upon:

MATTHEW BORDEN
J. NOAH HAGEY
MARISSA BENAVIDES
KORY JAMES DECLARK
BraunHagey & Borden LLP
351 California Street, 10th Floor
San Francisco, CA 94104
(415) 599-0210
borden@braunhagey.com
hagey@braunhagey.com
benavides@braunhagey.com
declark@braunhagey.com

RYAN A. BOTKIN
KATHERINE P. CHIARELLO
MARÍA AMELIA CALAF
Botkin Chiarello Calaf
1209 Nueces Street
Austin, Texas 78701
(512) 960-4730 (phone)
(512) 960-4869 (fax)
katherine@bccaustin.com
ryan@bccaustin.com
mac@bccaustin.com

*Counsel for Plaintiffs-Appellees*

/s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
*Counsel for Defendants-Appellants*

# Exhibit A

**(Chart Showing Past Requests for Supplemental Replies at the En Banc Stage)**

**Supplemental Reply Briefs Before En Banc Fifth Circuit**

| Case Name | Did Court Initially Provide for a Supplemental Reply? | Was There a Motion for Leave to File a Supplemental Reply? | Was the Motion Granted? |
|---|---|---|---|
| Petteway v. Galveston County (2024) (23-40582) | No | Not made | N/A |
| Alliance for Fair Board Recruitment v. FEC (2024) (21-60626) | No | Yes | Yes |
| USA v. Abbott (2024) (23-50632) | No | Not made | N/A |
| Wilson v. Midland County (2024) (22-50998) | No | Not made | N/A |
| Chisom v. Louisiana (2024) (22-30320) | No | Not made | N/A |
| Hopkins v. Watson (2024) (19-60662) | No | Not made | N/A |
| B.W. v. Austin Independent School District (2024) (22-50158) | No | Not made | N/A |
| USA v. Victor Campos-Ayala (2024) (21-50642) | No | Yes | Yes |
| Jackson Municipal Airport v. Harkins (2024) (21-60312) | No | Not made | N/A |
| Tesla v. NLRB (2024) (21-60285) | Yes | N/A | N/A |
| Consumers' Research v. FCC (2023) (22-60008) | No | Not made | N/A |
| Crawford v. Cain (2023) (20-61019) | No | Yes | Yes |
| Env. Tx. Citizen Lobby v. ExxonMobil (2023) (17-20545) | No | Yes | Yes |
| Wages and White Lion Invest v. FDA (2023) (21-60766) | Not in initial order | Not found in docket. The reply is first mentioned in 3/24/2023 filing of Respondent's supplemental briefing. The | Yes |

| | | court may have granted leave for reply sua sponte based on new arguments presented in respondent's briefing. | |
|---|---|---|---|
| Hamilton v. Dallas County (2023) (21-10133) | No | No | N/A |
| USA v. Vargas (2023) (21-20140) | No | No | N/A |
| Villarreal v. City of Laredo (2023) (20-40359) | No | Yes | Yes |
| Cargill v. Garland (2022) (20-51016) | No | Yes | Yes |
| Feds for Medical Freedom v. Biden (2022) (22-40043) | No | No | N/A |
| United States v. Morton (2021) (19-10842) | No | Yes (motion included a motion for extended time) | No |
| Douglass v. Nippon Yusen Kabushiki (2021) (20-30382) | No | Not Requested | N/A |
| Daves v. Dallas County (2021) (18-11368) | No | Not requested | N/A |
| Hewitt v. Helix Energy Solutions Group, Inc. (2021) (19-20023) | No | Not Requested | N/A |
| United States v. Dubin (2021) (19-50912) | No | Yes | Yes |
| Whole Woman's Health v. Ken Paxton (2021) (17-51060) | No | Not Requested | N/A |
| Sanchez v. Smart Fabricators of Texas (2021) (19-20506) | No | Not Requested | N/A |
| Cochran v. SEC (2021) (19-10396) | No | Yes | Yes |

# Exhibit B

(Motion for Leave to File Supplemental Reply in *United States v. Morton*, No. 19-10842 (2021))

In the United States Court of Appeals
For the Fifth Circuit

| | | |
|---|---|---|
| United States of America, | § | |
| Plaintiff-Appellee, | § | |
| | § | |
| v. | § | Case No. 19-10842 |
| | § | |
| Brian Matthew Morton, | § | |
| Defendant-Appellant | § | |
| | § | |

**Appellant's Opposed Motion for Leave to File Reply Brief**

Appellant Brian Matthew Morton respectfully moves for leave to file a reply brief of **not more than 12 pages** by this Friday, **August 27, 2021**.

In support of this Motion, counsel would show the Court as follows:

1. If granted leave to file a reply, Mr. Morton will not rehash the opening brief but will only address arguments presented in the government's supplemental brief.

2. Mr. Morton will file a shorter brief than a typical reply, with an argument section of not more than 12 pages or 3,500 words, whichever is smaller.

3. Mr. Morton will file the short reply this week, on Friday, August 27, 2021, which gives ample time before the oral argument setting of September 21, 2021.

4. Mr. Morton proposes a short reply, filed soon, in order to accommodate and ameliorate the government's timeframe concerns. If granted, Mr. Morton believes that the government will not be prejudiced.

Respectfully submitted,

/s/ Brandon Beck
Assistant Federal Public Defender
1205 Texas Ave. #507
Lubbock, TX 79401
brandon_beck@fd.org
806.472.7236

## Certificate of Service

I filed this motion via ECF on August 23, 2021. Opposing counsel, a registered filer, is deemed served.

/s/ Brandon Beck

## Certificate of Conference

I conferred via E-Mail with AUSA Amber Grand. The Government opposes this Motion for two reasons: (1) this Court's briefing order does not permit a reply; (2) the timeframe before argument is too short.

/s/ Brandon Beck

## Certificate of Compliance

1.    This document complies with the type-volume limit of <u>Fed. R. App. P. 27(d)(2)(A)</u> because this document contains 344 words.

2.    This document complies with the typeface requirements of <u>Fed. R. App. P. 32(a)(5)</u> and the type-style requirements of <u>Fed. R. App. P. 32(a)(6)</u> because this document has been prepared in proportionally spaced typeface using Microsoft Word 2016 in 14-point Goudy Old Style font.

<u>/s/ Brandon Beck</u>

# Exhibit C

**(Court Order Denying Motion for Leave to File Supplemental Reply in *United States v. Morton*, No. 19-10842 (2021)))**

# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

August 24, 2021

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

     No. 19-10842   USA v. Morton
                 USDC No. 4:19-CR-17-1


Enclosed is an order entered in this case.


                 Sincerely,

                 LYLE W. CAYCE, Clerk

                 By: _____
                 Mary Frances Yeager, Deputy Clerk
                 504-310-7686

Mr. Charles Baruch
Mr. Brandon Elliott Beck
Mrs. Amber Michelle Grand
Ms. Jennifer Lynch
Ms. Leigha Amy Simonton

# United States Court of Appeals
# for the Fifth Circuit

---

No. 19-10842

---

UNITED STATES OF AMERICA,

*Plaintiff—Appellee,*

*versus*

BRIAN MATTHEW MORTON,

*Defendant—Appellant.*

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-17-1

---

ORDER:

IT IS ORDERED that Appellant's opposed motion for leave to file supplemental reply brief and for an extension until August 27, 2021 to file supplemental reply brief is DENIED.

LYLE W. CAYCE, CLERK
United States Court of Appeals
for the Fifth Circuit
/s/ Lyle W. Cayce

ENTERED AT THE DIRECTION OF THE COURT