No. 23-50224

# In the United States Court of Appeals for the Fifth Circuit

———————

Leila Green Little; Jeanne Puryear; Kathy Kennedy; Rebecca
Jones; Richard Day; Cynthia Waring; Diane Moster,

*Plaintiffs-Appellees*,

v.

Llano County; Ron Cunningham, in his official capacity as
Llano County Judge; Jerry Don Moss, in his official capacity as
Llano County Commissioner; Peter Jones, in his official
capacity as Llano County Commissioner; Mike Sandoval, in his
official capacity as Llano County Commissioner; Linda
Raschke, in her official capacity as Llano County
Commissioner; Amber Milum, in her official capacity as Llano
County Library System Director; Bonnie Wallace, in her
official capacity as Llano County Library Board Member;
Rochelle Wells, in her official capacity as Llano County
Library Board Member; Rhoda Schneider, in her official
capacty as Llano County Library Board Member; Gay Baskin, in
her official capacity as Llano County Library Board Member,

*Defendants-Appellants*.

———————

On Appeal from the United States District Court
for the Western District of Texas
Case No. 1:22-cv-424-RP

———————

## Reply Brief In Support Of Motion To Dismiss Claims
## Against Library Advisory Board Members As Moot

———————

Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

*Counsel for Defendants-Appellants*

## I. The Plaintiffs' Claims Against The Former Llano County Library Advisory Board Members Are Moot And The Voluntary-Cessation Doctrine Is Inapplicable

An Article III case or controversy must exist at all stages of review. *See Steffel v. Thompson*, 415 U.S. 452, 459, n.10 (1974) ("The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."). But the plaintiffs have no ongoing case or controversy with Bonnie Wallace, Rochelle Wells, Rhonda Schneider, or Gay Baskin now that their terms on the Llano County Library Advisory Board have expired. The plaintiffs sued these defendants only for prospective relief, and they sued them only in their official capacities. So the plaintiffs must identify an *ongoing or future* injury—not a past injury[1]—that is "fairly traceable" to these former library advisory board members, and that is likely to be redressed by relief awarded against individuals who no longer serve on the Llano County Library Advisory Board.

The plaintiffs do not even attempt to explain how they can have an ongoing case or controversy with the former members of the Llano County Library Advisory Board. And the plaintiffs do not identify an ongoing or future injury that is traceable to these defendants now that their terms have expired and they cannot wield any authority over the libraries' curation decisions. Instead, the plaintiffs try to invoke an exception to the mootness doctrine by

---

1.  *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102–03 (1983) (past injuries do not confer standing to seek prospective relief).

claiming that the expiration of the defendants' terms qualifies as an act of "voluntary cessation,"[2] which would compel the former board members to show that it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Ass'n of American Physicians & Surgeons Educational Foundation v. American Board of Internal Medicine*, 103 F.4th 383, 395 (5th Cir. 2024); *see also id.* ("Normally, voluntary conduct doesn't moot a case unless a defendant demonstrates that it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." (citation and internal quotation marks omitted)). The plaintiffs' voluntary-cessation argument is wrong for many reasons.

First, the voluntary-cessation doctrine is inapplicable because the expiration of the former board members' terms is not attributable to "voluntary conduct" of Bonnie Wallace, Rochelle Wells, Rhonda Schneider, or Gay Baskin. The length of the board members' terms was fixed by the Llano County Commissioners Court, and the Commissioners Court established these staggered terms on January 10, 2022—months before the plaintiffs filed their lawsuit on April 25, 2022. *See* Cunningham Decl. ¶ 5 & Ex. A, ECF No. 320-2. None of the former board members had authority to extend the length of their terms, and they had no control over the departure dates

---

2. *See Freedom From Religion Foundation, Inc. v. Abbott*, 58 F.4th 824, 833 (5th Cir. 2023) ("[I]t is an exception to mootness that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." (citation and internal quotation marks omitted)).

that the Commissioners Court had imposed on them. The expiration of these terms was *compelled* by the Commissioners Court's decisions of January 10, 2022; it is not in any way attributable to "voluntary" acts taken by the former board members.

The expiration of these terms is also not attributable to *any* act taken in response to the plaintiffs' lawsuit, as the length of these terms was fixed before the plaintiffs sued. *See Federal Bureau of Investigation v. Fikre*, 601 U.S. 234, 241 (2024) (voluntary-cessation doctrine applies when a defendant "suspend[s] its challenged conduct *after* it is sued." (emphasis added)). The plaintiffs falsely claim that the defendants "temporarily eliminated the[] Library Board positions for as long as this case is pending." Pls.' Br., ECF No. 324-1, at 2. But the positions on the Llano County Library Advisory Board continue to exist; the county has simply declined to fill those positions with new appointees. *See* Cunningham Decl., ECF No. 320-2, ¶ 10 ("Llano County will not be appointing anyone to the Llano County Library Advisory Board while this litigation remains pending"). The plaintiffs' claim that the defendants "temporarily eliminated the[] Library Board positions"[3] in response to this lawsuit is a misrepresentation of the evidence.

Second, the purpose of the voluntary-cessation doctrine is to prevent a defendant from perpetually shielding itself from judicial remedies by obtaining a mootness dismissal after temporarily halting the conduct for which it

---

3. Pls.' Br., ECF No. 324-1, at 2.

has been sued, only to resume the allegedly unlawful conduct after the courts issue a mootness dismissal. *See Federal Bureau of Investigation v. Fikre*, 601 U.S. 234, 240 (2024) ("Were the rule more forgiving, a defendant might suspend its challenged conduct after being sued, win dismissal, and later pick up where it left off; it might even repeat 'this cycle' as necessary until it achieves all of its allegedly 'unlawful ends.' A live case or controversy cannot be so easily disguised, and a federal court's constitutional authority cannot be so readily manipulated." (citation omitted)); *Friends of the Earth, Inc. v. Laidlaw Environmental Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) ("[A] defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice. If it did, the courts would be compelled to leave the defendant free to return to his old ways."). There is no risk of that happening here because Llano County will remain a party to this litigation even if the former board members are dismissed, and any new appointees to the Llano County Library Advisory Board will be bound by whatever judgment is entered against the county. *See Richards v. Jefferson County*, 517 U.S. 793, 798 (1996) (final judgments are binding on parties and their privities); *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004) (same); *cf.* Fed. R. Civ. P. 65(d)(2)(B)–(C) (preliminary injunction binds "the parties' officers, agents, servants, employees, and attorneys," as well as "other persons who are in active concert or participation with" them). The Llano County Library Advisory Board is a component of Llano County, and its newly appointed members will remain subject to any

declaratory judgment or injunction that is entered against the county itself. Indeed, the plaintiffs' claims against the former members of the Llano County Library Advisory Board, who were sued only in their official capacities, were entirely redundant of the claims against Llano County, so dismissing the official-capacity claims against former board members will not in any way affect the scope of relief that the plaintiffs ultimately obtain in this litigation. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." (citation and internal quotation marks omitted)); *Turner v. Houma Municipal Fire & Police Civil Service Board*, 229 F.3d 478, 485 (5th Cir. 2000) ("[O]fficial-capacity claims and . . . claims against the governmental entity essentially merge.").

Third, even if the voluntary-cessation doctrine applied (and it doesn't), Llano County and its officials are government actors, and this Court has repeatedly held that government actors are entitled to a presumption of good faith when an opposing litigant accuses them of "voluntary cessation." *See Ass'n of American Physicians & Surgeons Educational Foundation v. American Board of Internal Medicine*, 103 F.4th 383, 395 (5th Cir. 2024) ("When governmental officials voluntarily cease potentially wrongful conduct, we 'presume that [they], as public representatives, act in good faith.'" (quoting *Freedom From Religion Foundation, Inc. v. Abbott*, 58 F.4th 824, 833 (5th Cir. 2023)); *see also Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 325 (5th Cir. 2009). The plaintiffs' brief insinuates that the Llano County Commis-

sioners Court has secret plans to reappoint Wallace, Wells, Schneider, and Baskin to the Llano County Library Advisory Board after the litigation concludes, and that Wallace, Wells, Schneider, and Baskin are scheming to reclaim their positions after they are dismissed from this lawsuit. *See* Pls.' Br., ECF No. 324-1, at 3–4. A court cannot indulge this assumption consistent with the presumption of good faith required by this Court's cases. What's more, Wallace, Wells, Schneider, and Baskin will be bound by any judgment or injunction entered against Llano County if they are ever reappointed to the Llano County Library Advisory Board,[4] so neither the county nor the former board members would have anything to gain from an underhanded plot to moot these claims through voluntary cessation.

Finally, an "official capacity" claim cannot proceed against a defendant who is no longer an "official." The plaintiffs are suing only for prospective relief, and they have sued the former board members only in their official capacities. ROA.39; ROA.44–45 (¶ 24); ROA.68. A court cannot award prospective relief in an "official capacity" lawsuit against a person who no longer holds an office. That is why a public officer's successor is automatically substituted as a party whenever the officer who was originally sued "dies, resigns, or otherwise ceases to hold office while the action is pending." Fed. R. Civ. P. 25(d). An "official capacity" lawsuit against a private citizen is an oxymoron. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-

---

4. *See supra* at 3–5.

capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity."). So the expiration of the former board members' terms "makes it impossible for the court to grant any effectual relief whatever"[5] with respect to the official-capacity claims brought against Wallace, Wells, Schneider, and Baskin.

## II.  The Court Should Not Remand The Mootness Issue To The District Court Because There Are No Genuine Disputes As To Any Material Fact

The plaintiffs do not deny that the terms of each of the former board members have expired. They do not deny that the former board members are no longer "officials" who can be sued in an "official capacity." They do not deny that the length of the board members' terms was fixed by the Commissioners Court in January of 2022 before the plaintiffs sued. And they do not identify an ongoing or future injury that could be "fairly traceable" to individuals who no longer hold office in Llano County and can no longer influence the books that will be held at Llano Library. There is simply no dispute over any fact that could preserve an ongoing case or controversy between the plaintiffs and the former members of the Llano County Library Advisory Board.

The plaintiffs try to manufacture a factual dispute by claiming that Rochelle Wells has only temporarily relocated to Italy. *See* Pls.' Br., ECF No.

---

5.  *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992).

324-1, at 1; *id.* at 4–5; Little Decl., ECF No. 324-2. But none of that matters because Ms. Wells's term on the Llano County Library Advisory Board expired on December 31, 2024, which independently moots the plaintiffs' claims against her even if Ms. Wells had never resigned her office or moved to another country. Ms. Wells's resignation from the board and her move to Italy provide an *additional* reason why the plaintiffs no longer have an ongoing case or controversy with her. But it is far from the only reason why the claims against Ms. Wells are moot, and the plaintiffs do not identify any other factual issues that they wish to litigate on remand. It is beyond pointless to remand for factual determinations that will not affect the ultimate answer to the mootness argument.

## Conclusion

The Court should dismiss as moot the claims brought against Bonnie Wallace, Rochelle Wells, Rhonda Schneider, and Gay Baskin.

Respectfully submitted.

/s/ Jonathan F. Mitchell
Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

Dated: January 19, 2025          *Counsel for Defendants-Appellants*

## Certificate Of Service

    I certify that on January 19, 2025, this document was electronically filed with the clerk of the court for the U.S. Court of Appeals for the Fifth Circuit and served through CM/ECF upon:

Matthew Borden
J. Noah Hagey
Marissa Benavides
Kory James DeClark
BraunHagey & Borden LLP
351 California Street, 10th Floor
San Francisco, CA 94104
(415) 599-0210
borden@braunhagey.com
hagey@braunhagey.com
benavides@braunhagey.com
declark@braunhagey.com

Ryan A. Botkin
Katherine P. Chiarello
María Amelia Calaf
Botkin Chiarello Calaf
1209 Nueces Street
Austin, Texas 78701
(512) 960-4730 (phone)
(512) 960-4869 (fax)
katherine@bccaustin.com
ryan@bccaustin.com
mac@bccaustin.com

*Counsel for Plaintiffs-Appellees*

    /s/ Jonathan F. Mitchell
Jonathan F. Mitchell
*Counsel for Defendants-Appellants*

## CERTIFICATE OF COMPLIANCE

with type-volume limitation, typeface requirements,
and type-style requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 1,995 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E), 32(a)(5), and Fed. R. App. P. 32(a)(6) because it uses Equity Text B 14-point type face throughout, and Equity Text B is a proportionally spaced typeface that includes serifs.

_/s/ Jonathan F. Mitchell_
JONATHAN F. MITCHELL
*Counsel for Defendants-Appellants*

Dated: January 19, 2025

## Certificate of Electronic Compliance

Counsel also certifies that on January 19, 2025, this document was transmitted to Mr. Lyle W. Cayce, Clerk of the United States Court of Appeals for the Fifth Circuit, through http://www.pacer.gov.

Counsel further certifies that: (1) required privacy redactions have been made, 5th Cir. R. 25.2.13; (2) the electronic submission is an exact copy of the paper document, 5th Cir. R. 25.2.1; and (3) the document has been scanned with the most recent version of VirusTotal and is free of viruses.

 /s/ Jonathan F. Mitchell 
Jonathan F. Mitchell
*Counsel for Defendants-Appellants*